# MARC
### ATTORNEYS AT LAW
**A PROFESSIONAL CORPORATION**

MCCUSKER • ANSELMI
ROSEN • CARVELLI

210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
Tel: 973.635.6300 • Fax: 973.635.6363
www.marc-law.com

ANDREW E. ANSELMI
*Director*
Direct: 973.457.0116
Fax: 973.457.0275
aanselmi@marc-law.com

February 13, 2013

**VIA ECF**
Douglas C. Palmer
Clerk of the Court
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Phoenix Beverages, Inc. v. Exxon Mobil Corporation*, 1:12-cv-03771-(RRM) (JO) ("the Phoenix Action")
*DMJ Associates LLC. v. Capasso*, 97-cv-7285 (DLI) (RML) (the "DMJ Action")

Dear Mr. Palmer:

Pursuant to Magistrate Orenstein's i.) Civil Conference Minute Order filed on December 6, 2012, ii.) Order filed on December 17, 2012, setting the Defendants' service of moving papers on Plaintiffs for January 30, 2013, and iii) Order dated January 24, 2013, extending the service date until February 8, 2013, Defendants write to request that the Phoenix Action be deemed related to the DMJ Action pursuant to Local Civil Rule 50.3.1 (the "Rule"). As set forth in more detail below, the Phoenix Action and the DMJ Action share a similarity of facts, parties and legal issues and arise out of the same transactions or events, such that judicial resources will be saved if the matters are brought before the same judge or magistrate judge. Indeed, the complaint in the Phoenix Action is premised on the alleged discharge and migration of contamination that is also the subject of the DMJ Action, and both actions would involve many of the same parties, documents, witnesses, expert witnesses, and even attorneys. Deeming the two litigations related will also reduce the possibility of inconsistent rulings.

**Background**

The above matters relate to alleged petroleum hydrocarbon contamination at, on, under and/or emanating from two adjacent properties located at 37-80 Review Avenue, (the "Quanta Site") and 37-88 Review Avenue (the "Phoenix Site"), Long Island City, New York. A special purpose entity created and controlled by the principals of DMJ Associates LLC ("DMJ") now owns the Quanta Site.

Douglas C. Palmer
February 13, 2013
Page 2

Plaintiffs in the Phoenix Action own or are affiliated with the Phoenix Site. The law firm of Hunsucker Goodstein PC ("Hunsucker") served as counsel for the plaintiffs in the DMJ Action and is counsel to Plaintiffs in the Phoenix Action.

On December 10, 1997, DMJ commenced the DMJ Action under the Resource Conservations and Recovery Act 42 U.S.C. §6972(a) ("RCRA") and the Comprehensive Environmental Response, Compensation and Liability Act 42 U.S.C. 9607(A) ("CERCLA"), as well as various state law claims, to require the defendants to investigate and remediate contamination allegedly sourced from the Quanta Site ("Quanta Contamination") that was then owned by one of the defendants in the Phoenix Action, Quanta Resources Corp. ("Quanta"). Magistrate Judge Levy was primarily involved in handling the DMJ Action.

On May 11, 2001, Hunsucker filed its notice of appearance on behalf of DMJ in the DMJ Action, eventually serving as lead counsel in that matter. Hunsucker has been representing DMJ in connection with matters arising from the settlement of DMJ Action since then.

DMJ's claims were settled in 2005. However, the same parties that are defendants in the Phoenix Action, Quanta and Exxon Mobil Corporation ("Exxon"), then commenced and are still pursuing third-party litigation in the DMJ Action that is also primarily handled by Magistrate Judge Levy. In addition, over the years, Magistrate Judge Levy has been involved in post-settlement disputes arising out of the settlement of the DMJ Action. Thus, he has been involved in these matters since 1997, a span of more than 14 years.

On July 31, 2012, Hunsucker filed the Phoenix Action on behalf of their clients. The Phoenix Action asserts claims under, *inter alia*, CERCLA and RCRA, arising out of the same Quanta Contamination that was the subject of the DMJ Action. Third-party practice has not commenced in the Phoenix Action, but to the extent it does, it will involve many of the same parties and attorneys that were or are participating in the DMJ Action.

**The Phoenix Action is Related to the DMJ Action.**

The Rule provides that "a civil case is 'related' to another civil case. . . when because of similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial savings of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." The Phoenix Action and the DMJ Action should be deemed related because of their similarity of facts, parties and legal issues and because the cases arise from the same alleged events, such that there will very likely be a substantial savings of judicial resources by assigning both cases to the same judge and magistrate judge. The legal and factual issues of the DMJ Action and the Phoenix Action are intimately intertwined, as both cases involve Quanta Contamination.

Douglas C. Palmer
February 13, 2013
Page 3

### i. The Core Facts and Legal Issues of Each Action Are Similar.

Regardless of caption, certain underlying facts related to liability in each action are similar, as both center upon the alleged disposal of contaminants at the Quanta Site, the alleged migration of Quanta Contamination from the Quanta Site and the investigation and remediation of such contamination. Given the similarity of facts and the likely overlap of parties, documents and witnesses, similar legal and evidentiary issues will arise in each action, including similar documentary evidence, the need for testimony from many of the same witnesses and even the identity of law firms involved in both cases. Moreover, on a practical level, to the extent depositions of witnesses are taken, the matters should be presided over by one judge because many witnesses are of advanced age and will have limited availability and ability to appear in each action.

### ii. There Will Likely be Identical Issues Related to Expert Testimony.

Moreover, although expert discovery has not commenced in either action, many parties will rely heavily on the use of experts in the area of chemistry, hydrogeology, age dating and remediation. Said experts will be opining, at least in part, on Quanta Contamination in each action, such that there will very likely be an overlap not only of the experts proffered, but of the scope of the testimony advanced. Judicial resources will be saved by having one judge and magistrate judge preside over issues such as expert qualification and admissibility of testimony. Further, having a single judge responsible for both matters would eliminate the possibility of inconsistent factual findings and rulings.

Given that both the Phoenix Action and the DMJ Action involve the nature, extent and migration of Quanta Contamination, such that the same documents, witnesses, experts and counsel will be involved in both actions, deeming the actions related will preserve judicial economy and help to ensure consistent rulings on the matter.

Respectfully submitted,

Andrew E. Anselmi

AEA/mws
Attachment

cc: All Counsel of Record (Via ECF)