**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHOENIX BEVERAGES, INC., RODB LLC, WINDMILL DISTRIBUTING COMPANY, L.P., UP FROM THE ASHES, INC., and other affiliated companies of PHOENIX BEVERAGES, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> EXXON MOBIL CORPORATION, EXXONMOBIL RESEARCH AND ENGINEERING COMPANY and QUANTA RESOURCES CORPORATION, <br><br> Defendants. | Case No. 1:12-CV-03771 (PKC) (JO) |
| QUANTA RESOURCES CORPORATION, <br><br> Third-Party Plaintiff, <br><br> -against- <br><br> ACE WASTE OIL, INC.; ACTIVE OIL SERVICE; ANDAX ENVIRONMENTAL CORP.; AVCO CORPORATION (a/k/a AVCO LYCOMING); CONOCOPHILLIPS COMPANY; CROSMAN CORP. (f/k/a COLEMAN AIRGUNS, INC.) (f/k/a CROSMAN ARMS COMPANY, INC.); CROWN CORK & SEAL COMPANY, INC.; EMHART TEKNOLOGIES LLC; INDUSTRIAL DEVELOPMENT CORP. (a/k/a INDUSTRIAL ENVIRONMENTAL); THE HERTZ CORPORATION; KRAFT FOODS GLOBAL, INC. (f/k/a WARE CHEMICAL ); THE MARLIN FIREARMS COMPANY; NEAPCO, INC. (a/k/a UNITED COMPONENTS, INC.); NEW YORK CITY TRANSIT AUTHORITY; NL INDUSTRIES, INC.; NOVELIS CORPORATION (f/k/a ALCAN ALUMINUM CORPORATION) (a/k/a ALCAN SHEET & PLATE); PEABODY COASTAL (a/k/a PEABODY INTERNATIONAL CORP.) (a/k/a PULLMAN, INC.); PROCTER & GAMBLE HAIRCARE LLC; REVERE COPPER PRODUCTS, INC. (a/k/a REVERE COPPER & | |

BRASS INCORPORATED); REXAM BEVERAGE CAN
COMPANY (a/k/a NATIONAL CAN COMPANY) (a/k/a
AMERICAN NATIONAL CAN COMPANY); RIVER
TERMINAL DEVELOPMENT (SCRAP YARD
DIVISION) (a/k/a RTC PROPERTIES) (f/k/a UNION
MINERAL & ALLOYS CORP.); SIMMONDS
PRECISION PRODUCTS, INC.; SUNOCO, INC. (a/k/a
SUN OIL REFINERY) (f/k/a SUN OIL CO.); TDY
INDUSTRIES, INC.; UNITED SITE SERVICES (f/k/a
AMERICAN CLASSIC SANITATION) (f/k/a
FARNHAM ENVIRONMENTAL & FARNHAM
SANITATION SYSTEMS OF CT); UNITED STATES
DEPARTMENT OF THE AIR FORCE; UNITED
STATES DEPARTMENT OF THE ARMY; UNITED
STATES DEPARTMENT OF THE COAST GUARD;
UNITED STATES DEPARTMENT OF DEFENSE;
UNITED STATES DEPARTMENT OF THE NAVY;
UNITED STATES OF AMERICA; WALLACE
INDUSTRIES INC. (a/k/a WALLACE STEEL CORP.);
WASTE MANAGEMENT OF MARYLAND, INC.;
WYMAN-GORDON COMPANY,

Third-Party Defendants.

## THIRD-PARTY COMPLAINT OF DEFENDANT
## THIRD-PARTY PLAINTIFF QUANTA RESOURCES CORPORATION

Defendant/Third-Party Plaintiff Quanta Resources Corporation ("Quanta"), by and
through its undersigned counsel, brings this Third-Party Complaint, pursuant to Federal Rule of
Civil Procedure 14, and in support thereof avers as follows:

### INTRODUCTION

1.       In their complaint herein, plaintiffs Phoenix Beverages, Inc., RODB LLC,
Windmill Distributing Company, L.P., Up from the Ashes, Inc., and other affiliated companies
of Phoenix Beverages, Inc. (collectively, "Plaintiffs") seek to recover, *inter alia*, response costs
that they allegedly incurred pursuant to the provisions of the Comprehensive Environmental
Response, Compensation and Liability Act of 1980, as amended, 42 U.S.C. §§ 9601 et seq.
("CERCLA"). Plaintiffs seek reimbursement of response costs that it has allegedly incurred in

response to the alleged presence of hazardous substances on the property located at 37-88
Review Avenue, Long Island City, New York (the "Phoenix Property"), that were allegedly
released from property located at 37-80 Review Avenue, Queens, New York (the "Quanta
Property"). Plaintiffs allege that Quanta was liable for such releases as an owner and operator of
the Quanta Property and that the allegedly-released substances were hazardous substances within
the meaning of 40 C.F.R. § 302.4. Plaintiffs also seek a declaratory judgment on liability for
response costs that would obligate Quanta to pay for any past and future response costs
associated with the Phoenix Property. Plaintiffs also seek to recover damages from Quanta under
certain other theories which, together with Plaintiffs' CERCLA allegations, are detailed in
Plaintiffs' Complaint. A copy of Plaintiffs' Complaint is annexed hereto as Exhibit A (the
"Complaint"), and the allegations thereof are incorporated by reference without admitting the
truth of such allegations.

2.      In response to the Complaint, Quanta has denied that hazardous wastes,
solid wastes and hazardous substances migrated through the environment onto the Phoenix
Property from the Quanta Property during the time period that Quanta owned the Quanta
Property. Quanta includes by reference each of the allegations, defenses, and claims set forth in
its Answer, which is annexed hereto as Exhibit B.

3.      Notwithstanding Quanta's allegations, defenses, and claims, to the extent
it is adjudged liable to Plaintiffs in the first-party action, Quanta hereby seeks contribution from
Third-Party Defendants for costs it has and/or will incur as a result of Plaintiffs' action in excess
of its several share, including any judgment against Quanta arising from the Complaint, and
ordering and directing that each such Third-Party Defendant contribute to any judgment against
or damages suffered by Quanta.

4.     Quanta has already expended significant response costs in connection with the Phoenix Property, and upon information and belief, will expend additional response costs in the future.

## THE THIRD-PARTY DEFENDANTS

5.     None of the entities or their predecessors named herein as Third-Party Defendants are named as a defendant in the Complaint.

6.     Each Third-Party Defendant generated or transported hazardous wastes or other hazardous materials that were delivered for disposal or treatment to the Quanta Property.

7.     This Third-Party Complaint asserts claims against those entities whose waste, upon information and belief, was delivered to the Quanta Property during the time period of 1970-1981. These claims are for any costs, damages and equitable relief that Plaintiffs recover in this action and for the response costs incurred and to be incurred by the Plaintiffs as well as for contribution from Third-Party Defendants for any damages that Quanta incurs in excess of its several share.

8.     In the event Plaintiffs recover from Quanta, Quanta will pay more than its fair share of the claims that Plaintiffs made or could have made against Quanta in this action. Thus, each of the entities named as a Third-Party Defendant is liable to Quanta for such costs, or alternatively for contribution of such Third-Party Defendant's equitable share of said costs.

9.     Upon information and belief, the above-named Third-Party Defendants generated or transported hazardous waste that was delivered to the Quanta Property, from which, Plaintiffs allege, these materials were released and/or disposed of and migrated to the Phoenix Property.

10.     Pursuant to Federal Rules of Civil Procedure 14 and 18, Quanta hereby asserts claims against the Third-Party Defendants under Sections 107 and 113 of CERCLA, 42

4

U.S.C. §§ 9601 *et seq.*, and under C.P.L.R. § 1401, for (i) response costs, (ii) contribution in connection with the claims that were asserted by Plaintiffs against Quanta, and (iii) a declaratory judgment of liability for response costs and/or contribution that will be binding on any subsequent action or actions to recover further response costs and/or contribution. To the extent inconsistent with any of the averments in their Answers, Affirmative Defenses and/or Counterclaims, the allegations made below by Quanta are made in the alternative to and without waiver of any such averments.

## JURISDICTION AND VENUE

11.     This Court properly had jurisdiction to adjudicate the Complaint. Jurisdiction for this Third-Party Complaint is founded upon Sections 107(a) and 113(b) of CERCLA; 42 U.S.C. §§ 9607(a) and 9613(b); 28 U.S.C. § 1331, as well as the principles of ancillary jurisdiction over those claims arising under the laws of the State of New York.

12.     Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b), because the alleged releases and threatened releases that are the subject of the underlying action occurred in this district.

## COUNT I

### Cost Recovery Pursuant to Section 107(a) of CERCLA

13.     The above allegations of this Third-Party Complaint are hereby incorporated by reference as if fully set forth herein.

14.     Pursuant to CERCLA Section 107(a)(3), 42 U.S.C. § 9607(a)(3), any person who, by contract, agreement or otherwise arranges for disposal or treatment, or arranges with a transporter for transport for disposal or treatment of hazardous substances owned or possessed by such person, by any other party or entity, at any facility owned and operated by another party or entity and containing such hazardous substances, is liable for response costs

incurred or to be incurred in connection with the alleged releases or threatened releases of hazardous substances at the facility.

15.     The Quanta Property and the Phoenix Property are both "facilities" within the meaning of CERCLA Section 101(9), 42 U.S.C. § 9601(9).

16.     Each of the Third-Party Defendants is a "person" within the meaning of CERCLA Section 101(21), 42 U.S.C. § 9601(21).

17.     The Third-Party Defendants, by contract, agreement, or otherwise, arranged for disposal or treatment, or arranged with a transporter for disposal or treatment of hazardous substances they owned or possessed, at the Quanta Property within the meaning of CERCLA Section 101(14), 42 U.S.C. § 9601(14).

18.     If Plaintiffs succeed on their claims in the first-party action, they will have established that there has been a "release" or "threatened release" of hazardous substances from the Quanta Property as defined by CERCLA Sections 101(22) and 107(a), 42 U.S.C. §§ 9601(22), 9607(a).

19.     The Third-Party Defendants are thus within one or more of the classes of liable "covered persons" provided by CERCLA Section 107(a), 42 U.S.C. § 9607(a).

20.     This alleged release or threatened release of hazardous substances at the Quanta Property onto the Phoenix Property has and will continue to cause Quanta to incur response costs, as defined by CERCLA Section 101(25), 42 U.S.C. § 9601(25), that are "necessary costs of response" for which the Third-Party Defendants are liable to Quanta pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a).

21.     Response actions at the Phoenix Property are ongoing and Quanta will incur additional expenses in completing the response actions.

6

22.     These response actions undertaken by Quanta are necessary costs of response consistent with the National Contingency Plan, 40 C.F.R. § 300, CERCLA Section 101(31), 42 U.S.C. § 9601(31).

23.     Third-Party Defendants are therefore jointly and severally liable for all past and future response costs incurred and to be incurred by Quanta in connection with the Phoenix Property.

24.     Notice of this action is being given or has been given to the Administrator of the Environmental Protection Agency and to the Attorney General of the United States, as required by and in compliance with CERCLA Section 113(1), 42 U.S.C. § 9613(1).

## COUNT II

### Contribution Claim For Relief Under Section 113 of CERCLA

25.     The above allegations of this Third-Party Complaint are hereby incorporated by reference as if fully set forth herein.

26.     In the Complaint, Plaintiffs seek judgment for response costs that they incurred or that they will incur in connection with the Phoenix Property.

27.     To the extent that Quanta is adjudged liable to Plaintiffs in the first-party action, the amounts paid by Quanta to Plaintiffs will represent recovery for more than its fair share of the claims that Plaintiffs made or could have made in this action and the Third-Party Defendants are liable to Quanta for contribution under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

## COUNT III

### Claim For Declaratory Judgment Under Section 113(g)(2) of CERCLA

28.     The above allegations of this Third-Party Complaint are hereby incorporated by reference as if fully set forth herein.

7

29.     There is a present and actual controversy between Quanta and Third-Party Defendants concerning their respective rights and obligations with respect to the costs of response and contribution claims associated with the Phoenix Property.

30.     Quanta is entitled to judgment, under CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), and 28 U.S.C. §§ 2201 and 2202, against Third-Party Defendants, declaring that the Third-Party Defendants shall be liable to Quanta for response costs and for contribution claims arising from the action with Plaintiffs that will be binding in any subsequent action to recover further response costs.

## COUNT IV

### Contribution Claim For Relief Pursuant to C.P.L.R. Section 1401

31.     The above allegations of this Third-Party Complaint are hereby incorporated by reference as if fully set forth herein.

32.     By virtue of each Third-Party Defendants' status and/or conduct as alleged hereinabove, each Third-Party Defendant is a tortfeasor.

33.     To the extent that Quanta is liable to Plaintiffs, any payments and/or response actions taken represent more than its share of the claim that Plaintiffs made or could have made in this action.

34.     By virtue of the above, Quanta is entitled to contribution from the Third-Party Defendants pursuant to C.P.L.R. § 1401.

**WHEREFORE**, Third-Party Plaintiff Quanta demands judgment against the Third-Party Defendants as follows:

a)      Upon the First Cause of Action, a declaration from the Court awarding Quanta its response costs to date and the response costs that it will incur into the future, jointly and severally against each Third-Party Defendant;

b)      Upon the Second and Fourth Causes of Action, a declaration from the Court that Quanta is entitled to contribution from Third-Party Defendants for costs it has and/or will incur as a result of Plaintiffs' action in excess of its several share, including any judgment against Quanta arising from the Complaint, and ordering and directing that each Third-Party Defendant contribute to any judgment against or damages suffered by Quanta, allocated by the Court using such equitable factors as the Court determines are appropriate;

c)      Upon the Third Cause of Action, declaratory judgment of liability for response costs and for contribution that will be binding on any subsequent action or actions to recover further response costs;

d)      Together with the costs and disbursements of this action, including reasonable attorneys' fees; and

e)      Any further relief as this Court shall deem just and proper.

Dated: New York, New York
       July 1, 2013

ARENT FOX LLP


By:  /s/ Allen G. Reiter
       Allen G. Reiter
       Adrienne M. Hollander
1675 Broadway
New York, New York  10019
Phone:  212-484-3900
Fax:  212-484-3990
Email:  reiter.allen@arentfox.com
        hollander.adrienne@arentfox.com

*Attorneys for Defendant Quanta Resources Corporation*

9