

CAMILLE V. OTERO
Director

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4509 Fax: (973) 639-8321
cotero@gibbonslaw.com

September 10, 2013

**VIA ECF**

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
Room N 631
225 Cadman Plaza East
Brooklyn, NY 11201

  Re: Phoenix Beverages, Inc., et al. v. Exxon Mobil Corp., et al.
     Case No. 1:12-CV-03771 (PKC) (JO)

Dear Judge Chen:

  We represent Third-Party Defendant Rexam Beverage Can Company ("Rexam") in the above-captioned matter. On August 27, 2013, Rexam was served with the Third-Party Complaint of Defendant/Third-Party Plaintiff Quanta Resources Corporation ("Quanta"). Rexam must answer or otherwise move in response to the pleading on or before September 17, 2013. Pursuant to Rule 3.A of Your Honor's Individual Practices and Rules, we are writing to request a pre-motion conference on a motion we intend to file under Fed. R. Civ. P. 12(b)(6) to dismiss Count I of Quanta's Third-Party Complaint.

  Quanta asserts four claims in its Third-Party Complaint: a claim under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. 9607(a); two claims under Section 113 of CERCLA, 42 U.S.C. § 9613; and a claim under N.Y. C.P.L.R. § 1401. Rexam's anticipated motion would be directed toward Quanta's first claim, set forth in Count I and grounded in Section 107(a) of CERCLA. The other claims asserted by Quanta are not the subject of this letter motion. If the Court denies Rexam's pre-motion request, Rexam shall file its Answer as to all claims asserted in the Third-Party Complaint within 10 days of receipt of such a decision. If Rexam's pre-motion request is granted, Rexam shall file its Answer as to all claims in the Third-Party Complaint that survive Rexam's motion to dismiss Quanta's claim under CERCLA Section 107 within 10 days of receipt of the Court's decision on the motion. See, e.g., Barbagallo v. Marcum LLP, 820 F. Supp. 2d 429, 443 (E.D.N.Y. 2011); Fed. R. Civ. P. 12(a)(4).

  Rexam's anticipated motion will rely on matters set forth in the pleadings. Plaintiffs have sued Quanta under CERCLA Section 107(a) to recover response costs incurred and for a declaration of Quanta's liability for future response costs. Complaint ¶¶ 88-102 (annexed to Third-Party Complaint as Exhibit A). Quanta seeks to hold Rexam jointly and severally liable under CERCLA Section 107(a) for costs that it has incurred and/or will incur as a result of Plaintiffs' action. Third-Party Complaint ¶¶ 4, 22, 24. Quanta also seeks to recover in contribution from Rexam under CERCLA Section 113(f). Id. ¶¶ 26-28.

...

Hon. Pamela K. Chen, U.S.D.J.
September 10, 2013
Page 2

Section 107(a) and Section 113(f) are distinct provisions that serve entirely different purposes. Section 107(a), enacted as part of the original statute in 1980, see 94 Stat. 2767, is CERCLA's core liability provision. It makes four categories of persons liable for response costs, the statutory term for cleanup costs. 42 U.S.C. § 9607(a). Section 113(f), which was added to CERCLA as part of the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 100 Stat. 1613, creates an express right of contribution, available to parties in two situations. Under Section 113(f)(1), any person may seek contribution "during or following any civil action" under Section 106 or Section 107(a). 42 U.S.C. § 9613(f)(1). Section 113(f)(3)(B) authorizes a contribution action by any person who "has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement." 42 U.S.C. § 9613(f)(3)(B). It is the first of that section's two contribution provisions, Section 113(f)(1), that provides the basis for Quanta's Section 113(f) claim.

In its motion, Rexam will argue that Quanta, a potentially responsible party ("PRP") and defendant in a Section 107(a) action, may not assert a Section 107(a) claim for joint and several liability against another PRP because it meets the statutory requirements for asserting -- indeed, has asserted -- a claim for contribution under CERCLA Section 113(f)(1). Rexam will rely on the Second Circuit's decision in Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 124-28 (2d Cir. 2010) ("NiMo") (PRP with available contribution claim under Section 113(f) could not also assert claim under Section 107(a)). The rule and the logic of NiMo, which have also been adopted by the Third, Eighth, and Eleventh Circuits, advance important CERCLA policies by preventing PRPs from undermining the structure of distinct remedies that Congress has carefully and unambiguously established in the statute.

In NiMo, the Second Circuit noted that Section 113(f) had been enacted as part of SARA specifically to clarify and confirm a right of contribution for PRPs that believed they had borne more than their equitable share of a cleanup, and that NiMo's claim "fit[] squarely within the more specific requirements" of Section 113(f). Id. at 127. For the Second Circuit, NiMo's ability to seek contribution under Section 113(f) was dispositive of its claim under Section 107(a). To allow NiMo to proceed under Section 107(a), said the Second Circuit, "would in effect nullify the SARA amendment and abrogate the requirements Congress placed on contribution claims under § 113." Id. at 128.

NiMo builds upon and reinforces the decisions of the Supreme Court in Cooper Indus., Inc. v. Aviall Svcs., Inc., 543 U.S. 157 (2004), and United States v. Atlantic Research, Inc., 551 U.S. 128 (2007). All three decisions emphasize the distinct nature of the remedies provided by Section 107(a) and Section 113(f). The Atlantic Research Court, quoting language from Cooper, reiterated its recognition that the two sections "provide two clearly distinct remedies," with Section 107(a) providing a right to cost recovery "in certain circumstances" and Section 113(f) providing separate rights to contribution "in other circumstances." 551 U.S. at 139 n.6 (citing Cooper, 543 U.S. at 163 & n.6). The Court referred to "the complementary yet *distinct* nature of

Hon. Pamela K. Chen, U.S.D.J.
September 10, 2013
Page 3

the rights established in §§ 107(a) and 113(f)." Id. (emphasis added). The "clearly distinct" remedies of Section 107(a) and Section 113(f) are "complementary" in that they provide different causes of action to "persons in different procedural circumstances." Id. at 139 (quoting Consolidated Edison Co. of New York v. UGI Utils., Inc. 423 F.3d 90, 99 (2d Cir. 2005)). Similarly, the Second Circuit referred to the "differing restrictions and different purposes" of the two provisions: Section 107(a) claims are brought by government agencies or by PRPs that have incurred response costs without judicial or administrative intervention, while Section 113(f) claims seek "proportionate reimbursement" for PRPs that have been sued or have settled their liability. NiMo, 596 F.3d at 127.

We respectfully request that the Court set a briefing schedule for Rexam's motion.

Respectfully submitted,

Camille V. Otero
Director


cc:     All Counsel of Record