

Michael G. Murphy
15th Floor
477 Madison Avenue
New York, NY 10022-5802
Direct:(212) 702-5436
Fax:(212) 702-5450
mmurphy@bdlaw.com

September 17, 2013

Hon. Pamela K. Chen, U.S.D.J.
United States District Court
Eastern District of New York
Room N 631
225 Cadman Plaza East
Brooklyn, NY  11201

      Re:   **Phoenix Beverages, Inc., et al. v. Exxon Mobil Corp., et al.**
            **Case No. 1:12-CV-03771 (PKC) (JO)**

Dear Judge Chen:

      We represent Third-Party Defendant Sunoco, Inc. ("Sunoco") (alleged to be a/k/a Sun Oil Refinery and f/k/a Sun Oil Co.)[1] in the above-referenced matter.  On August 27, 2013, Sunoco was served with the Third-Party Complaint of Defendant/Third-Party Plaintiff Exxon Mobil Corporation ("Exxon Mobil").  Sunoco must move or file a responsive pleading to the Third-Party Complaint on or before September 17, 2013.  Pursuant to Rule 3.A of Your Honor's Individual Practices and Rules (revised 8-16-13), we are writing to request a pre-motion conference on a motion we intend to file under Fed. R. Civ. P. 12(b)(6) to dismiss Count I of Exxon Mobil's Third-Party Complaint.

      Exxon Mobil asserts four claims in its Third-Party Complaint against Sunoco: a claim under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. 9607(a); two claims under CERCLA Section 113, 42 U.S.C. § 9613; and a claim under N.Y. C.P.L.R. § 1401.  Sunoco's anticipated motion will seek dismissal of Count I in Exxon Mobil's Third-Party Complaint asserting a CERCLA Section 107(a) claim; the remaining three claims asserted by Exxon Mobil are not addressed in this letter.  Sunoco is prepared to file its Answer as to all claims that survive Sunoco's motion to dismiss within 14 days of receipt of the Court's decision with respect to Count I in Exxon

---

[1] Sunoco reserves and does not waive (whether with this letter or otherwise) any and all defenses that it is not the proper party in this matter, and expressly reserves all  rights to challenge that designation, including seeking dismissal of the claims against it.

BEVERIDGE & DIAMOND PC

September 17, 2013
Page 2

Mobil's Third-Party Complaint. *See, e.g., Dekom v. New York*, 12-CV-1318(JS)(ARL), 2013 U.S. Dist. LEXIS 85360, *16-17 (E.D.N.Y. June 18, 2013) ("A party may file a motion to dismiss only certain claims--i.e., a partial motion to dismiss--and the filing of any motion under Rule 12 postpones a defendant's time to answer until fourteen days after the motion is decided." (citing Fed. R. Civ. P. 12(a)(4)(A); *Barbagello v. Marcum LLP*, 820 F. Supp. 2d. 429, 443 (E.D.N.Y. 2011)).

Sunoco's anticipated motion will rely on matters set forth in the pleadings. Plaintiffs have sued Exxon Mobil under CERCLA Section 107(a) to recover response costs incurred and for a declaration of Exxon Mobil's liability for future response costs. Complaint ¶¶ 88-102 (annexed to Third-Party Complaint as Exhibit A). Exxon Mobil seeks, on the one hand, to hold Sunoco jointly and severally liable under CERCLA Section 107(a) for costs that it has incurred and/or will incur as a result of Plaintiffs' action. Third-Party Complaint ¶¶ 5, 15-25.[2] On the other hand, Exxon Mobil also seeks to recover in contribution from Sunoco under CERCLA Section 113(f). *Id.* ¶¶ 26-28.

CERCLA Section 107(a) and Section 113(f) are mutually exclusive remedies that serve entirely different purposes. Section 107(a), enacted as part of the original statute in 1980, *see* 94 Stat. 2767, allows for complete cost recovery under a joint and several liability scheme; one PRP can potentially be accountable for the entire amount expended by another potentially responsible party ("PRP") to remove or remediate hazardous materials. Alternatively, Section 113(f), which was added to CERCLA as part of the Superfund Amendments and Reauthorization Act of 1986 ("SARA"), 100 Stat. 1613, creates an express right of contribution, available to parties in two situations. Under Section 113(f)(1), any person may seek contribution "during or following any civil action" under Section 106 or Section 107(a). 42 U.S.C. § 9613(f)(1). Section 113(f)(3)(B) authorizes a contribution action by any person who "has resolved its liability to the United States or a State for some or all of a response action or for some or all of the costs of such action in an administrative or judicially approved settlement." 42 U.S.C. § 9613(f)(3)(B).

In its motion, Sunoco will argue that Exxon Mobil, a PRP and defendant in a Section 107(a) action, may not assert a Section 107(a) claim for joint and several liability against another PRP because it can bring -- indeed, has brought -- a claim for contribution under CERCLA Section 113(f)(1). Sunoco will rely on the Second Circuit's decision in *Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc.,* 596 F.3d 112, 124-28 (2d Cir. 2010) ("*NiMo*") (PRP with available contribution claim under Section 113(f) could not also assert claim under Section 107(a)). The rule and the logic of *NiMo*, which have also been adopted by the Third, Eighth, and Eleventh Circuits, advance important CERCLA policies by preventing PRPs from undermining the structure of distinct remedies that Congress has carefully and unambiguously established in the statute.

---

[2] Count I of Exxon Mobil's Third-Party Complaint is labeled "Contribution Claim for Relief Under Section 107(a) of CERCLA," but the pleading alleges that Sunoco and the rest of the Third-Party Defendants are "jointly and severally liable" for Exxon Mobil's past and future response costs. Third-Party Complaint § 24.

BEVERIDGE & DIAMOND PC

September 17, 2013
Page 3

In *NiMo*, the Second Circuit noted that Section 113(f) had been enacted as part of SARA specifically to clarify and confirm a right of contribution for PRPs who believe they have borne more than their equitable share of a cleanup, and that NiMo's claim "fit[] squarely within the more specific requirements" of Section 113(f). *Id.* at 127. For the Second Circuit, NiMo's ability to seek contribution under Section 113(f) was dispositive of its claim under Section 107(a). To allow NiMo to proceed under Section 107(a), said the Second Circuit, "would in effect nullify the SARA amendment and abrogate the requirements Congress placed on contribution claims under § 113." *Id.* at 128.

*NiMo* builds upon and reinforces the decisions of the Supreme Court in *Cooper Indus., Inc. v. Aviall Svcs., Inc.*, 543 U.S. 157 (2004), and *United States v. Atlantic Research, Inc.,* 551 U.S. 128 (2007). All three decisions emphasize the distinct nature of the remedies provided by Section 107(a) and Section 113(f). The *Atlantic Research* Court, quoting language from *Cooper,* reiterated its recognition that the two sections "provide two clearly distinct remedies," with Section 107(a) providing a right to cost recovery "in certain circumstances" and Section 113(f) providing separate rights to contribution "in other circumstances." 551 U.S. at 139 n.6 (citing *Cooper*, 543 U.S. at 163 & n.6). The Court referred to "the complementary yet *distinct* nature of the rights established in §§ 107(a) and 113(f)." *Id.* (emphasis added). The "clearly distinct" remedies of Section 107(a) and Section 113(f) are "complementary" in that they provide different causes of action to "persons in different procedural circumstances." *Id.* at 139 (quoting *Consolidated Edison Co. of New York v. UGI Utils., Inc.* 423 F.3d 90, 99 (2d Cir. 2005)). Similarly, the Second Circuit referred to the "differing restrictions and different purposes" of the two provisions: Section 107(a) claims are brought by government agencies or by PRPs that have incurred response costs without judicial or administrative intervention, while Section 113(f) claims seek "proportionate reimbursement" for PRPs that have been sued or have settled their liability. *NiMo,* 596 F.3d at 127.

We respectfully request that the Court set a briefing schedule for Sunoco's motion. We appreciate the Court's consideration of this request.

Respectfully submitted,

/s/ Michael G. Murphy
Michael G. Murphy (MM 5472)
BEVERIDGE & DIAMOND, P.C.
477 Madison Avenue, 15th Floor
New York, NY 10022
(212) 702-5400
Fax: (212) 702-5450

cc: All Counsel of Record (via ECF)