# MARC
### ATTORNEYS AT LAW
### A PROFESSIONAL CORPORATION

McCusker • Anselmi
Rosen • Carvelli

210 Park Avenue, Suite 301
Florham Park, New Jersey 07932
Tel: 973.635.6300 • Fax: 973.635.6363
www.marc-law.com

Andrew E. Anselmi
*Director*
Direct: 973.457.0116
Fax: 973.457.0275
aanselmi@marc-law.com

September 17, 2013

**VIA ECF**
Honorable Pamela K. Chen U.S.D.J.
United States District Court
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: Phoenix Beverages, Inc. et al., v. Exxon Mobil Corporation et al.
Case No.: 1:12-cv-03771-PC-JO

Dear Judge Chen:

  We write on behalf of Defendants and Third-Party Plaintiffs Exxon Mobil Corporation and Quanta Resources Corporation (collectively, the "Third-Party Plaintiffs") in this action in response to the letters from Third-Party Defendants Rexam Beverage Can Company, Avco Corporation and Sunoco, Inc. ("collectively, the "Third-Party Defendants"), dated September 12, 16 and 17 respectively, requesting a pre-motion conference on a motion to dismiss Count I of the Third-Party Plaintiffs' Complaints pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

  The Third-Party Defendants, joined by other parties, have made an identical motion in another third-party CERCLA litigation involving the same parties currently pending before Judge Irizarry and Magistrate Levy, entitled *DMJ Associates, LLC v. Carl A. Capasso, et al.*, No. 97-cv-7285 (the "DMJ Litigation"), a case that the Third-Party Plaintiffs unsuccessfully sought to have the Court deem related. That motion is nearly fully briefed.[1]

  Litigating these two identical motions simultaneously would be an inefficient use of judicial and party resources and could result in inconsistent decisions. For these reasons, the Third-Party Plaintiffs request that this Court reserve action on the Third-Party Defendants' requests pending a decision by Judge Irizarry on the identical motion in the DMJ Litigation.

---

[1] The only remaining submissions on that motion are the Federal Defendants' Reply Papers, which are due on September 25, 2013. The full set of motion papers will be filed with the Court once it has been fully briefed.

---

805 Third Avenue, 12th Floor, New York, NY 10022 • Tel: 212.308.0070 • Fax: 917.677.8978
98 East Water Street, Toms River, NJ 08753 • Tel: 732.914.9114 • Fax: 732.914.8024

Honorable Pamela K. Chen U.S.D.J.
September 17, 2013
Page 2

Moreover, the Third-Party Defendants misstate the holding of the case they principally rely upon, *Niagara Mohawk Power Corp. v. Chevron U.S.A. Inc.*, 596 F.3d 112 (2d Cir. 2010). They contend that *Niagara Mohawk* holds that a litigant may not seek reimbursement of response costs under § 107(a) if it has the right to avail itself of contribution claims under § 113(f). *Niagara Mohawk*, however, holds only that a party who has resolved its CERCLA liability to the United States or a state – which the Third-Party Plaintiffs have not done – may bring claims only under CERCLA § 113(f)(3)(B), not § 107(a). 596 F.3d at 127. *Niagara Mohawk* does not address, as here, the remedies available to a party that has incurred response costs without having resolved its liability to a state or to the United States. In fact, the Court of Appeals in *Niagara Mohawk* specifically stated that it was not addressing that issue:

> We similarly do not decide whether a § 107(a) action could be pursued by a PRP that incurs cleanup costs after engaging with the federal or a state government, but is not released from any CERCLA liability.

*Id.* at fn.17.

In *Niagara Mohawk*, the plaintiff, never having been sued under §§ 106 or 107(a), resolved its CERCLA liability via a consent order with the DEC. *Id.* at 119. Pursuant to that settlement, Niagara Mohawk engaged in a cleanup in which it incurred response costs. *Id.* at 118-19, 123. It then sought to recover its response costs under, alternatively, § 107(a) or § 113(f)(1). *Id.* at 123. After the Supreme Court held in *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157 (2004), that a party not sued under §§ 106 or 107(a) did not have recourse under § 113(f)(1), Niagara Mohawk then sought to recover under, alternatively, §§ 107(a) or §113(f)(3)(B). *Id.* The Second Circuit held that Niagara Mohawk could not pursue cost recovery under § 107(a) because § 113(f)(3)(B) provides an exclusive remedy when a party has resolved its CERCLA liability to a State. *Id.* at 127.

In this action, the Third-Party Plaintiffs do not assert a claim under 113(f)(3)(b) as in *Niagara Mohawk*. Rather, as in the DMJ Litigation, the Third-Party Plaintiffs' claims are brought under § 113(f)(1). The Third-Party Defendants gloss over this critical distinction. Section 113(f)(1), entitled "Contribution," permits "*any person*" to "seek contribution" from any other PRP, "during or following any civil action under [§ 106 or 107(a)]." When applying the plain meaning of "any person," as is appropriate in statutory construction, the Third-Party Plaintiffs fit squarely into § 113(f)(1). The Third-Party Plaintiffs are "any person" seeking contribution during a civil action.

The Third-Party Defendants' arguments are further unavailing because the legislative history of § 113 "contemplates that if an action under section 106 or 107 of the Act is under way, any related claims for contribution *or indemnification* may be brought in such an action." H.R. REP. NO. 233(I), 95th Cong. (emphasis added). "It has been held that, when joint and several liability is imposed under section 106 or 107 of the Act, *a concomitant right of contribution exists under CERCLA….This section clarifies and confirms the right of a person held jointly and severally liable under CERCLA to seek contribution from other potentially liable parties…*" *Id.* (emphasis added). In other words, when enacting § 113, Congress codified the right of contribution, which was intended to be "concomitant" with or accompanying a § 107 claim. In sum, the express legislative history of CERCLA confirms

Honorable Pamela K. Chen U.S.D.J.
September 17, 2013
Page 3

that a PRP may have a right of contribution, pursuant to § 113(f), or indemnification, pursuant to § 107, or both.

     For the reasons set forth above, the Third-Party Plaintiffs request that the Court postpone further action on the Third-Party Defendants' motion pending a decision by Judge Irizarry in the DMJ Litigation.

                                    Respectfully submitted,

                                    Andrew E. Anselmi

AEA/mws
Attachment

cc:     All Counsel of Record (Via ECF and e-mail)

Case 1:12-cv-03771-PKC-JO Document 110 Filed 09/17/13 Page 3 of 3 PageID #: 1538