# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

PHOENIX BEVERAGES. INC., RODB LLC,
WINDMILL DISTRIBUTING COMPANY, L.P.,
UP FROM THE ASHES, INC., and other affiliated
companies of PHOENIX BEVERAGES, INC.

*Plaintiffs,*

vs.

Case No. 1:12-CV-03771 (PKC) (JO)

EXXON MOBIL CORPORATION, EXXONMOBIL
RESEARCH AND ENGINEERING COMPANY and
QUANTA RESOURCES CORPORATION,

*Defendants.*

QUANTA RESOURCES CORPORATION,

*Defendant/Third Party Plaintiff,*

vs.

ACE WASTE OIL, INC., et al.

*Third-Party Defendants.*

**ANSWER TO THIRD-PARTY
COMPLAINT WITH
AFFIRMATIVE DEFENSES
AND COUNTERCLAIM
OF CROSMAN CORPORATION**

Third-Party Crosman Corporation ("Crosman"), by its attorneys Hiscock & Barclay, LLP,

for its Answer to the Complaint of Third-Party Plaintiff Quanta Resources Corporation, dated July

1, 2013 ("Third-Party Complaint"), which was served on Crosman on August 30, 2013, answers

as follows[1]:

1.     Paragraph 1 of the Third Party Complaint merely summarize the allegations made

in the complaint by the first party plaintiffs Phoenix Beverages, Inc., RODB LLC, Windmill

---

[1] Crosman refers to the Third-Party Complaint for definitions of terms not otherwise defined herein.

Distributing Company, L.P., Up From The Ashes, Inc., and other affiliated companies of Phoenix Beverages, Inc. ("Plaintiffs") against Third Party Plaintiff without admitting the truth of such allegations, the legal basis for Plaintiffs' action against Third Party Plaintiff and what Plaintiffs seek from Third Party Plaintiff, attaches and incorporates Plaintiffs' complaint by reference, and/or defines terms used in the Third-Party Complaint, for which no answer is required. The Plaintiffs' complaint speaks for itself. To the extent the matters alleged in this paragraph are deemed to be allegations of fact which apply to Crosman, Crosman denies same.

2.      Paragraph 2 merely states Third Party Plaintiff's response to Plaintiffs' complaint, and attaches and incorporates Third Party Plaintiff's answer by reference, including each of the allegations, defenses and claims set forth in Third Party Plaintiff's answer, for which no answer is required. To the extent the matters alleged in the allegations, defenses and claims set forth in Third Party Plaintiff's answer are deemed to be allegations of fact which apply to Crosman, Crosman denies same.

3.      Paragraph 3 of the Third Party Complaint, contains a summary of the claims asserted against Third-Party Defendants for which no answer is required. To the extent that this paragraph alleges Crosman is liable to contribute to any judgment against or damages suffered by Third-Party Plaintiff, such allegation is denied.

4.      Has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the Third-Party Complaint, and therefore, denies the same.

5.      Has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 5 of the Third-Party Complaint, and therefore, denies the same.

6.      Denies the allegations in Paragraph 6 of the Third-Party Complaint to the extent they pertain to Crosman, and has no knowledge or information sufficient to form a belief as to the

allegations in Paragraph 6 of the Third-Party Complaint to the extent they pertain to other parties in the action, and therefore, denies the same.

7.      Denies the allegations in Paragraph 7 of the Third-Party Complaint to the extent they pertain to Crosman, and has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 7 of the Third-Party Complaint to the extent they pertain to other parties in the action, and therefore, denies the same, except admits that the Third-Party Complaint purports to assert claims for costs, damages, equitable relief, response costs and contribution against those entities whose waste was delivered to the Quanta Property during the time period of 1970-1981 in the event that Plaintiffs recover from the Third Party Plaintiff in excess of its several share.

8.      Has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 8 of the Third-Party Complaint to the extent they pertain to other parties in the action, and denies the same to the extent they pertain to Crosman, except admits that the Third-Party Complaint purports to assert that, in the event that Plaintiffs recover from Third Party Plaintiff, it will pay more than its fair share and each Third-Party Defendant is liable to it for such costs or alternately for contribution of such Third-Party Defendant's equitable share.

9.      Denies the allegations in Paragraph 9 of the Third-Party Complaint to the extent they pertain to Crosman, and has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Third-Party Complaint to the extent they pertain to other parties in the action, and therefore, denies the same, except admits  that Plaintiffs allege that hazardous waste was released and/or disposed at the Quanta Property and migrated to the Phoenix Beverage Property.

10.     Paragraph 10 contains a summary by Third-Party Plaintiff of the claims asserted against the Third-Party Defendants in the Complaint to which no response is required.  To the extent the matters alleged in this paragraph are deemed to be allegations of fact which apply to Crosman and to the extent that this paragraph alleges that Crosman is liable to Third Party Plaintiff, Crosman denies same.

11.     Denies the allegations in Paragraph 11 of the Third-Party Complaint, except admits that Third-Party Plaintiff purports to base jurisdiction on the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA") and the Declaratory Judgment Act and 28 U.S.C. § 1331, as well as principles of ancillary jurisdiction.

12.     Denies the allegations in Paragraph 12 of the Third-Party Complaint, except admits that Third-Party Plaintiff purports to base venue on 28 U.S.C § 1331; 28 U.S.C. § 1391(b) and 42 U.S.C. § 9613(b).

## COUNT I

### Cost Recovery Pursuant to Section 107(a) of CERCLA

13.     With respect to the allegations contained in paragraph 13 of the Third-Party Complaint, Crosman admits such allegations as are elsewhere herein admitted, has no knowledge or information sufficient to form a belief with respect to those allegations elsewhere herein similarly treated, and denies such allegations as are elsewhere herein denied.

14.     The allegations, if any, contained in Paragraph 14 of the Third-Party Complaint merely state the legal basis for this action, state a legal conclusion, recite a federal statute, purport to state what Third-Party Plaintiff seeks or intends to do, and/or defines terms used in the Third-Party Complaint to which no answer is required.  To the extent the matters alleged in this paragraph are deemed to be allegations of fact which apply to Crosman, Crosman denies same.

7507638

15.     Has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 4 of the Third-Party Complaint, and therefore, denies the same.

16.     Has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Third-Party Complaint, and therefore, denies same.

17.     Denies the allegations in Paragraph 17 of the Third-Party Complaint to the extent they pertain to Crosman, and has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 9 of the Third-Party Complaint to the extent they pertain to other parties in the action, and therefore, denies the same.

18.     Denies the allegations in Paragraph 18 of the Third-Party Complaint except to the extent that Plaintiffs succeed on their CERCLA Section 107(a)(2) claim against Third Party Plaintiff as a person who owned or operated the Quanta Property at the time of disposal of hazardous substances at that property.

19.     Denies the allegations in Paragraph 19 of the Third-Party Complaint as they pertain to Crosman and has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Third-Party Complaint as they pertain to other parties, and therefore, denies same.

20.     Has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Third-Party Complaint as they pertain to Third Party Plaintiff incurring or continuing to incur response costs or as they pertain to other parties and, therefore, denies same, and denies the allegations in Paragraph 20 of the Third-Party Complaint as they pertain to Crosman being liable to Quanta pursuant to CERCLA Section 107(a).

21.     Has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Third-Party Complaint, and therefore, denies same.

22.     The allegations, if any, contained in Paragraph 22 of the Third-Party Complaint merely assert legal conclusions to which no response is required.  To the extent that a response is required, Crosman denies same.

23.     The allegations, if any, contained in Paragraph 23 of the Third-Party Complaint merely assert legal conclusions to which no response is required.  To the extent that a response is required, Crosman denies same with respect to Crosman and states that Crosman has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Third-Party Complaint as they pertain to other Third-Party Defendants, and therefore, denies same.

24.     Has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Third-Party Complaint, and therefore, denies same except for those portions that set forth conclusions of law, for which no response is required.

### COUNT II

### Contribution Claim For Relief Under Section 113 Of CERCLA

25.     With respect to the allegations contained in Paragraph 25 of the Third-Party Complaint, Crosman admits such allegations as are elsewhere herein admitted, has no knowledge or information sufficient to form a belief with respect to those allegations as are elsewhere herein similarly treated, and denies such allegations as are elsewhere herein denied.

26.     Plaintiffs' complaint referenced in Paragraph 26 of the Third-Party Complaint speaks for itself.  To the extent the matters alleged in Paragraph 26 of the Third-Party Complaint are deemed to be allegations of fact that apply to Crosman, Crosman denies same.

27.     The allegations, if any, contained in Paragraph 27 of the Third-Party Complaint merely assert legal conclusions to which no response is required.  To the extent that a response is

required, Crosman denies Crosman is liable to Third-Party Plaintiff for contribution under CERCLA Section 113(f) and states that Crosman has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Third-Party Complaint as they pertain to other Third-Party Defendants, and therefore, denies same.

### COUNT III

### Claim for Declaratory Judgement Under Section 113(g)(2) of CERCLA

28.     With respect to the allegations contained in paragraph 28 of the Third-Party Complaint, Crosman admits such allegations as are elsewhere herein admitted, has no knowledge or information sufficient to form a belief with respect to those allegations as are elsewhere herein similarly treated, and denies such allegations as are elsewhere herein denied.

29.     The allegations, if any, contained in Paragraph 29 of the Third-Party Complaint merely assert legal conclusions to which no response is required.  To the extent that a response is required, Crosman denies same, except that Crosman admits that Third-Party Plaintiff has served the Third-Party Complaint which purports to assert claims.

30.     The allegations, if any, contained in Paragraph 30 of the Third-Party Complaint merely assert legal conclusions to which no response is required.  To the extent that a response is required, Crosman denies that Third-Party Plaintiff is entitled to a judgment against Crosman declaring Crosman to be liable to Third Party Plaintiff for response costs and contribution under CERCLA Section 113(g)(2) and states that Crosman has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Third-Party Complaint as they pertain to other Third-Party Defendants, and therefore, denies same.

## COUNT IV

### Contribution Claim for Relief Pursuant to C.P.L.R. Section 1401

31.     With respect to the allegations contained in Paragraph 31 of the Third-Party Complaint, Crosman admits such allegations as are elsewhere herein admitted, has no knowledge or information sufficient to form a belief with respect to those allegations as are elsewhere herein similarly treated and denies such allegations as are elsewhere herein denied.

32.     The allegations, if any, contained in Paragraph 32 of the Third-Party Complaint merely assert legal conclusions to which no response is required.  To the extent that a response is required, Crosman denies same to the extent they pertain to Crosman, and has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 32 of the Third-Party Complaint to the extent they pertain to other Third-Party Defendants, and therefore, denies the same.

33.      Has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 33 of the Third-Party Complaint, and therefore, denies the same.

34.     The allegations, if any, contained in Paragraph 34 of the Third-Party Complaint merely assert legal conclusions to which no response is required.  To the extent that a response is required, Crosman denies same to the extent they pertain to Crosman, and has no knowledge or information sufficient to form a belief as to the allegations in Paragraph 34 of the Third-Party Complaint to the extent they pertain to other Third-Party Defendants, and therefore, denies the same.

35.     Denies that Third-Party Plaintiff is entitled to the relief prayed for in the Third-Party Complaint.

36.     Denies each and every allegation contained in the Third-Party Complaint not heretofore admitted, denied or otherwise controverted.

## AFFIRMATIVE DEFENSES

37.     Third-Party Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

38.     Third-Party Plaintiff's claims are barred, in whole or in part, by the doctrines of laches, estoppel, waiver and/or unclean hands.

39.     Some or all of Third-Party Plaintiff's claims are barred by the doctrine of assumption of risk.

40.     Third Party Plaintiff's claims are barred in whole or in part by its failure to mitigate its damages.

41.     Third Party Plaintiff has failed to join parties whose joinder is needed for a just and complete adjudication of this action.

42.     Plaintiffs, Third Party Plaintiff, the other First-Party Defendant are responsible for any orphan share.

43.     Third Party Plaintiff's claims are barred in whole or in part by the petroleum exclusion contained in CERCLA section 101(14).

44.     The harm complained of in the Third Party Complaint, if such harm exists, is divisible and the damages, if any, may be apportioned among the persons who allegedly caused the harm.

45.     If any hazardous substances attributable to Crosman were released on or migrated to the Phoenix property, the volume and toxicity of such hazardous substances are de minimis or de micromis as well as posing no threat to public health or the environment.

46.     Any damages or injuries incurred were solely the result of the actions, omissions and/or the negligence of the Plaintiffs, Third Party Plaintiff, the other First-Party Defendant, other Third-Party Defendants and/or other third parties.

47.     No acts or omissions of Crosman have been an actual "but for" cause, contributing cause or substantial factor in causing the alleged injury and harm complained of by Plaintiffs.

48.     To the extent that Third-Party Plaintiff has a viable claim under CERCLA, Third-Party Plaintiff is barred from bringing any claims under CERCLA section 107(a) because Third-Party Plaintiff is a potentially responsible party and, Crosman denies liability, but if it is found to have liability, it should be limited to its contribution to the alleged problems or hazards alleged herein, taking into account the contributions and negligence of the other parties, including without limitation Plaintiffs, Third Party Plaintiff, the other First-Party Defendant and other Third-Party Defendants, who contributed to the alleged problems or hazards and the extent to which Third Party Plaintiff incurs damages in excess of its several share.

49.     Crosman denies any liability to Third-Party Plaintiff, but if it is found liable, then Crosman avers that Third-Party Plaintiff failed to mitigate its damages and/or were contributorily or comparatively negligent, and therefore Third-Party Plaintiff contributed, in whole or in part, to any damage they sustained in relation to the property.

50.     Third-Party Plaintiff's damages, if any, were caused by superseding, intervening or proximate causes, acts of third parties and/or ongoing events over which Crosman had no control.

51.     Attorneys' fees, expert and other witness fees and other litigation costs are not recoverable under CERCLA.

52.     Any costs and damages complained of by Third-Party Plaintiff were due to their own failure to exercise proper and prudent care, including without limitation control, operation and maintenance over the Quanta Property, equipment, structure and facilities.

53.     Third Party Plaintiff's claims are barred in whole, or in part, by the doctrine of issue preclusion.

54.     Third-Party Plaintiff's C.P.L.R. Section 1401 claims are barred in whole or in part because CERCLA already provides an avenue for this type of claim.

55.     Third-Party Plaintiff's claims must be reduced to the extent that Third-Party Plaintiff has settled claims against other, and/or to the extent that Third-Party Plaintiff's claims have been satisfied by others.

56.     Third-Party Plaintiff's claims, in whole or in part, are barred due to insufficiency of service of process.

57.     Crosman incorporates by reference any and all affirmative defenses which are asserted by other parties to this action.

58.     Crosman incorporates any and all affirmative defenses allowed by statute, rule or regulation.

59.     Crosman reserves the right to assert additional affirmative defenses which may arise during the course of litigation.

## COUNTERCLAIM AGAINST THIRD-PARTY PLAINTIFF

Pursuant to Fed. R. Civ. P. 13, Crosman, by way of counterclaim against the Third-Party Plaintiff states and alleges as follows:

1.     The Third-Party Plaintiff is a "person" as that term is defined by CERCLA section 101(21), 42 U.S.C. § 9601(21).

2.        The Quanta Property and the Phoenix Property are both "facilities" as that term is defined in CERCLA section 101(9), 42 U.S.C. § 9601(9).

3.        Regardless of Crosman having elsewhere herein denied that it arranged for the transportation to, and/or disposal or treatment of hazardous substances at, the Quanta Property or the Phoenix Property, the Third-Party Complaint alleges that Crosman, by contract, agreement or otherwise, arranged for disposal, or arranged with a transporter for the disposal or treatment of hazardous substances Crosman owned or possessed, at the Quanta Property within the meaning of CERCLA section 101(14) ), 42 U.S.C. § 9601(14).

4.        The Third-Party Plaintiff by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of "hazardous substances," as that term is defined by section 101(14) of CERCLA, owned or possessed by Third Party Plaintiff or by any other party or entity, at the Phoenix Property and containing such hazardous substances.

5.        The Third-Party Plaintiff, at the time of disposal of the hazardous substances, owned and/or operated, as those term are defined by section 101(20)(A) of CERCLA, the Quanta Property at which such hazardous substances were disposed of, and from which such hazardous substances emanated and migrated onto the Phoenix Property.

6.        Regardless of Crosman having elsewhere herein denied that it arranged for the transportation to, and/or disposal or treatment of hazardous substances at, the Quanta Property or the Phoenix Property, the Third-Party Complaint alleges a cause of action against Crosman under, *inter alia*, CERCLA section 107(a)(3), 42 U.S.C. § 9607(a)(3).

7.        The Third-Party Plaintiff further alleges that, if Plaintiffs succeed on their claims in the first party action, they will have established that there has been a "release" or "threatened

release" of hazardous substances, as those terms are defined by sections 101(22) and 107(a) of CERCLA, from the Quanta Property onto the Phoenix Property.

8.      Third-Party Plaintiff further alleges that, if Plaintiffs succeed on their claims in the first party action, they will have established that a release or threatened release of hazardous substances from the Quanta Property onto the Phoenix Property has and will cause "response costs," as that term is defined by section 101(25) of CERCLA, to be incurred with respect to such hazardous substances, which are "necessary costs of response", as that term is defined by section 107(a) of CERCLA.

9.      Regardless of Crosman having elsewhere herein denied that Crosman caused the release or threatened release of hazardous substances at the Quanta Property or the Phoenix Property, or that Crosman is a covered person, the Third-Party Complaint alleges that Crosman is liable or potentially liable to Third Party Plaintiff for some or all of the response costs.

10.     The Third-Party Plaintiff is a covered person as that term is defined by CERCLA section 107(a)(2) and/or (3), 42 U.S.C. § 9607(a)(2) and (3).

11.     Should Crosman be adjudicated as liable for any of the costs allegedly incurred by the Third-Party Plaintiff as alleged pursuant to any claim or cause of action in the Third-Party Complaint, then Crosman, pursuant to CERCLA §113(f), seeks contribution from Third-Party Plaintiff who is liable or potentially liable under section 107(a) of CERCLA, for any and all costs and damages adjudicated against Crosman.

WHEREFORE, Crosman respectfully requests that should the Court find Crosman liable to Third-Party Plaintiff for costs under section107(a) of CERCLA, that the Court enter judgment in favor of Crosman and against Third-Party Plaintiff for Third-Party Plaintiff's equitable share of the costs and damages awarded against or paid by Crosman, for all costs and

expenses, including attorneys' fees incurred by Crosman in defending this action, and for such other relief as is deemed just and proper by this Court.

## ANSWER TO ALL CROSS-CLAIMS

Crosman denies the allegations of and denies liability pursuant to any and all Cross-Claims that have been or may be asserted against Crosman by any party to the within matter.

WHEREFORE, Crosman demands judgment as follows:

A.  Dismissing Third-Party Plaintiff's Complaint against Crosman in its entirety;

B.  Declaring that Crosman is not responsible for the release or threatened release complained of, or liable for any costs incurred, therefore by Third-Party Plaintiffs or other persons;

C.  Granting Crosman the costs of this action;

D.  Granting such other and further relief as this Court deems just and proper.


Dated:          September 19, 2013
                Rochester, New York

                                        **HISCOCK & BARCLAY, LLP**



                                        /s/ Thomas F. Walsh
                                            Thomas F. Walsh
                                        Hiscock & Barclay, LLP
                                        2000 HSBC Plaza
                                        Rochester, New York 14604-2404
                                        Telephone: (585) 295-4414
                                        Fax: (585) 295-8443
                                        Email: twalsh@hblaw.com

                                        *Attorneys for Third Party Defendant*
                                        *Crosman Corporation*



7507638                                 14

**CERTIFICATE OF SERVICE**


I, Thomas F. Walsh, certify that on this 19th day of September 2013, I caused a true and correct copy of the foregoing document thereto being filed with the Court, to be served on the Clerk of the Court via the CM/ECF system, which gave notice to all counsel who have made an appearance in this case and specifically Allen G. Reiter and Michael D. Goodstein as required in the Summons, dated July 8, 2013.


_____/s/ Thomas F. Walsh___<br>
Thomas F. Walsh

7507638