IN THE UNITED STATES DISTRICT COURT OF THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX BEVERAGES, INC., RODB LLC, WlNDMILL DISTRIBUTING COMPANY, L.P., UP FROM THE ASHES, INC., and other affiliated companies of PHOENIX BEVERAGES, INC., <br><br> Plaintiffs, <br><br> -against- <br><br> EXXON MOBIL CORPORATION, EXXONMOBIL RESEARCH AND ENGINEERING COMPANY and QUANTA RESOURCES CORPORATION, <br><br> Defendants. | Case No. 1:12-CV-03771 <br> (PKC)(JO) <br><br><br><br><br> ANSWER OF THIRD-PARTY DEFENDANT NEW YORK CITY TRANSIT AUTHORITY WITH COUNTERCLAIMS TO THIRD-PARTY PLAINTIFF EXXON MOBIL CORPORATION COMPLAINT |

EXXON MOBIL CORPORATION,

                Third-Party Plaintiff,

                -against-

ACE WASTE OIL, INC.; ACTIVE OIL SERVICE; ANDAX ENVIRONMENTAL CORP.; AVCO CORPORATION (a/k/a AVCO LYCOMING); CONOCO PHILLIPS COMPANY; CROSMAN CORP. (f/k/a COLEMAN AIRGUNS, INC.) (f/k/a CROSMAN ARMS COMPANY, INC.); CROWN CORK & SEAL COMPANY, INC.; EMHART TEKNOLOGIES LLC; INDUSTRIAL DEVELOPMENT CORP. (a/k/a INDUSTRIAL ENVIRONMENTAL); THE HERTZ CORPORATION; KRAFT FOODS GLOBAL, INC. (f/k/a WARE CHEMICAL); THE MARLIN FIREARMS COMPANY; NEAPCO, INC. (a/k/a UNITED COMPONENTS, INC.); NEW YORK CITY TRANSIT AUTHORITY; NL INDUSTRIES, INC.; NOVELJS CORPORATION (f/k/a ALCAN ALUMINUM CORPORATION) (a/k/a ALCAN SHEET & PLATE); PEABODY COASTAL (a/k/a PEABODY INTERNATIONAL CORP.) (a/k/a PULLMAN, INC.); PROCTER & GAMBLE HAIRCARE LLC; REVERE COPPER PRODUCTS, INC. a/k/a REVERE COPPER & BRASS INCORPORATED); REXAM BEVERAGE CAN COMPANY (a/k/a NATIONAL CAN COMPANY) (a/k/a AMERICAN NATIONAL CAN

COMPANY); RIVER TERMINAL DEVELOPMENT (SCRAP YARD DIVISION) (a/k/a RTC PROPERTIES) (f/k/a UNION MINERAL & ALLOYS CORP.); SIMMONDS PRECISION PRODUCTS, INC.; SUNOCO, INC. (a/k/a SUN OIL REFINERY) (f/k/a SUN OIL CO.); TDY INDUSTRIES, INC.; UNITED SITE SERVICES (f/k/a AMERICAN CLASSIC SANITATION) (f/k/a FARNHAM ENVIRONMENTAL & FARNHAM SANITATION SYSTEMS OF CT); UNITED STATES DEPARTMENT OF THE AIR FORCE; UNITED STATES DEPARTMENT OF THE ARMY; UNITED STATES DEPARTMENT OF THE COAST GUARD; UNITED STATES DEPARTMENT OF THE NAVY; UNITED STATES DEPARTMENT OF DEFENSE; WALLACE INDUSTRIES INC. (a/k/a WALLACE STEEL CORP.); WASTE MANAGEMENT OF MARYLAND, INC.; WYMAN-GORDON COMPANY; ALCOA INC. (f/k/a ALUMINUM COMPANY OF AMERICA); BASF CORPORATION; BEAZER EAST, INC. (f/k/a KOPPERS COMPANY, INC.); BORG WARNER INC. (a/k/a MORSE CHAIN); CARRIER CORPORATION (CARLYLE COMPRESSOR DIVISION); ELECTRIC BOAT CORPORATION, A GENERAL DYNAMICS COMPANY; FORD MOTOR COMPANY; HONEYWELL INTERNATIONAL, INC. (f/k/a ALLIED SIGNAL); INGERSOLL RAND COMPANY; NORTHROP GRUMMAN CORP. (a/k/a GRUMMAN AEROSPACE CORP.) (a/k/a TRW, INC.); QUALITY CARRIERS, INC. (f/k/a CHEMICAL LEAMAN TANK LINES, INC.); REYNOLDS METALS CO. (a/k/a REYNOLDS ALUMINUM); ROCKWELL AUTOMATION (a/k/a ROCKWELL INTERNATIONAL); SIKORSKY AIRCRAFT CORPORATION; STANLEY BLACK& DECKER(f/k/a THE STANLEY WORKS); UNITED TECHNOLOGIES CORPORATION (a/k/a PRATT & WHITNEY),

Third-Party Defendants.

**ANSWER OF NEW YORK CITY TRANSIT AUTHORITY (A/K/A MTA NEW YORK CITY TRANSIT) (HEREINAFTER "NYCTA") TO THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD-PARTY PLAINTIFF EXXON MOBIL CORPORATION WITH <u>DEFENSES AND COUNTERCLAIMS</u>**

Third-Party Defendant New York City Transit Authority (NYCTA), by its attorneys, for its answer to the Third-Party Complaint of Exxon Mobil Corporation, avers as follows:

## INTRODUCTION

1. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint, but refers to the Phoenix Beverage Complaint for the full text of the allegations contained therein.

2. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2 (a) through (e), but refers to Phoenix's Complaint in the underlying action for the full text of the allegations, defenses, and claims contained therein.

3. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegation of paragraph 3, but refers to Exxon Mobil's Answer to the underlying complaint for the full text of any allegations, denials, defenses and claims contained therein.

4. NYCT denies that NYCTA is liable for any costs and amounts alleged in paragraph 4 of the Third-Party Complaint, including response costs which Third-Party Plaintiff Exxon Mobil may have paid or will incur to plaintiffs in the first-party action or any other relief; or alternatively, for contribution of any share of said costs and amounts. NYCTA lacks knowledge or information sufficient to form a belief as to the other allegations contained in paragraph 4 insofar as each relates to other Third-Party Defendants.

5. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained at paragraph 5 of the Third-Party Complaint, and leaves Third-Party Plaintiff Exxon Mobil to its proofs.

## THE THIRD-PARTY DEFENDANTS

6. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraph 6 of the Third-Party Complaint and submits that the Complaint in the first- party action speaks for itself.

7. NYCTA denies the allegation contained at paragraph 7 of the Third-Party Complaint to the extent it pertains to NYCTA. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to the other Third-Party Defendants.

8. NYCTA denies the allegations contained at paragraph 8 of the Third-Party Complaint insofar as they pertain to NYCTA. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to other Third Party Defendants.

9. NYCTA denies that it is liable for any costs and amounts as alleged in paragraph 9 of the Third-Party Complaint, including response costs which Third-Party Plaintiff Exxon Mobil may have paid or will incur to plaintiffs in the first-party action or any other relief; or alternatively, for contribution of any share of said costs and amounts. NYCTA lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 9 to the extent each relates to other Third-Party Defendants.

10. NYCTA denies the allegations contained at paragraph 10 of the Third-Party Complaint. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to other Third-Party Defendants.

11. The allegations contained at paragraph 11 of the Third-Party Complaint are conclusions of law, to which no response is required. To the extent the allegations in paragraph 11 are deemed to be statements of fact that require a response, NYCTA denies the allegations insofar as they pertain to NYCTA.

12. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained at paragraph 12 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

**JURISDICTION AND VENUE**

13. The allegations contained in paragraph 13 of the Third-Party Complaint are conclusions of law for which no response is required. To the extent the allegations contained in paragraph 13 are deemed assertions of fact, NYCTA denies the allegations and leaves Third-Party Plaintiff Exxon Mobil to its proofs.

14. The allegation contained in paragraph 14 of the Third Party Complaint contains conclusions of law, to which no response is required.

**COUNT I**

**Contribution Claim for Relief Under Section 107(a) of CERCLA**

15. NYCTA repeats and realleges each answer as set forth in paragraphs 1 through 14 as if the same were set forth at length herein.

16. The allegations contained in paragraph 16 of the Third-Party Complaint are conclusions of law, to which no response is required. To the extent the allegations contained in paragraph 16 are deemed assertions of fact that require a response, NYCTA denies the allegations insofar as they apply to NYCTA. To the extent the allegations contained in paragraph 16 are deemed to be statements of fact that apply to other Third-Party Defendants, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and leaves Third-Party Plaintiff to its proofs.

17. The allegations contained in paragraph 17 of the Third-Party Complaint are conclusions of law, to which no response is required. To the extent the allegations contained in paragraph 17 are deemed to be statements of fact that require a response, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Third-Party Plaintiff to its proofs.

18. The allegations contained at paragraph 18 of the Third-Party Complaint are conclusions of law, to which no response is required. To the extent the allegations contained in paragraph 18 are deemed to be statements of fact that require a response, NYCTA admits it is a public benefit corporation under the laws of the State of New York. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other Third-Party Defendants, and leaves Third-Party Plaintiff to its proofs.

19. The allegations contained at paragraph 19 of the Third-Party Complaint are conclusions of law, to which no response is required. To the extent the allegations contained in paragraph 19 are deemed to be statements of fact that require a response, NYCTA denies the allegations to the extent they apply to NYCTA. To the extent the allegations are deemed to be statements of fact that apply to other Third-Party Defendants, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations, and leaves Third-Party Plaintiff to its proofs.

20. The allegations contained in paragraph 20 of the Third-Party Complaint are conclusions of law, to which no response is required. To the extent the allegations are deemed to be statements of fact that require a response, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Third-Party Plaintiff to its proofs.

21. The allegations contained at paragraph 21 of the Third-Party Complaint are conclusions of law, to which no response is required. To the extent the allegations contained in paragraph 21 are deemed to be statements of fact that require a response, NYCTA denies the allegations to the extent they apply to NYCTA. To the extent the allegations are deemed to be statements of fact that apply to other Third-Party Defendants, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Third-Party Plaintiff to its proofs.

22. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

23. The allegations contained at paragraph 23 of the Third-Party Complaint are conclusions of law, to which no response is required. To the extent the allegations at paragraph 23 are deemed to be statements of fact that require a response, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Third-Party Plaintiff to its proofs.

24. NYCTA denies the allegations contained in paragraph 24 of the Third-Party Complaint to the extent such allegations apply to NYCTA. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other Third-Party Defendants and leaves Third-Party Plaintiff to its proofs.

25. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the Third-Party Complaint and leaves Third-Party Plaintiff to its proofs.

## COUNT II

### Contribution Claim for Relief Under Section 113 of CERCLA

26. NYCTA repeats and realleges each answer as set forth in paragraphs 1 through 25 as if the same were set forth herein.

27. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the Third-Party Complaint, and submits that Phoenix Beverage's First-Party Complaint speaks for itself.

7

28. NYCTA denies the allegations contained in paragraph 28 of the Third-Party Complaint to the extent such allegations apply to NYCTA.  NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations to the extent they pertain to other Third-Party Defendants and leaves Third-Party Plaintiff to its proofs.

## COUNT III

### Claim for Declaratory Judgment Under Section 113(g)(2) of CERCLA

29. NYCTA repeats and realleges each answer as set forth in paragraphs 1 through 28 as if the same were set forth herein.

30. The allegations contained in paragraph 30 of the Third-Party Complaint are conclusions of law, to which no response is required.  To the extent the allegations contained in paragraph 30 are deemed to be statements of fact that require a response, NYCTA denies the allegations to the extent they pertain to NYCTA.  To the extent the allegations are deemed statements of fact that apply to other Third-Party Defendants, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations and leaves Third-Party Plaintiff to its proofs.

31. NYCTA denies the allegations contained in paragraph 31 of the Third-Party Complaint to the extent such allegations pertain to NYCTA.  NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they pertain to other Third-Party Defendants and leaves Third-Party Plaintiff to its proofs.

## COUNT IV

### Contribution Claim for Relief Pursuant to C.P.L.R. Section 1401

32. NYCTA repeats and realleges each answer as set forth in paragraphs 1 through 31 as if the same were set forth herein.

33. NYCTA denies the allegations contained in paragraph 33 to the extent such allegations pertain to NYCTA.  NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they apply to other Third-Party Defendants and leaves Third-Party Plaintiff to its proofs.

34. NYCTA denies the allegations contained in paragraph 34 that any payments and/or response actions taken by Third-Party Plaintiff in the underlying action represent more than the Third-Party Plaintiff's share of claims that Plaintiff -Phoenix in the underlying action could make in this Third-Party action.

35. NYCTA denies the allegations in paragraph 35 to the extent such allegations apply to NYCTA.  NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other Third-Party Defendants and leaves Third-Party Plaintiff to its proofs.

## SEPARATE DEFENSES

NYCTA, as and for its separate defenses to the Third Party Complaint, alleges and states as follows:

### First Defense

36. The Third Party Complaint fails to state a cause of action upon which relief may be granted.

### Second Defense

37. Any damage resulting from any alleged release or threatened release of any hazardous substance at the Phoenix Beverage site was caused solely by the acts or omissions of parties other than employees or agents of the NYCTA, and with whom the NYCTA had no direct or indirect contractual relationship.  The NYCTA exercised due care with respect to the alleged hazardous

substances taking into consideration their characteristics and all relevant facts and circumstances. The NYCTA took precautions against the foreseeable acts and omissions of all parties and the consequences which foreseeably could result from such acts and omissions. Consequently, pursuant to 42 U.S.C. 9607 (b) and (c), the NYCTA is not liable under 42 U.S.C. 9607(a).

### Third Defense

38. NYCTA violated no duty or obligations which it owed to Third-Party Plaintiffs or any other persons.

### Fourth Defense

39. The claims are barred insofar as Third-Party Plaintiff seeks to recover costs that it has incurred or will incur to comply with its independent legal obligations under such state and federal environmental laws other than 42 U.S.C. 9601 et seq., regardless of any act or omission by NYCTA.

### Fifth Defense

40. Some or all of the claims are barred insofar as Third-Party Plaintiff seeks to recover costs, expenses, and damages other than the response costs as defined in 42 U.S.C. 9601 (23)-(25).

### Sixth Defense

41. Some or all of the Third-Party claims are barred by the equitable doctrines of waiver, estoppel, and/or laches.

### Seventh Defense

42. Some or all of the Third-Party claims are barred by the equitable doctrine of unclean hands.

### Eighth Defense

43. Recovery of any damages is barred by the doctrine of de minimus non curat lex.

### Ninth Defense

44. Plaintiff and Third- Party Plaintiff have failed to comply with the National Contingency Plan and therefore the claims are barred.

### Tenth Defense

45. Some or all of the Third-Party claims are barred by the Plaintiff's own malfeasance, and misfeasance, including negligence, contributory negligence, and recklessness.

### Eleventh Defense

46. Without admitting any liability herein, NYCTA asserts that any recovery by Third-Party Plaintiff should be reduced in the proportion that Third-Party Plaintiff's acts or omissions bear to the acts or omissions that caused Third-Party Plaintiff's alleged injuries.

### Twelfth Defense

47. Upon information and belief, Third-Party Plaintiff has made insufficient and dilatory efforts to minimize or mitigate the damages and obtain the most reasonable costs of correction of the alleged damages.  To the extent that Third-Party Plaintiff could have obtained a more reasonable cost and method of achieving the same result, any claim for recovery against NYCTA should be dismissed, or in the alternative, reduced.

### Thirteenth Defense

48. Neither NYCTA nor any substance it allegedly generated was the proximate cause of any injury, but rather, such injuries, if any, were the result of the intervening and superseding acts of others.

**Fourteenth Defense**

49. NYCTA's Conduct did not constitute an ultra-hazardous or abnormally dangerous activity.

**Fifteenth Defense**

50. If Third-Party Plaintiff's federal causes of action are dismissed, its state law causes of action should also be dismissed for lack of pendent jurisdiction.

**Sixteenth Defense**

51. No substance generated and allegedly disposed of by NYCTA presents a continuing and substantial threat to public health or the environment, nor has any such substance caused or continues to cause damage to the public in the exercise of rights common to all, nor has any such substance injured or continues to injure the property, comfort, health, and safety of the people of the State of New York (Queens County).

**Seventeenth Defense**

52. To the extent Third-Party Plaintiff claims there has been a release, or threat of release, of hazardous substances at the Phoenix Beverage or Quanta sites, Third-Party Plaintiff has failed to establish causation between any material allegedly disposed of by NYCTA and the alleged conditions at the Phoenix Beverage and Quanta sites.

**Eighteenth Defense**

53. The harm complained of in the Third-Party Complaint, if such harm exists, is divisible and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm.  NYCTA has no liability for response costs claimed by Plaintiff and/or Third-Party Plaintiff that are attributable to other persons.

### Nineteenth Defense

54. NYCTA is not jointly and severally liable for the harm complained of in the Third-Party Complaint, if such harm exists. Rather, NYCTA is only potentially severally liable for its allocable share of any damages caused by such harm.

### Twentieth Defense

55. Third-Party Plaintiff seeks real estate, redevelopment, demolition and/or construction related costs which are not recoverable under C.P.L.R. § 1401.

### Twenty First Defense

56. Third-Party Plaintiff must establish each and every potentially responsible party's ("PRPs") equitable share prior to recovery from any Third-Party Defendant.

### Twenty Second Defense

57. Plaintiff's claims are barred by the petroleum exclusion contained in CERCLA, 42 U.S.C. § 9601(14).

### Twenty Third Defense

58. NYCTA incorporates by reference herein all applicable defenses asserted or to be asserted by other Defendants to the extent that those defenses do not seek to transfer liability to NYCTA, and, further, reserves the right to assert all defenses which become available during discovery or trial, including the right to assert cross-claims as required by the Court and in accordance with the Case Management Order.

### As and For a Counterclaim Against Third-Party Plaintiff, NYCTA
### <u>ALLEGES UPON INFORMATION AND BELIEF</u>

59. Third-Party Defendant NYCTA, by and through its undersigned counsel, for its counterclaim against Third-Party Plaintiff Quanta Resources Corporation ("Quanta") alleges as follows:

60. This counterclaim is within the jurisdiction of the Court pursuant to Rule 13, Federal Rules of Civil Procedure.  This Court also has jurisdiction over this counterclaim pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9601 et seq., and 28 U.S.C. §1331.

61. Third-Party-Plaintiff owed a duty not to generate, transport to and/or dispose of hazardous substances at the Site.  Third Party-Plaintiff breached this duty and such breach proximately caused the injuries that Third-Party Plaintiff now alleges.

62. If NYCTA is held liable to Third-Party Plaintiff, Third-Party Plaintiff is liable for contribution to NYCTA of its equitable share of any response costs under 42 U.S.C. § 9607(a)(4)(c) owed by NYCTA in an amount to be proved at trial.  Moreover, third-Party Plaintiff is liable for contribution and/or indemnification to NYCTA of its proportionate share of liability incurred by NYCTA under and by virtue of any other theory alleged by Third-Party Plaintiff not limited to nuisance, negligence, strict liability, restitution or ultra-hazardous or abnormally dangerous activity.

**WHEREFORE,** Third-Party Defendant NYCTA demands:

    A.    Judgment dismissing the Third-Party Complaint with prejudice and in its entirety as to NYCTA, and awarding it the costs and disbursements of this action, including reasonable attorney fees; or

    B.    In the alternative, should liability be adjudged against NYCTA, then

        NYCTA shall have judgment over on its counterclaims against the Plaintiff on the basis of apportionment or responsibility and/or indemnification.

Dated: New York, New York
        September 19, 2013

        James Henley
        General Counsel-MTA

By: __s/ Gordon J. Johnson_
    Lawrence C. Jenkins
    Gordon J. Johnson
    347 Madison Avenue
    New York, NY 10017
    (212) 878-1033
    (212) 878-4633
    Attorneys for Third Party
    Defendant MTA-New York
    City Transit