UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

PHOENIX BEVERAGES, INC.,RODB LLC, WINDMILL
DISTRIBUTING COMPANY, L.P., UP FROM THE ASIIES,
INC., and other affiliated companies of PHOENIX
BEVERAGES,INC.,

     Plaintiffs,

  -against-

EXXON MOBIL CORPORATION, EXXONMOBIL
RESEARCH AND ENGINEERING COMPANY and
QUANTA RESOURCES CORPORATION,

     Defendants.

_____

QUANTA RESOURCES CORPORATION,

     Third-Party Plaintiff,

  -against-

ACE WASTE OIL, INC.; ACTIVE OIL SERVICE; ANDAX
ENVIRONMENTAL CORP.; AVCO CORPORATION (a/k/a
AVCO LYCOMING); CONOCO PHILIPS COMPANY;
CROSMAN CORP. (f/k/a COLEMAN AIRGUNS, INC.) (f/k/a
CROSMAN ARMS COMPANY, INC.);CROWN CORK &
SEAL COMPANY, INC.; EMHART TEKNOLOGIES LLC;
INDUSTRIAL DEVELOPMENT CORP. (a/k/a INDUSTRIAL
ENVIRONMENTAL); THE HERTZ CORPORATION;
KRAFT FOODS GLOBAL,INC. (f/k/a WARE CHEMICAL);
THE MARLIN FIREARMS COMPANY; NEAPCO, INC.
(a/k/a UNITED COMPONENTS, INC.); NEW YORK CITY
TRANSIT AUTHORITY; NL INDUSTRIES,INC.; NOVELIS
CORPORATION (f/k/a ALCAN ALUMINUM
CORPORATION) (a/k/a ALCAN SHEET & PLATE);
PEABODY COASTAL (a/k/a PEABODY
INTERNATIONAL CORP.) (a/k/a PULLMAN, INC.);
PROCTER & GAMBLE HAIRCARE LLC; REVERE
COPPER PRODUCTS, INC. (a/k/a REVERE COPPER &
BRASS INCORPOR/\TED); REX/\M BEVERAGE CAN
COMPANY (a/k/a NATIONAL CAN COMPANY) (a/k/a
AMERICAN NATIONAL, CAN COMPANY); RIVER
TERMINAL DEVELOPMENT (SCRAP YARD DIVISION)
(a/k/a RTC PROPERTIES) (f/k/a UNION MINERAL &

Case No. 1:12-CV-03771 (PKC)(JO)

ANSWER OF THIRD-PARTY
DEFENDANT NEW YORK CITY
TRANSIT AUTHORITY WITH
COUNTERCLAIMS TO THIRD –
PARTY PLAINTIFF QUANTA
RESOURCES CORPORATION
COMPLAINT

ALLOYS CORP.); SIMMONDS PRECISION PRODUCTS, INC.; SUNOCO, INC. (a/k/a SUN OIL REFINERY) (f/'k/a SUN OIL CO.); TOY INDUSTRIES, INC.; UNITED SITE SERVICES (f/k/a AMERICAN CLASSIC SA NITATION) (f/k/a FARNHAM ENVIRONMENTAL & FAR N HAM SANITATION SYSTEMS OF CT); UNITED STATES DEPARTMENT OF THE AIR FORCE; UNITED STATES DEPARTMENT OF THE ARMY; UNITED STATES DEPARTMENT OF THE COAST GUARD; UNITED STATES DEPARTMENT OF DEFENSE; UNITED STATES DEPARTMENT OF THE NAVY; UNITED STATES OF AMERICA; WALLACE INDUSTRIES INC. (a/k/a WALLACE STEEL CORP.); WASTE MANAGEMENT OF MARYLAND, INC.; WYMAN-GORDON COMPANY,

Third-Party Defendants.

**ANSWER OF NEW YORK CITY TRANSIT AUTHORITY (A/K/A MTA NEW YORK CITY TRANSIT) (HEREINAFTER "NYCTA") TO THIRD-PARTY COMPLAINT OF DEFENDANT/THIRD PARTY PLAINTIFF QUANTA RESOURCES CORPORATION WITH DEFENSES AND COUNTERCLAIMS**

Third–Party Defendant New York City Transit Authority (NYCTA), by its attorneys, for its answer to the third-party complaint of Quanta Resources Corporation avers as follows:

**INTRODUCTION**

1. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint, but refers to the Phoenix Beverage Complaint for the full text of the allegations contained therein.

2. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint, but refers to Quanta's Answer to the underlying Complaint for the full text of the allegations, defenses, and claims contained therein.

2

3. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3.  NYCTA denies the remainder of paragraph three to the extent that said paragraph alleges a right of contribution for costs incurred against NYCTA.

4. NYCTA lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 and leaves Third-Party Plaintiff Quanta to its proofs.

## THE THIRD PARTY DEFENDANTS

5. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 5 of the Third- Party Complaint and leaves Third-Party Plaintiff Quanta to its proofs.

6. NYCTA denies the allegations contained in paragraph 6 of the Third-Party Complaint as they pertain to NYCTA.  NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to other Third-Party Defendants.

7. NYCTA denies that NYCTA is liable for any costs and amounts as alleged in paragraph 7 of the Third-Party Complaint, including response costs which Third–Party Plaintiff Quanta may have paid or will incur to plaintiffs in the first-party action or any other relief; or alternatively, for contribution of any share of said costs and amounts.  NYCTA lacks knowledge or information sufficient to form a belief as to the other allegations contained in paragraph 7 insofar as each relates to other Third-Party Defendants.

8. NYCTA denies the allegations contained at paragraph 8 of the Third -Party Complaint to the extent they pertain to NYCTA.  With regard to any amounts that Third-Party Plaintiff Quanta might have to pay to plaintiffs in the first party action, NYCTA lacks sufficient knowledge or information to form a belief as to whether such amounts would or would not exceed Quanta's fair share of such amounts.

9. NYCTA denies the allegations contained in paragraph 9 of the Third-Party Complaint as they pertain to NYCTA. NYCTA lacks knowledge or information sufficient to from a belief as to the truth of the allegations as they pertain to other Third-Party Defendants.

10. To the extent that paragraph 10 contains conclusions of law, no response is required. However, to the extent a response is necessary, NYCTA denies the conclusions of law and any liability to Third-Party Plaintiffs as therein alleged.

## JURISDICTION AND VENUE

11. The allegations contained at paragraph 11 include conclusions of law for which no response is required. To the extent the allegations contained in paragraph 11 are deemed assertions of fact, NYCTA denies the allegations, and leaves Third-Party Plaintiff Quanta to its proofs.

12. The allegation contained in paragraph 12 of the Third-Party complaint contains conclusions of law. Therefore, no response is required.

## COUNT I

### Cost Recovery Pursuant to Section 107(a)(3) of CERCLA

13. NYCTA repeats and realleges paragraphs 1 through 12.

14. The allegation contained at paragraph 14 is a conclusion of law. Therefore, no response is required. To the extent the allegations contained in paragraph 14 are deemed to be statements of fact that require a response, NYCTA denies same as they apply to NYCTA. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of each allegation of paragraph 14 insofar as such allegations relate to other parties.

15. The allegations contained at paragraph 15 of the Third-Party Complaint are conclusions of law. Therefore, no response is required. To the extent the allegations in paragraph 15 are

deemed to be statements of fact that require a response, NYCTA is without knowledge or information sufficient to form a belief as to the truth of such allegations and leaves Third-Party Plaintiff to its proofs.

16. The allegations contained in Paragraph 16 are conclusions of law. Therefore, no response is required. To the extent the allegations contained in Paragraph 16 are deemed to be statements of fact that require a response, NYCTA admits it is a public benefit corporation under the laws of the State of New York; NYCTA is without knowledge or information sufficient to form a belief as the truth of the allegations as to the other Third-Party Defendants and leaves Third-Party Plaintiff Quanta to its proofs.

17. NYCTA denies the allegations of Paragraph 17 as they relate to it. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they relate to other Third-Party Defendants.

18. The allegations contained in Paragraph 18 are conclusions of law. Therefore, no response is required. To the extent the allegations in paragraph 18 are deemed to be statements of fact that require a response, NYCTA denies the allegations as they apply to NYCTA. To the extent the allegations of paragraph 18 are deemed to be statements of fact that apply to other Third-Party Defendants, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and leaves Third Party-Plaintiff Quanta to its proofs.

19. The allegations contained in Paragraph 19 of the Third-Party complaint are conclusions of law. Therefore, no response is required. To the extent the allegations contained in paragraph 19 are deemed to be Statements of fact that require a response, NYCTA denies the allegations to the extent they apply to NYCTA. To the extent the allegations of Paragraph 19 are deemed to be statements of fact that apply to other Third-Party Defendants, NYCTA lacks knowledge or

information sufficient to form a belief as to the truth of such allegations and leaves Third-Party Plaintiff Quanta to its proofs.

20. The allegations contained at Paragraph 20 are conclusions of law. Therefore, no response is required. To the extent the allegations in Paragraph 20 are deemed to be statements of fact that require a response, NYCTA denies the allegations as they apply to NYCTA. To the extent the allegations contained in paragraph 20 are deemed to be statements of fact that apply to other Third-Party Defendants or the incurrence of response costs, or necessary costs of response, by Third-Party Plaintiff Quanta, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and leaves Third-Party Plaintiff Quanta to its proofs.

21. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Third-Party Complaint and leaves Third-Party Plaintiff Quanta to its proofs.

22. The allegations contained at paragraph 22 of the Third-Party Complaint are conclusions of law. Therefore, no response is required. To the extent the allegations contained in paragraph 22 are deemed to be statements of fact that require a response, NYCTA denies such allegations. To the extent the allegations of paragraph 22 are deemed to be statements of fact that apply to other Third-Party Defendants, NYCTA lacks knowledge or information sufficient to form a belief as to the truth of such allegations and leaves Third-Party Plaintiff Quanta to its proofs.

23. NYCTA denies the allegations contained in paragraph 23 to the extent such allegations apply to NYCTA. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations to the extent they apply to other Third-Party Defendants and leaves Third-Party Plaintiff Quanta to its proofs.

24. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the Third-Party Complaint and leaves Third-Party Plaintiff Quanta to its proofs.

## COUNT II

### Contribution Claim for Relief Under Section 113 of CERCLA

25. NYCTA repeats and realleges paragraphs 1 through 24.

26. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the Third-Party Complaint, and submits that Phoenix Beverage's Complaint speaks for itself.

27. NYCTA denies the allegations contained in paragraph 27 of the Third-Party Complaint to the extent such allegations apply to NYCTA. NYCTA expressly denies that it is liable to Third-Party Plaintiffs for contribution under Section 113(f) of CERCLA. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27, and leaves Third-Party Plaintiff Quanta to its proofs.

## COUNT III

### Claim for Declaratory Judgment Under Section 113(g)(2) of CERCLA

28. NYCTA repeats and realleges paragraphs 1 through 27.

29. The allegation contained in paragraph 29 of the Third-Party Complaint is a conclusion of law. Therefore, no response is required. To the extent the allegation contained in paragraph 29 is deemed to be a statement of fact that requires a response, NYCTA denies same as the allegation applies to NYCTA. NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 29 of the Third-Party Complaint as it applies to other Third-Party Defendants, and leaves third-Party Plaintiff to its proofs.

30. NYCTA denies the allegations contained in paragraph 30 of the Third-Party Complaint to the extent the allegations apply to NYCTA.  NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the allegations insofar as they apply to other Third-Party Defendants and leaves Third-Party Plaintiff Quanta to its proofs.

## COUNT IV

### Contribution Claim for Relief Pursuant to C.P.L.R. section 1401

31.  NYCTA repeats and realleges paragraphs 1 through 30.

32.  NYCTA denies the allegations contained in paragraph 32 to the extent such allegations apply to NYCTA.  NYCTA lacks knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 32 and leaves Third-Party Plaintiff Quanta to its proofs.

33. NYCTA denies the allegations contained in paragraph 33 that Quanta paid more than its fair share of claims and/or costs of response actions owed to Plaintiffs in the underlying action.  NYCTA lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 33 and leaves Third-Party Plaintiff to its proofs.

34. NYCTA denies the allegations contained in paragraph 34 to the extent such allegations pertain to NYCTA.  NYCTA is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 34 and leaves Third-Party Plaintiff Quanta to its proofs.

## SEPARATE DEFENSES

NYCTA, as and for its separate defenses to the Third Party Complaint, alleges and states as follows:

### First Defense

35. The Third Party Complaint fails to state a cause of action upon which relief may be granted.

### Second Defense

36. Any damage resulting from any alleged release or threatened release of any hazardous substance at the Phoenix Beverage site was caused solely by the acts or omissions of parties other than employees or agents of the NYCTA, and with whom the NYCTA had no direct or indirect contractual relationship. The NYCTA exercised due care with respect to the alleged hazardous substances taking into consideration their characteristics and all relevant facts and circumstances. The NYCTA took precautions against the foreseeable acts and omissions of all parties and the consequences which foreseeably could result from such acts and omissions. Consequently, pursuant to 42 U.S.C. 9607 (b) and (c), the NYCTA is not liable under 42 U.S.C. 9607(a).

### Third Defense

37. NYCTA violated no duty or obligations which it owed to Third-Party Plaintiffs or any other persons.

### Fourth Defense

38. The claims are barred insofar as Third-Party Plaintiff seeks to recover costs that it has incurred or will incur to comply with its independent legal obligations under such state and federal environmental laws other than 42 U.S.C. 9601 et seq., regardless of any act or omission by NYCTA.

### Fifth Defense

39. Some or all of the claims are barred insofar as Third-Party Plaintiff seeks to recover costs, expenses, and damages other than the response costs as defined in 42 U.S.C. 9601 (23)-(25).

### Sixth Defense

40. Some or all of the Third-Party claims are barred by the equitable doctrines of waiver, estoppel, and/or laches.

### Seventh Defense

41. Some or all of the Third-Party claims are barred by the equitable doctrine of unclean hands.

### Eighth Defense

42. Recovery of any damages is barred by the doctrine of de minimus non curat lex.

### Ninth Defense

43. Plaintiff and Third- Party Plaintiff have failed to comply with the National Contingency Plan and therefore the claims are barred.

### Tenth Defense

44. Some or all of the Third-Party claims are barred by the Plaintiff's own malfeasance, and misfeasance, including negligence, contributory negligence, and recklessness.

### Eleventh Defense

45. Without admitting any liability herein, NYCTA asserts that any recovery by Third-Party Plaintiff should be reduced in the proportion that Third-Party Plaintiff's acts or omissions bear to the acts or omissions that caused Third-Party Plaintiff's alleged injuries.

**Twelfth Defense**

46. Upon information and belief, Third-Party Plaintiff has made insufficient and dilatory efforts to minimize or mitigate the damages and obtain the most reasonable costs of correction of the alleged damages.  To the extent that Third-Party Plaintiff could have obtained a more reasonable cost and method of achieving the same result, any claim for recovery against NYCTA should be dismissed, or in the alternative, reduced.

**Thirteenth Defense**

47. Neither NYCTA nor any substance it allegedly generated was the proximate cause of any injury, but rather, such injuries, if any, were the result of the intervening and superseding acts of others.

**Fourteenth Defense**

48. NYCTA's Conduct did not constitute an ultra-hazardous or abnormally dangerous activity.

**Fifteenth Defense**

49. If Third-Party Plaintiff's federal causes of action are dismissed, its state law causes of action should also be dismissed for lack of pendent jurisdiction.

**Sixteenth Defense**

50. No substance generated and allegedly disposed of by NYCTA presents a continuing and substantial threat to public health or the environment, nor has any such substance caused or continues to cause damage to the public in the exercise of rights common to all, nor has any such substance injured or continues to injure the property, comfort, health, and safety of the people of the State of New York (Queens County).

**Seventeenth Defense**

51. To the extent Third-Party Plaintiff claims there has been a release, or threat of release, of hazardous substances at the Phoenix Beverage or Quanta sites, Third-Party Plaintiff has failed to establish causation between any material allegedly disposed of by NYCTA and the alleged conditions at the Phoenix Beverage and Quanta sites.

**Eighteenth Defense**

52. The harm complained of in the Third-Party Complaint, if such harm exists, is divisible and the damages, if any, caused by such harm may be apportioned among the persons who allegedly caused the harm. NYCTA has no liability for response costs claimed by Plaintiff and/or Third-Party Plaintiff that are attributable to other persons.

**Nineteenth Defense**

53. NYCTA is not jointly and severally liable for the harm complained of in the Third-Party Complaint, if such harm exists. Rather, NYCTA is only potentially severally liable for its allocable share of any damages caused by such harm.

**Twentieth Defense**

54. Third-Party Plaintiff seeks real estate, redevelopment, demolition and/or construction related costs which are not recoverable under C.P.L.R. § 1401.

**Twenty First Defense**

55. Third-Party Plaintiff must establish each and every potentially responsible party's ("PRPs") equitable share prior to recovery from any Third-Party Defendant.

**Twenty Second Defense**

56. Plaintiff's claims are barred by the petroleum exclusion contained in CERCLA, 42 U.S.C. § 9601(14).

**Twenty Third Defense**

57. NYCTA incorporates by reference herein all applicable defenses asserted or to be asserted by other Defendants to the extent that those defenses do not seek to transfer liability to NYCTA, and, further, reserves the right to assert all defenses which become available during discovery or trial, including the right to assert cross-claims as required by the Court and in accordance with the Case Management Order.

**As and For a Counterclaim Against Third-Party Plaintiff, NYCTA
ALLEGES UPON INFORMATION AND BELIEF**

58. Third-Party Defendant NYCTA, by and through its undersigned counsel, for its counterclaim against Third-Party Plaintiff Quanta Resources Corporation ("Quanta") alleges as follows:

59. This counterclaim is within the jurisdiction of the Court pursuant to Rule 13, Federal Rules of Civil Procedure. This Court also has jurisdiction over this counterclaim pursuant to the Comprehensive Environmental Response, Compensation and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. § 9601 et seq., and 28 U.S.C. §1331.

60. Third-Party-Plaintiff owed a duty not to generate, transport to and/or dispose of hazardous substances at the Site. Third Party-Plaintiff breached this duty and such breach proximately caused the injuries that Third-Party Plaintiff now alleges.

61. If NYCTA is held liable to Third-Party Plaintiff, said Plaintiff is liable for contribution to NYCTA of its equitable share of any response costs under 42 U.S.C. § 9607(a)(4)(c) owed by NYCTA in an amount to be proved at trial. Moreover, third-Party Plaintiff is liable for contribution and/or indemnification to NYCTA of its proportionate share of liability incurred by NYCTA under and by virtue of any other theory alleged by Third-Party Plaintiff not limited to

nuisance, negligence, strict liability, restitution or ultra-hazardous or abnormally dangerous activity.

  **WHEREFORE,** Third-Party Defendant NYCTA demands:

  A. Judgment dismissing the Third-Party Complaint with prejudice and in its entirety as to NYCTA, and awarding it the costs and disbursements of this action, including reasonable attorney fees; or

  B. In the alternative, should liability be adjudged against NYCTA, then NYCTA shall have judgment over on its counterclaims against the Plaintiff on the basis of apportionment or responsibility and/or indemnification.

Dated: New York, New York
    September 19, 2013

            James Henley
            General Counsel-MTA

          By: <u>s/ Gordon J. Johnson</u>
            Lawrence C. Jenkins
            Gordon J. Johnson
            347 Madison Avenue
            New York, NY 10017
            (212) 878-1033
            (212) 878-4633
            Attorneys for Third Party
            Defendant MTA-New York
            City Transit