IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX BEVERAGES, INC., et al., <br><br> Plaintiffs, <br><br> -against- <br><br> EXXON MOBIL CORPORATION, et al., <br><br> Defendants. <br><br> --- <br><br> EXXON MOBIL CORPORATION, <br><br> Third-Party Plaintiff, <br><br> -against- <br><br> ACE WASTE OIL, INC., et al., <br><br> Third-Party Defendants. | Case No. 1:12-CV-03771 (PKC) (JO) <br><br> **ANSWER TO THIRD-PARTY DEFENDANT REVERE COPPER PRODUCT INC.'S COUNTERCLAIMS AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF EXXON MOBIL CORPORATION** |

Defendant/third-party plaintiff Exxon Mobil Corporation ("ExxonMobil") by its attorneys as and for its answer to the counterclaim ("Counterclaim") of third-party defendant Revere Copper Products, Inc. ("Revere Copper" or "Third-Party Defendant"), states as follows:

1. The allegations contained in paragraph 55 of the Counterclaim state legal conclusions to which no responsive pleading is required. Furthermore, to the extent this paragraph refers to various statutes, such statutes speak for themselves.

2. The allegations contained in paragraph 56 of the Third-Party Defendant's Counterclaim refer to the Third-Party Complaint to which no responsive pleading is required. Furthermore, the Third-Party Complaint speaks for itself.

3. The allegations contained in paragraph 57 of the Third-Party Defendant's Counterclaim refer to the Third-Party Complaint to which no responsive pleading is required. Furthermore, the Third-Party Complaint speaks for itself. Moreover, to the extent the allegations refer to various statutes, such statutes speak for themselves.

4. The allegations contained in paragraph 58 of the Third-Party Defendant's Counterclaim refer to the Third-Party Complaint to which no responsive pleading is required. Furthermore, the Third-Party Complaint speaks for itself. Moreover, to the extent the allegations refer to various statutes, such statutes speak for themselves.

5. The allegations contained in paragraph 59 of the Third-Party Defendant's Counterclaim refer to the Third-Party Complaint to which no responsive pleading is required. Furthermore, the Third-Party Complaint speaks for itself. Moreover, to the extent the allegations refer to various statutes, such statutes speak for themselves.

6. The allegations contained in paragraph 60 of the Third-Party Defendant's Counterclaim refer to the Third-Party Complaint to which no responsive pleading is required. Furthermore, the Third-Party Complaint speaks for itself. Moreover, to the extent the allegations refer to various statutes, such statutes speak for themselves.

7. The allegations contained in paragraph 61 of the Third-Party Defendant's Counterclaim refer to the Complaint to which no responsive pleading is required. Furthermore, the Complaint speaks for itself.

8. ExxonMobil denies the allegations contained in paragraph 62 of Third-Party Defendant's Counterclaim except that ExxonMobil admits that its predecessors owned real property known as the Pratt Oil Works located in-part along Review Avenue in Long Island City,

Queens, New York. Furthermore, to the extent the allegations refer to various statutes, such statutes speak for themselves.

9. The allegations contained in paragraph 63 of the Counterclaim state legal conclusions to which no responsive pleading is required. Furthermore, to the extent this paragraph refers to various statutes, such statutes speak for themselves.

10. The allegations contained in paragraph 64 of the Counterclaim state legal conclusions to which no responsive pleading is required. Furthermore, to the extent this paragraph refers to various statutes, such statutes speak for themselves.

11. ExxonMobil denies the allegations contained in paragraph 65 of the Counterclaim.

12. ExxonMobil denies the allegations contained in paragraph 66 of the Counterclaim.

13. ExxonMobil denies the allegations contained in paragraph 67 of the Counterclaim.

14. The allegations contained in paragraph 68 of the Counterclaim state legal conclusions, no responsive pleading is required.

15. ExxonMobil denies the allegations contained in paragraph 69 of the Counterclaim.

## **AFFIRMATIVE DEFENSES**

ExxonMobil adopts and incorporates by reference the affirmative defenses pleaded in its Answer to the Complaint and incorporates by reference the affirmative defenses pleaded by all other parties.

**WHEREFORE,** ExxonMobil demands judgment against Revere Copper as follows:

    a)    dismissing Revere Copper's Counterclaim;

    b)    awarding ExxonMobil its reasonable attorneys' fees;

    c)    awarding ExxonMobil its cost of suit; and

    d)    such other relief as the Court shall deem just and equitable.

Dated: October 8, 2013
New York, New York

MCCUSKER, ANSELMI, ROSEN & CARVELLI

By: _____/s/_____

Andrew E. Anselmi
Maura W. Sommer
805 Third Avenue, 12th Floor
New York, New York 10022
(212) 308-0070
*Attorneys for Third-Party Plaintiff*
*Exxon Mobil Corporation*