UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHOENIX BEVERAGES, INC., RODB, LLC, WINDMILL DISTRIBUTING COMPANY, LP., UP FROM THE ASHES, INC., and other affiliated companies of PHOENIX BEVERAGES, INC.,

Plaintiff,

-against-

EXXON MOBIL CORPORATION, EXXONMOBIL RESEARCH AND ENGINEERING COMPANY and QUANTA RESOURCES CORPORATION,

Defendants.

EXXON MOBIL CORPORATION,

Third-Party Plaintiff,

-against-

ACE WASTE OIL, INC.; ACTIVE OIL SERVICE; ANDAX ENVIRONMENTAL CORP.; AVCO CORPORATION (a/k/a AVCO LYCOMING); CONOCOPHILLIPS COMPANY; CROSMAN CORP. (f/k/a COLEMAN AIRGUNS, INC. (f/k/a CROSMAN ARMS COMPANY, INC.); CROWN CORK & SEAL COMPANY, INC.; EMHART TEKNOLOGIES, LLC; INDUSTRIAL DEVELOPMENT CORP. (a/k/a INDUSTRIAL ENVIRONMENTAL ); THE HERTZ CORPORATION; KRAFT FOODS GLOBAL, INC. (f/k/a WARE CHEMICAL); THE MARLIN FIREARMS COMPANY; NEAPCO, INC. (a/k/a UNITED COMPONENTS, INC.); NEW YORK CITY TRANSIT AUTHORITY; NL INDUSTRIES, INC.; NOVELIS CORPORATION (f/k/a ALCAN ALUMINUM CORPORATION)) (a/k/a ALCAN SHEET & PLATE); PEABODY COASTAL (a/k/a PULLMAN, INC.) PROCTER & GAMBLE HAIRCARE, LLC; REVERE COPPER PRODUCTS, INC. (a/k/a REVERE COPPER & BRASS INCORPORATED); REXAM BEVERAGE CAN COMPANY (a/k/a NATIONAL CAN COMPANY)

Case No. 1:12-CV-03771 (PKC) (JO)

ANSWER, AFFIRMATIVE DEFENSES, CROSSCLAIMS, COUNTERCLAIMS, AND ANSWER TO ALL CROSSCLAIMS OF THIRD PARTY DEFENDANT CONOCOPHILLIPS COMPANY TO THIRD PARTY COMPLAINT OF EXXON MOBIL CORPORATION

(a/k/a AMERICAN NATIONAL CAN COMPANY); RIVER TERMINAL DEVELOPMENT (SCRAP YARD DIVISION) (a/k/a RTC PROPERTIES (f/k/a UNION MINERAL & ALLOYS CORP.); SIMMONDS PRECISION PRODUCTS, INC.; SUNOCO, INC. (a/k/a SUN OIL REFINERY) (f/k/a SUN OIL CO.); TDY INDUSTRIES, INC.; UNITED SITE SERVICES (f/k/a AMERICAN CLASSIC SANITATION) (f/k/a FARNHAM ENVIRONMENTAL & FARNHAM SANITATION SYSTEMS OF CT); UNITED STATES DEPARTMENT OF THE AIR FORCE; UNITED STATES DEPARTMENT OF THE ARMY; UNITED STATES DEPARTMENT OF THE COAST GUARD; UNITED STATES DEPARTMENT OF DEFENSE; UNITED STATES DEPARTMENT OF THE NAVY; UNITED STATES OF AMERICA; WALLACE INDUSTRIES, INC. (a/k/a WALLACE STEEL CORP.); WASTE MANAGEMENT OF MARYLAND, INC.; WYMAN-GORDON COMPANY, ALCOA INC. (f/k/a ALUMINUM COMPANY OF AMERICA); BASF CORPORATION; BEAZER EAST, INC. (f/k/a KOPPERS COMPANY, INC.); BORG WARNER INC. (a/k/a MORSE CHAIN); CARRIER CORPORATION (CARLYLE COMPRESSOR DIVISION); ELECTRIC BOAT CORPORATION, A GENERAL DYNAMICS COMPANY; FORD MOTOR COMPANY; HONEYWELL INTERNATIONAL, INC. (f/k/a ALLIED SIGNAL); INGERSOLL RAND COMPANY; NORTHROP GRUMMAN CORP. (a/k/a GRUMMAN AEROSPACE CORP.) (a/k/a TRW, INC.); QUALITY CARRIERS, INC. (f/k/a CHEMICAL LEAMAN TANK LINES, INC.); REYNOLDS METALS CO. (a/k/a REYNOLDS ALUMINUM); ROCKWELL AUTOMATION (a/k/a ROCKWELL INTERNATIONAL) SIKORSKY AIRCRAFT CORPORATION; STANLEY BLACK & DECKER (f/k/a THE STANLEY WORKS); UNITED TECHNOLOGIES CORPORATION (a/k/a PRATT & WHITNEY),

Third-Party Defendants.

Third–Party Defendant, ConocoPhillips Company ("COP"), by and through its undersigned counsel, Waters, McPherson McNeill, P.C. answers the Third Party Complaint ("Complaint") of Third Party Plaintiff, Exxon Mobil Corporation ("Third-Party Plaintiff") as follows:

**INTRODUCTION**

1. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same.

2. Denied. The averments contained in this paragraph of Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

3. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same.

4. Denied. Answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore denies same. In addition, the allegations contained in this paragraph of the Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

5. Denied. Answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore denies same. In addition, the allegations contained in this paragraph of the Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

**THE THIRD-PARTY DEFENDANTS**

6. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same.

7. Denied as to Third Party Defendant COP; Third Party Defendant COP is without knowledge or information sufficient to form a belief as to the truth of the averments against the other Third Party Defendants.

8. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same.

9. Denied, as to the first sentence of paragraph 9; Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same; as to the second sentence of Paragraph 9, denied as to Third Party Defendant COP; Third Party Defendant COP is without knowledge or information sufficient to form a belief as to the truth of the averments against the other Third Party Defendants.

10. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same.

11. Denied. Answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore denies same. In addition, the allegations contained in this paragraph of the Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

12. Denied. Answering Third Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore denies same. In addition, the allegations contained in this paragraph of the Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

## JURISDICTION AND VENUE

13. Denied. The averments contained in this paragraph of Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

14. Denied. The averments contained in this paragraph of Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

## COUNT I

### Cost Recovery Pursuant to Section 107(a) of CERCLA

15. Answering Third-Party Defendant hereby incorporates its answers to paragraphs 1 through 14 as though the same were set forth more fully at length herein.

16. Denied. The averments contained in this paragraph of Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

17. Denied. The averments contained in this paragraph of Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

18. Denied. The averments contained in this paragraph of Third-Party Plaintiff's Complaint contain conclusions of law to which no additional response is required.

19. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

20. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

21. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

22. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

23. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

24. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

25. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

**COUNT II**

**Contribution Claim for Relief Under Section 113 of CERCLA**

26. Answering Third-Party Defendant hereby incorporations its answers to paragraphs 1 through 25 as though the same were set forth more fully at length herein.

27. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

28. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same. The averments contained in this paragraph of Third-Party Plaintiff's Complaint also contain conclusions of law to which no additional response is required.

**COUNT III**

**Claim for Declaratory Judgment Under Section 113(g)(2) of CERCLA**

29. Answering Third-Party Defendant hereby incorporations its answers to paragraphs 1 through 28 as though the same were set forth more fully at length herein.

30. Denied. Answering Third-Party Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments and, therefore, denies same.

31. Denied.

**COUNT IV**

**Contribution Claim for Relief Pursuant to C.P.L.R. Section 1401**

32. Answering Third-Party Defendant hereby incorporations its answers to paragraphs 1 through 31 as though the same were set forth more fully at length herein.

33. Denied as to Third-Party Defendant COP; Third Party Defendant COP is without knowledge or information sufficient to form a belief as to the truth of the averments against the other Third Party Defendants.

34. Denied.

35. Denied.

**WHEREFORE**, Answering Third-Party Defendant demands this Court dismiss Third-Party Plaintiff's Complaint with prejudice and award reasonable counsel fees, costs of suit and such other relief in favor of Answering Third-Party Defendant as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1. Third-Party Plaintiff's claims are barred for failure to state a claim for which relief may be granted.

2. Third-Party Plaintiff's claims are barred by the applicable statute of limitations.

3. Third-Party Defendant denies that Third-Party Plaintiff has suffered any harm whatsoever, but in the event that it has, the cause thereof is beyond the control or responsibility of Third-Party Defendant ConocoPhillips Company and is solely the responsibility of third-parties over whom Third-Party Defendant ConocoPhillips Company had no responsibility or right of control.

4. If Third-Party Plaintiff sustained any injury or is entitled to any damages, such

injury and damages were wholly, or in part, caused by Third-Party Plaintiff's own acts or omissions, negligence, lack of due care and fault and/or that of Third-Party Plaintiff's agents or employees. In the event that Third-Party Plaintiff is found to have sustained any injury and is entitled to damages, Third-Party Plaintiff's recovery against Third-Party Defendant ConocoPhillips Company, if any, must be reduced by the proportionate damages caused by he acts and conduct of Third-Party Plaintiff and/or its agents or employees

5. The damages sustained by Third-Party Plaintiff, if any, were the result of actions of an independent contractor precluding any liability on the part of Third-Party Defendant ConocoPhillips Company.

6. The damages Third-Party Plaintiff seeks, if awarded, would result in unjust enrichments to Third-Party Plaintiff.

7. Third-Party Plaintiff's claims are barred in that Third-Party Defendant ConocoPhillips Company has complied with, and satisfied, all applicable laws, regulations, rules, orders, directives and /or other requirements of local, state and/or federal agencies.

8. Third-Party Plaintiff has failed to take reasonable steps to mitigate its damages, if any, and as a result of such failure, Third-Party Plaintiff's claims against Third-Party Defendant ConocoPhillips Company must be reduced, excused and/or discharged.

9. If it is determined that Third-Party Defendant ConocoPhillips Company engaged in any of the activities alleged in Third-Party Plaintiff's Complaint, which Third-Party Defendant ConocoPhillips Company denies, such activities were *de minimis* and not the cause of any damages or injuries alleged to have been sustained by Third-Party Plaintiff.

10. Third-Party Plaintiff's damages or injuries, if any, were not caused by Third-Party Defendant ConocoPhillips Company.

11. To the extent that claims asserted in Third-Party Plaintiff's Complaint against Third-Party Defendant ConocoPhillips Company on the basis of alleged joint and several liability, they are barred or limited because: (1) the acts and omissions of all other parties were separate and distinct from those, if any, of Third-Party Defendant ConocoPhillips Company; (2) neither the common law nor any federal or state statute renders Third-Party Defendant ConocoPhillips Company jointly and severally liable for the acts or omissions of other Third-Party Defendants; (3) Third-Party Plaintiff is liable for all or a portion of the relief they seek; and (4) the injury, harm and costs that are the subject of Third-Party Plaintiff's claims are reasonably capable of apportionment.

12. Any recovery against Third-Party Defendant ConocoPhillips Company for alleged cleanup and removal costs is barred to the extent that it would be an unlawful double recovery and/or multiple compensation for the same alleged damages or injuries.

13. Third-Party Plaintiff's claims are barred to the extent that Third-Party Plaintiff seek to recover costs, damages and expenses including, but not limited to cleanup and/or removal costs that Third-Party Plaintiff improperly incurred.

14. Sources and conditions other than that of Third-Party Defendant ConocoPhillips Company were the source of any alleged damage or injury.

15. The costs incurred for cleanup and removal costs have not been in accordance with the National Contingency Plan to the greatest extent possible.

16. Third-Party Plaintiff's claims are barred by lack of standing.

17. Third-Party Plaintiff's claims are barred by lack of subject matter jurisdiction.

18. Third-Party Plaintiff's Complaint is barred by the doctrine of waiver.

19. Third-Party Plaintiff's Complaint is barred by the doctrine of estoppel.

20. Third-Party Plaintiff's Complaint is barred by the doctrine of laches.

21. Third-Party Plaintiff's Complaint is barred by the doctrine of unclean hands.

22. Third-Party Plaintiff's Complaint claims are barred in that Answering Third-Party Defendant did not commit any wrongful, illegal or inappropriate acts.

23. Third-Party Plaintiff's claims are barred because Answering Third-Party Defendant has not breached any legal duty owed to Third-Party Plaintiff.

24. Third-Party Plaintiff's Complaint is barred due to the statutory defenses afforded Third-Party Defendant ConocoPhillips Company under CERCLA.

25. Any damages to Third-Party Plaintiffs were caused by individuals or entities over which Answering Third-Party Defendant did not exercise or have control.

26. Answering Defendant reserves the right to interpose such other defenses and objections as continuing discovery may disclose.

**CROSSCLAIMS**

Crossclaimant, Third-Party Defendant ConocoPhillips Company, without admitting any matters not specifically admitted in its pleadings, by way of Crossclaim against the other Third-Party Defendants in this matter states:

**COUNT I**

**Contribution under Section 113 of CERCLA**

Third-Party Plaintiff, Quanta Resources Corporation alleges that it has paid or will pay response costs which are greater than its fair share of the claims that Plaintiff Phoenix Beverage, et. al made or could have made in this action. While denying any liability to the Third-Party Plaintiffs, should any liability be adjudged against the Third-Party Defendant ConocoPhillips Company, ConocoPhillips Company asserts that Co-Third-Party Defendants are liable to Third-

Party Defendant ConocoPhillips Company for contribution under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

WHEREFORE, the Third-Party Defendant ConocoPhillips Company demands judgment for contribution against Co-Third-Party Defendants together with reasonable counsel fees, costs of suit and such other relief as the Court deems just and equitable.

**COUNT II**

**Contribution under C.P.L.R. Section 1401**

Crossclaimant, Third-Party Defendant ConocoPhillips Company, without admitting any matters not specifically admitted in its pleadings, by way of Crossclaim against the other Third-Party Defendants in this matter states:

Third-Party Plaintiff, Exxon Mobil Corporation alleges that Third-Party Defendant ConocoPhillips Company status is that of a tortfeasor as a result of its alleged conduct. While denying any liability to the Third-Party Plaintiff, should any liability be adjudged against the Third-Party Defendant ConocoPhillips Company as a tortfeasor, ConocoPhillips Company is entitled to contribution from Co-Third-Party Defendants pursuant to C.P.L.R. § 1401.

WHEREFORE, the Third-Party Defendant ConocoPhillips Company demands judgment for contribution against Co-Third-Party Defendants together with reasonable counsel fees, costs of suit and such other relief as the Court deems just and equitable.

**COUNTERCLAIM**

Counterclaimant, Third-Party Defendant ConocoPhillips Company, without admitting any matters not specifically admitted in its pleadings, by way of Counterclaim against Third-Party Plaintiff Exxon Mobil Corporation in this matter states:

**COUNT I**

**Contribution under Section 113 of CERCLA**

While denying any liability to the Third-Party Plaintiff Exxon Mobil Corporation, should any liability be adjudged against the Third-Party Defendant ConocoPhillips Company, ConocoPhillips Company asserts that Third-Party Plaintiff Exxon Mobil Corporation is liable to Third-Party Defendant ConocoPhillips Company for contribution under Section 113(f) of CERCLA, 42 U.S.C. § 9613(f).

WHEREFORE, the Third-Party Defendant ConocoPhillips Company demands judgment for contribution against Third-Party Plaintiff Quanta Resource Corporation together with reasonable counsel fees, costs of suit and such other relief as the Court deems just and equitable.

**COUNT II**

**Contribution under C.P.L.R. Section 1401**

Third-Party Plaintiff, Exxon Mobil Corporation status is that of a tortfeasor as a result of its alleged conduct. While denying any liability to the Third-Party Plaintiff, Exxon Mobil Corporation, should any liability be adjudged against the Third-Party Defendant ConocoPhillips Company as a tortfeasor, ConocoPhillips Company is entitled to contribution from Third-Party Plaintiffs, Exxon Mobil Corporation pursuant to C.P.L.R. § 1401.

WHEREFORE, the Third-Party Defendant ConocoPhillips Company demands judgment for contribution against Third-Party Plaintiff, Exxon Mobil Corporation together with reasonable counsel fees, costs of suit and such other relief as the Court deems just and equitable.

**ANSWER TO ALL CROSSCLAIMS**

Third-Party Defendant ConocoPhillips Company denies the allegations and denies liability asserted in any crossclaims filed by any party in this case.

WHEREFORE, Third-Party Defendant ConocoPhillips Company demands judgment dismissing crossclaims asserted against it by any other party in the case, together with reasonable counsel fees, costs of suit and such other relief as the Court deems just and equitable.

WATERS, McPHERSON, McNEILL, P.C.
300 Lighting Way, P.O. Box 1560
Secaucus, New Jersey 07096
(201) 863-4400
dfay@lawwmm.com
Attorneys for Third-Party Defendant
CONOCOPHILLIPS COMPANY

By: S/ Donald J. Fay, Esq.
DONALD J. FAY, ESQ. (DF 5389)

DATED: October 18, 2013

767676

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

PHOENIX BEVERAGES, INC., RODB, LLC, WINDMILL DISTRIBUTING COMPANY, LP., UP FROM THE ASHES, INC., and other affiliated companies of PHOENIX BEVERAGES, INC.,

Plaintiff,

-against-

EXXON MOBIL CORPORATION, EXXONMOBIL RESEARCH AND ENGINEERING COMPANY and QUANTA RESOURCES CORPORATION,

Defendants.

Case No. 1:12-CV-03771 (PKC) (JO)

CERTIFICATE OF SERVICE

EXXON MOBIL CORPORATION,

Third-Party Plaintiffs,

-against-

ACE WASTE OIL, INC.; ACTIVE OIL SERVICE; ANDAX ENVIRONMENTAL CORP.; AVCO CORPORATION (a/k/a AVCO LYCOMING); CONOCOPHILLIPS COMPANY; CROSMAN CORP. (f/k/a COLEMAN AIRGUNS, INC. (f/k/a CROSMAN ARMS COMPANY, INC.); CROWN CORK & SEAL COMPANY, INC.; EMHART TEKNOLOGIES, LLC; INDUSTRIAL DEVELOPMENT CORP. (a/k/a INDUSTRIAL ENVIRONMENTAL ); THE HERTZ CORPORATION; KRAFT FOODS GLOBAL, INC. (f/k/a WARE CHEMICAL); THE MARLIN FIREARMS COMPANY; NEAPCO, INC. (a/k/a UNITED COMPONENTS, INC.); NEW YORK CITY TRANSIT AUTHORITY; NL INDUSTRIES, INC.; NOVELIS CORPORATION (f/k/a ALCAN ALUMINUM CORPORATION)) (a/k/a ALCAN SHEET & PLATE); PEABODY COASTAL (a/k/a PULLMAN, INC.) PROCTER & GAMBLE HAIRCARE, LLC; REVERE COPPER PRODUCTS, INC. (a/k/a REVERE COPPER & BRASS INCORPORATED); REXAM BEVERAGE CAN COMPANY (a/k/a NATIONAL CAN COMPANY) (a/k/a AMERICAN NATIONAL CAN COMPANY);

RIVER TERMINAL DEVELOPMENT (SCRAP YARD DIVISION) (a/k/a RTC PROPERTIES (f/k/a UNION MINERAL & ALLOYS CORP.); SIMMONDS PRECISION PRODUCTS, INC.; SUNOCO, INC. (a/k/a SUN OIL REFINERY) (f/k/a SUN OIL CO.); TDY INDUSTRIES, INC.; UNITED SITE SERVICES (f/k/a AMERICAN CLASSIC SANITATION) (f/k/a FARNHAM ENVIRONMENTAL & FARNHAM SANITATION SYSTEMS OF CT); UNITED STATES DEPARTMENT OF THE AIR FORCE; UNITED STATES DEPARTMENT OF THE ARMY; UNITED STATES DEPARTMENT OF THE COAST GUARD; UNITED STATES DEPARTMENT OF DEFENSE; UNITED STATES DEPARTMENT OF THE NAVY; UNITED STATES OF AMERICA; WALLACE INDUSTRIES, INC. (a/k/a WALLACE STEEL CORP.); WASTE MANAGEMENT OF MARYLAND, INC.; WYMAN-GORDON COMPANY, ALCOA INC. (f/k/a ALUMINUM COMPANY OF AMERICA); BASF CORPORATION; BEAZER EAST, INC. (f/k/a KOPPERS COMPANY, INC.); BORG WARNER INC. (a/k/a MORSE CHAIN); CARRIER CORPORATION (CARLYLE COMPRESSOR DIVISION); ELECTRIC BOAT CORPORATION, A GENERAL DYNAMICS COMPANY; FORD MOTOR COMPANY; HONEYWELL INTERNATIONAL, INC. (f/k/a ALLIED SIGNAL); INGERSOLL RAND COMPANY; NORTHROP GRUMMAN CORP. (a/k/a GRUMMAN AEROSPACE CORP.) (a/k/a TRW, INC.); QUALITY CARRIERS, INC. (f/k/a CHEMICAL LEAMAN TANK LINES, INC.); REYNOLDS METALS CO. (a/k/a REYNOLDS ALUMINUM); ROCKWELL AUTOMATION (a/k/a ROCKWELL INTERNATIONAL) SIKORSKY AIRCRAFT CORPORATION; STANLEY BLACK & DECKER (f/k/a THE STANLEY WORKS); UNITED TECHNOLOGIES CORPORATION (a/k/a PRATT & WHITNEY),

Third-Party Defendants.

I, **Donald J. Fay,** do hereby certify that on October 18, 2013, I electronically filed and served the **ANSWER, AFFIRMATIVE DEFENSES, CROSSCLAIMS, COUNTER-**

**CLAIMS, AND ANSWER TO ALL CROSSCLAIMS OF THIRD PARTY DEFENDANT CONOCOPHILLIPS COMPANY TO THE THIRD PARTY COMPLAINT OF EXXON MOBIL CORPORATION** with the Clerk of the United States District Court for the Eastern District of New York using the CM/ECF system.

Dated: NEW YORK, NEW YORK
October 18, 2013

Respectfully submitted,

WATERS, MCPHERSON, MCNEILL, P.C.
300 Lighting Way, 7th Floor, Secaucus, NJ 07096
201-863-4400
dfay@lawwmm.com
Attorneys for Defendant
CONOCOPHILLIPS COMPANY

By: S/ Donald J. Fay, Esq.
DONALD J. FAY, ESQ. (DF5389)

767677