

                        **U.S. Department of Justice**

                        *United States Attorney*
                        *Eastern District of New York*

---

                        *271 Cadman Plaza East*
                        *Brooklyn, New York 11201*

                        October 28, 2013

**ELECTRONICALLY FILED**
Honorable Pamela K. Chen
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Phoenix Beverages, Inc., et al. v. Exxon Mobil Corp., et al.
               CV-12-3771 (Chen, J.) (Orenstein, M.J.)

Dear Judge Chen:

      The Federal Third-Party Defendants ("TPDs") write respectfully to request a pre-motion conference for the Federal TPDs' planned motion to dismiss Counts I and IV of the Third-Party Complaints ("Third-Party Complaints" or "3d Pty. Complts.") of Exxon Mobil Corporation ("Exxon") and Quanta Resources Corporation ("Quanta") (collectively "Third-Party Plaintiffs" or "TPPs") pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).[1] Alternatively, the Federal TPDs respectfully request that, pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), the Court extend the Federal TPDs' time to answer or renew their request for a pre-motion conference to 14 days after the ruling of the Court on a substantially similar motion in DMJ Assocs., LLC v. Capasso, et al., 97-CV-07285 (Irizarry, J.) (Levy, M.J.) ("DMJ Action"), as the Court ordered on September 27, 2013 as to certain other TPDs in the instant action.[2]

---

[1] The "Federal TPDs" named in Exxon's third-party complaint are the United States Department of the Air Force, the United States Department of the Army, the United States Department of the Coast Guard, the United States Department of Defense, and the United States Department of the Navy. The Federal TPDs named in Quanta's third-party complaint include these five agencies or departments of the United States as well as the United States of America. For the sake of convenience, they will all be described as the "Federal TPDs" in this letter.

[2] Because the Third-Party Complaints were served on the United States Attorney's Office on August 27, 2013, pursuant to Fed. R. Civ. P. 12(a)(2), the Federal TPDs' answer is due today The Federal TPDs expressly reserve their right to assert a defense of insufficient service of process under Fed. R. Civ. P. 4(i), as well as other defenses to the Third-Party Complaints.

The Third-Party Complaints allege four claims against the Federal TPDs: a claim under Section 107(a) of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9607(a) ("Section 107(a)") (Count I); a claim under Section 113(f) of CERCLA, 42 U.S.C. 9613(f) ("Section 113(f)") (Count II); a claim under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2) (Count III); and a claim under Section 1401 of New York Civil Practice Law and Rules, N.Y. C.P.L.R. § 1401 (Count IV). The Federal TPDs anticipate moving to dismiss Counts I and IV of the Third-Party Complaints.

With respect to Count I of the Third-Party Complaints, the Federal TPDs concur with the position summarized in the pre-motion conference requests of TPD Rexam Beverage Can Company ("Rexam"), Docket Nos. 81 and 82, that TPPs cannot assert a claim under Section 107(a) of CERCLA because Section 113(f) of CERCLA is the TPPs' exclusive recourse (if any). Like Rexam, the Federal TPDs have briefed a motion in the DMJ Action to dismiss TPPs' Section 107(a) claim on substantially similarly grounds.[3]

To elaborate on Rexam's summary of the argument, TPPs plainly fall within the terms of Section 113 of CERCLA because Phoenix sued them under Section 107 – thereby triggering Section 113(f)(1). As one court aptly noted, "If a party . . . could simply repackage its § 113(f) claim for contribution as one for recovery under § 107(a), then the structure of CERCLA remedies would be completely undermined." Solutia, Inc. v. McWane, Inc., 672 F.3d 1230, 1236 (11th Cir.), cert. denied, 133 S. Ct. 427 (2012). The Court should deny the availability of a Section 107(a) remedy "in order to ensure the continued vitality of the precise and limited right to contribution." Morrison Enterprises, LLC v. Dravo Corp., 638 F.3d 594, 603 (8th Cir.), cert. denied, 132 S. Ct. 244 (2011); accord, Niagara Mohawk Power Corp. v. Chevron U.S.A., Inc., 596 F.3d 112, 128 (2d Cir. 2010) ("To allow [the plaintiff] to proceed under § 107(a) would in effect nullify the SARA amendment [that codified the contribution remedy under CERCLA] and abrogate the requirements Congress placed on contribution claims under § 113."). Here, whatever amounts TPPs are entitled to recover must be sought under Section 113(f).

The Federal TPDs' motion would be based on the allegations of the Third-Party Complaints, wherein TPPs have alleged the elements of a claim for contribution under Section 113(f)(1). Among other things, TPPs have alleged:

Subject to Civil Action: This third-party action follows the commencement of the underlying first-party action by Phoenix Beverages, Inc. and others (collectively "Phoenix") under, *inter alia*, Section 107(a) of CERCLA, in which Phoenix sought payment of past and future costs incurred in response to the alleged presence of hazardous substances on certain property in Queens, New York described as the "Phoenix Property." Exxon 3d Pty. Complt. ¶¶ 1 & 2 (Docket No. 74), and Exhibit ("Ex.") A thereto; Quanta 3d Pty. Complt. ¶ 1 (Docket No. 75), and Ex. A thereto.

---

[3] The motions to dismiss the Section 107(a) claims in the DMJ Action will be filed shortly, now that the Court has granted the TPDs' motion to file certain documents under seal in connection with that motion. See DMJ Action, Order dated October 25, 2013.

Payment of Response Costs:   The Third-Party Complaints allege that TPPs have expended response costs in connection with the Phoenix Property, and that they will expend additional response costs in the future.   Exxon 3d. Pty. Complt. ¶¶ 22-23; Quanta 3d. Pty. Complt. ¶¶ 20-22.

Payments of More Than Their Fair Share:   The Third-Party Complaints allege, *inter alia*, that to the extent that TPPs are adjudged liable to Phoenix in the underlying first-party action, TPPs seek contribution from the Federal TPDs under Section 113(f) of CERCLA, for costs they have and/or will incur as a result of Phoenix's action in excess of their several shares.  Exxon 3d. Pty. Complt. ¶¶ 4, 28; Quanta 3d. Pty. Complt. ¶¶ 3, 27.

Common Liability:   In the underlying complaint, Phoenix alleged that the hazardous substances on the Phoenix Property were released, in part, from the facility formerly owned and operated by TPP Quanta Resources Corporation.  Exxon 3d Pty. Complt. ¶¶ 1 & 2, and Ex. A thereto; Quanta 3d Pty. Complt. ¶¶ 1 & 2, and Ex. A thereto.  TPPs allege in their Third-Party Complaints that the Federal TPDs are liable for such releases.   Exxon 3d. Pty. Complt. ¶¶ 7-12; Quanta 3d. Pty. Complt. ¶¶ 6-10.   As such, TPPs' own allegations demonstrate that all of the response costs allegedly incurred, and to be incurred, go toward extinguishing a common liability within the meaning of Section 113(f)(1) of CERCLA.

Once Phoenix filed the underlying complaint in this action, TPPs had a claim (if any) for contribution under Section 113(f)(1) of CERCLA for all of the response costs that they are currently seeking in Count I of their respective Third-Party Complaints under Section 107(a) of CERCLA.  TPPs' exclusive recourse (if any) for recovery of alleged response costs is in contribution under Section 113(f)(1), and not for cost recovery under Section 107(a).    See Niagara Mohawk, 596 F.3d at 128; Solutia, 672 F.3d at 1236-7; Morrison, 638 F.3d at 603-04. For these reasons and those set forth in the motions to dismiss the Section 107(a) claim in the DMJ action, and anticipated to be set forth in the similar motion in this action, Count I of TPPs' Third-Party Complaints should be dismissed.

With respect to Count IV of the Third-Party Complaints, because TPPs have failed to plead or otherwise demonstrate a waiver of sovereign immunity for assertion of their state law claim against the Federal TPDs, the Federal TPDs anticipate moving to dismiss this claim against the Federal TPDs for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), while reserving their right to dismiss the Section 1401 claim on other grounds.   The Federal TPDs made an identical motion in the DMJ Action, Docket Nos. 1177 and 1178.   Instead of opposing the Federal TPDs' motion in the DMJ Action, the TPPs stipulated to dismiss with prejudice the Section 1401 claim that they had asserted against the Federal TPDs under Section 1401.  DMJ Action, Docket No. 1193.

While reserving the right to assert additional arguments, the Federal TPDs plan to move to dismiss Counts I and IV as against the Federal TPDs, and hereby request a pre-motion conference concerning such motion, or, alternatively, respectfully request that the Court's Supplemental Order dated September 27, 2013 be applied to the Federal TPDs to extend the Federal TPDs' time to file an answer or to renew their request for a pre-motion conference to 14

days after the Court's ruling on the motion to dismiss the 107(a) claim in the DMJ Action.

                                                Respectfully submitted,

                                                LORETTA E. LYNCH
                                                United States Attorney

                                By:    /s *Sandra L. Levy*
                                                Sandra L. Levy
                                                Assistant U.S. Attorney
                                                (718) 254-6014

cc:       Counsel for Parties (by ECF)