**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| PHOENIX BEVERAGES, INC., RODB, LLC, WINDMILL DISTRIBUTING COMPANY, L.P., UP FROM THE ASHES, INC., AND OTHER AFFIILIATED COMPANIES OF PHOENIX BEVERAGES, INC.<br><br>    Plaintiffs,<br><br>-against-<br><br>EXXON MOBIL CORPORATION, EXXON MOBIL RESEARCH AND ENGINEERING COMPANY AND QUANTA RESOURCES CORPORATION<br><br>    Defendants. | Civil Action No. 1:12-cv-03771 (PKC) (JO)<br><br>ANSWER TO THE THIRD-PARTY COMPLAINT OF EXXON MOBIL CORPORATION, AFFIRMATIVE DEFENSES, ANSWER TO CROSS-CLAIMS AND JURY DEMAND OF THIRD-PARTY DEFENDANT WYMAN-GORDON COMPANY |
| EXXON MOBIL CORPORATION<br><br>    Third-Party Plaintiff,<br><br>-against-<br><br>ACE WASTE OIL, INC., et al.,<br><br>    Third-Party Defendants. | |

Third-Party Defendant Wyman-Gordon Company ("Wyman-Gordon"), by and through its attorneys, Schenck, Price, Smith & King, LLP, for its answer to the Third-Party Complaint of Exxon Mobil Corporation ("Exxon"), states as follows:

**INTRODUCTION**

1.      The allegations set forth in paragraph 1 of the Third-Party Complaint refer to and attempt to characterize the Complaint of Phoenix Beverages, Inc. and other Plaintiffs

("Phoenix"); therefore no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

2. The allegations set forth in paragraph 2 of the Third-Party Complaint, and all of its subparts, refer to and attempt to characterize the Complaint of Phoenix; therefore no response is required. To the extent the allegations set forth in this paragraph, including all of its subparts, are an effort to impute liability to Wyman-Gordon, they are denied.

3. The allegations set forth in paragraph 3 of the Third-Party Complaint attempt to characterize the answer of Exxon to the Phoenix Complaint; therefore no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

4. The allegations set forth in paragraph 4 of the Third-Party Complaint is a statement of the relief requested and therefore no response is required. To the extent a response may be required, these allegations are denied.

5. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Third Party Complaint. Therefore these allegations are denied.

6. Wyman-Gordon is without knowledge of information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 of the Third-Party Complaint. Therefore the allegations are denied.

## THE THIRD-PARTY DEFENDANTS

7. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Third-Party Complaint; therefore these allegations are denied.

8. The allegations set forth in paragraph 8 of the Third-Party Complaint refer to and attempt to characterize the Complaint of Phoenix; therefore no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

9. The allegations contained in paragraph 9 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent the allegations contained in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

10. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint. Therefore these allegations are denied.

11. The allegation set forth in paragraph 11 of the Third-Party Complaint is a statement of the relief requested to which no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

12. The allegations set forth in paragraph 12 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore these allegations are denied.

## JURISDICTION AND VENUE

13. The allegations set forth in paragraph 13 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

14. The allegations set forth in paragraph 14 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

## **COUNT I**

15. Wyman-Gordon repeats its answers to the allegations of paragraphs 1-14 of the Third-Party Complaint as if set forth at length herein.

16. The allegations set forth in paragraph 16 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

17. The allegations set forth in paragraph 17 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

18. The allegations set forth in paragraph 18 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore these allegations are denied.

19. The allegations set forth in paragraph 19 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore these allegations are denied.

20. The allegations set forth in paragraph 20 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required,

Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore these allegations are denied.

21. The allegations set forth in paragraph 21 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, these allegations are denied.

22. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Third-Party Complaint. Therefore these allegations are denied.

23. The allegations set forth in paragraph 23 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, Wyman-Gordon in without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore, these allegations are denied.

24. The allegations set forth in paragraph 24 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, Wyman-Gordon in without information or knowledge sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore, these allegations are denied.

25. Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Third-Party Complaint. Therefore these allegations are denied.

## COUNT II

26. Wyman-Gordon repeats its answers to the allegations of paragraphs 1-25 of the Third-Party Complaint as if set forth at length herein.

27. The allegations set forth in paragraph 27 of the Third-Party Complaint refer to and attempt to characterize the Complaint of Phoenix; therefore no response is required. To the extent the allegations contained in this paragraph are not directed to Wyman-Gordon, no response is required. To the extent the allegations set forth in this paragraph are an effort to impute liability to Wyman-Gordon, they are denied.

28. The allegations set forth in paragraph 28 of the Third-Party Complaint are denied.

## COUNT III

29. Wyman-Gordon repeats its answers to the allegations of paragraphs 1-28 of the Third-Party Complaint as if set forth at length herein.

30. The allegations set forth in paragraph 30 of the Third-Party Complaint are denied.

31. The allegations set forth in paragraph 31 of the Third-Party Complaint are denied.

## COUNT IV

32. Wyman-Gordon repeats its answers to the allegations of paragraph 1-31 of the Third-Party Complaint as if set forth a length.

33. The allegations set forth in paragraph 33 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore, these allegations are denied.

34. The allegations set forth in paragraph 34 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore, these allegations are denied.

35. The allegations set forth in paragraph 35 of the Third-Party Complaint are conclusions of law to which no response is required. To the extent a response may be required, Wyman-Gordon is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in this paragraph. Therefore, these allegations are denied.

## FIRST AFFIRMATIVE DEFENSE

The Third-Party Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The injuries and damages claimed by Exxon, if any, were caused in whole or in part by the negligence, fault, or other culpable conduct of Exxon and or persons other than Wyman-Gordon, or otherwise by the acts or omissions of persons over whom Wyman-Gordon has no control or right of control.

## THIRD AFFIRMATIVE DEFENSE

Exxon's claims are barred by the doctrines of laches, estoppel, unclean hands, unjust enrichment and/or other equitable defenses.

## FOURTH AFFIRMATIVE DEFENSE

Exxon's claims should be dismissed, reduced, offset, or barred in accordance with the principles of comparative negligence and the Joint Tortfeasor Contribution Act.

## FIFTH AFFIRMATIVE DEFENSE

Exxon's claims are barred to the extent that Wyman-Gordon is not responsible for any materials that contributed to a release or threatened release of hazardous substances that resulted in response costs, as these terms are defined under CERCLA.

### SIXTH AFFIRMATIVE DEFENSE

Exxon's claims are barred because Wyman-Gordon is not the proximate cause of any injuries or damages related to the alleged release or threatened release of hazardous substances, as these terms are defined under CERCLA.

### SEVENTH AFFIRMATIVE DEFENSE

Exxon's claims are barred to the extent Third-Party Plaintiffs did not incur "response costs," as that term is defined under CERCLA.

### EIGTH AFFIRMATIVE DEFENSE

Exxon's claims are barred to the extent they seek to recover costs that are not consistent with the National Contingency Plan.

### NINTH AFFIRMATIVE DEFENSE

Exxon's claims are barred to the extent they seek any relief other than the recovery of necessary "response costs," as that term is defined under CERCLA.

### TENTH AFFIRMATIVE DEFENSE

Exxon's claims are barred to the extent the costs and damages sought by Third-Party Plaintiffs are not recoverable response costs.

### ELEVENTH AFFIRMATIVE DEFENSE

Exxon's claims are barred to the extent they seek to recover damages from Wyman-Gordon that are not directly attributed to or caused by Wyman-Gordon, if any.

### TWELFTH AFFIRMATIVE DEFENSE

Exxon's claims are barred because no acts or omissions of Wyman-Gordon have been an actual, proximate, "but for," or contributing cause, or substantial factor in causing, the injuries alleged.

### THIRTEENTH AFFIRMATIVE DEFENSE

Exxon's claims are reduced, offset or barred, in whole or in part, by Article 14-A of the New York Civil Practice Law and Rules, C.P.L.R. § 1411 et seq.

### FOURTEENTH AFFIRMATIVE DEFENSE

Exxon's claims are barred because Exxon has not paid more than its equitable share of damages and/or response costs, if any.

### FIFTEENTH AFFIRMATIVE DEFENSE

The liability of Wyman-Gordon, if any, is limited to damages in proportion to the quantity of transported or delivered materials for which it is responsible, if any.

### SIXTEENTH AFFIRMATIVE DEFENSE

The harm complained of by Exxon, to the extent any exists, is divisible and the damages, if any, may be apportioned among the responsible parties.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Exxon's claims are barred to the extent they seek to recover any orphan share from Wyman-Gordon.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Exxon's recovery from Wyman-Gordon, if any, is limited to Wyman-Gordon's allocable share of the damages.

### NINETEENTH AFFIRMATIVE DEFENSE

Exxon's claims are barred to the extent Exxon and/or the Settling Defendants did not pay more than their fair share to Plaintiffs.

## TWENTIETH AFFIRMATIVE DEFENSE

Exxon's claims are barred by New York General Obligations Law §15-108.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Wyman-Gordon reserves the right to raise such further and additional defenses as may be available upon the facts to be developed in discovery and under other applicable substance of law.

## ANSWER TO ALL CROSS-CLAIMS

Wyman-Gordon denies liability for any and all Cross-Claims that have been, are, or may be asserted against it by any party to this action or any subsequently-joined party to this action.

Wyman-Gordon denies the material allegations contained in any and all Cross-Claims that have been, are, or may be asserted against it by any party to this action or any subsequently-joined party to this action.

## JURY DEMAND

Wyman-Gordon demands a trial by jury as to all issues so triable.

Dated: October 28, 2013

/s/ Sean Monaghan
Sean Monaghan (SM7856)
Attorney for Wyman-Gordon Company
Schenck, Price, Smith & King, LLP
220 Park Avenue
Florham Park, New Jersey 07932
(973) 539-1000
Facsimile: (973) 540-7300
sm@spsk.com

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a true copy of this pleading has been filed and served this date, within the time provided by the Rules of Court, by electronic filing upon:

> Clerk of the U.S. District Court
> United States District Court
> for the Eastern District of New York

and by electronic filing and First Class Mail upon:

> Andrew Anselmi, Esq.
> McCusker, Anselmi, Rosen, Carvelli
> 805 Third Avenue, 12th Floor
> New York, NY  10022
> Attorneys for Third-Party Plaintiff
> ExxonMobil Corporation

and by electronic filing upon all Counsel of Record.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated:  October 28, 2013

/s/ Sean Monaghan
Sean Monaghan (SM7856)
Attorney for Wyman-Gordon
Schenck, Price, Smith & King, LLP
220 Park Avenue
Florham Park, New Jersey 07932
(973) 539-1000
Facsimile: (973) 540-7300
sm@spsk.com