MARK D. KINDT
ATTORNEY AT LAW
16004 Detroit Avenue, Suite 4
Lakewood, Ohio 44107

(216) 521-6024

November 8, 2013

Judge Pamela K. Chen
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      **RE:**    **Phoenix Beverages, Inc., et al. v. Exxon Mobil Corporation, et al.**
             Case No. 1:12-cv-03771

Dear Judge Chen,

      On behalf of the third-party defendants listed on Exhibit 1 including my client, Novelis Corporation, we respectfully request that the answers to cross-claims be stayed until all third-party defendants have answered the third-party complaints and a conference is scheduled at which the case management order for the third-party action is addressed. The parties reserve their respective rights to subsequently request that the cross-claims be deemed asserted and denied and/or further deferred or to object to any such request. The Federal Third-Party Defendants, as defined in Docket No. 171, respectfully concur in this request. Absent the requested stay, answers to various third-party defendant cross-claims would be due on November 8th and November 18th.[1]

      Three third-party defendants/cross-claimants (Kraft; River Terminal Development; ConocoPhillips) who have pleaded cross-claims and who are adversarial for purposes of this request consent to and join in the request. We have not been able to reach counsel for NL Industries, the remaining adversarial third-party defendant/cross-claimant. Additionally, as a courtesy, we advised the third-party plaintiffs of this request, and they indicated that they would agree to the stay of answers to third-party defendants' cross-claims until all third-party defendants have answered the third-party plaintiffs' respective third-party complaints, but that they would likely object to further relief with respect to the cross-claims.

      The requested stay is justified by sound principles of case management given the number of third-party defendants and the complexity of the claims asserted in this

---

[1] We apologize to the Court for making the request on such short notice. We learned only this morning that answers to some cross-claims were due today. Errors in Docket entries 153 and 166 obscured the fact that NL Industries and ConocoPhillips had asserted cross-claims against *all* third-party defendants. Consequently, we were under the mistaken impression that the only cross-claim answers due were in response to the cross-claims of Kraft and River Terminal Development, which are due on November 18th.

litigation. *See* Fed. R. Civ. P. 5(c)(1)(B) (in cases with numerous defendants, court may treat cross-claims as denied); *see, e.g.*, DMJ v. Capasso, CV-97-7285 (E.D.N.Y.), Case Management Order ¶ 36 (CMO treats cross-claims as denied) (Docket No. 1443, approved by Court on August 28, 2013)); New Jersey DEP v. Gloucester Envtl. Mgmt. Servs., 719 F. Supp. 325 (D.N.J. 1995) (court deemed cross-claims as denied in complex CERCLA litigation). *See generally* Manual for Complex Litigation, §11.32, p. 43.

The requested stay is further justified by the Court's recent orders extending the answer dates for numerous third-party defendants until a ruling by Judge Irizarry in *DMJ Associates v. Capasso*, Case No. 1:97-cv-07285[2] on the motions for partial summary judgment on the claims of Third-Party Plaintiffs Exxon Mobil Corporation and Quanta Resources Corporation under CERCLA Section 107(a) which may affect future motions in the instant case and the viability of cross-claims that may be asserted between and among third-party defendants in this matter. A stay of the answer date for all cross-claims will benefit those parties also, as the parties subject to such orders may be required to answer cross-claims prior to answering the third-party complaints and/or may be otherwise disadvantaged by the further activities of the parties that have answered the third-party complaints.

Finally, such a limited stay until the issuance of a case management order on the third-party case will reduce unnecessary costs associated with answering cross-claims for those parties that are not yet required to answer. It also avoids the risk of potentially expensive premature discovery for those parties that have answered.

We thank the Court in advance for its consideration of this matter.

                                              Respectfully submitted,

                                              Mark D. Kindt, Esq.
                                              Counsel for Novelis Corporation

PDF copy to all parties:
Via ECF

---

[2] *See* Supplemental Order dated September 27, 2013 on Docket Nos. 81, 82, 97, 98, 102, 103, and 121; Order dated October 28, 2013 on Docket Nos. 164, 165, and 171; and Order dated October 31, 2013 on Docket No. 193.

# EXHIBIT 1

ALCOA INC. /REYNOLDS METAL COMPANY

Avco Corporation

BASF CORPORATION

BEAZER EAST, INC.

BORGWARNER INC.

CARRIER CORPORATION

ConocoPhillips Co.

Crosman Corporation

Crown, Cork & Seal, Inc.

Electric Boat Corporation, a General Dynamics Company

Emhart Teknologies LLC

FORD MOTOR COMPANY

HONEYWELL INTERNATIONAL, INC.

INGERSOLL RAND COMPANY

Kraft Food Global Inc

NEAPCO, Inc.

New York City Transit Authority

Novelis Corporation

NORTHROP GRUMMAN CORP.

Peabody International Corporation

QUALITY CARRIERS, INC. AS SUCCESSOR TO CHEMICAL LEAMAN TANK LINES, INC.

Procter & Gamble Haircare LLC

Rexam Beverage Can Company

River Terminal Development

ROCKWELL AUTOMATION/ROCKWELL INTERNATIONAL

SIKORSKY AIRCRAFT CORPORATION

SIMMONDS PRECISION PRODUCTS, INC.

STANLEY BLACK & DECKER, INC.

Sunoco, Inc.

TDY Industries, LLC

United States Department of the Air Force

United States Department of the Army

United States Department of the Coast Guard

United States Department of the Navy

United States Department of Defense

UNITED TECHNOLOGIES CORPORATION