

Gibbons P.C.
One Gateway Center
Newark, New Jersey 07102-5310
Direct: (973) 596-4509 Fax: (973) 639-8321
cotero@gibbonslaw.com

December 4, 2013

**VIA ELECTRONIC FILING**

Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**RE: Phoenix Beverages, Inc. v. ExxonMobil Corp., Case No. 1:12-cv-03771-PKC-JO**

Dear Magistrate Judge Orenstein :

In accordance with the Court's December 3, 2013 Order and the case management and scheduling order (DE 31), the Third-Party Defendants ("TPDs") listed on Exhibit A and the Federal TPDs[1] reviewed the plaintiffs' and defendants' proposed joint status report and concur in that section of the joint status report that refers to the "Status of Pleadings in Third-Party Action". With the exception of the last section titled, "Status of Environmental Investigation of the Phoenix Property", TPDs do not possess knowledge of the information contained in the joint status report and, thus, cannot join in or comment on same.

We nevertheless respectfully submit that, in advance of the Case Management Conference ("CMC") scheduled for December 6th, it would be helpful to report to the Court on the concerns of a number of TPDs about the impact of the ongoing First-Party Action on the Third-Party Action. We therefore respectfully write separately on behalf of our client, third-party defendant ("TPD") Rexam Beverage Can Company ("Rexam"), and on behalf of a group of private TPDs in this matter that are listed on Exhibit A, to report on these concerns. The Federal TPDs concur in the positions set forth in this letter.[2]

As an initial matter, we respectfully submit that it would be premature for the Third-Party Action to proceed at this time, and the Court should defer any proceedings relative to the Third-Party Action for the reasons set forth below and subject to the following conditions.

First, pursuant to recent Orders of Judge Chen and Your Honor, most TPDs are not required to answer or otherwise respond to the third-party complaint until after Judge Irizarry

---

[1] The "Federal TPDs" are the United States Department of the Air Force, the United States Department of the Army, the United States Department of the Coast Guard, the United States Department of Defense, the United States Department of the Navy, and the United States of America.

[2] Attached as Exhibit B is a list of counsel for the TPDs who plan to attend the CMC on December 6th in person and by phone. Those participating by phone should use the following **call-in number: 877-491-8676; participant code 6441041**.

GIBBONS P.C.

Honorable James Orenstein, U.S.M.J.
December 4, 2013
Page 2

decides a dispositive motion on a similar issue in *DMJ v. Capasso*, CV-97-7285.[3] It would be premature for such TPDs to participate in any discovery or otherwise participate in the case until they have responded to the third-party complaint.

The TPDs respectfully request that if the discovery in the First-Party Action continues, it be limited to discovery about the parties in the First-Party Action only. All discovery as to the claims and defenses in the Third-Party Action, including the TPDs' alleged liability to third-party plaintiffs, the TPDs' defenses to their alleged liability (including discovery about other sources of contamination at the Phoenix Beverages property), and related cross-claims, counterclaims, and damages as to the TPDs, would be prohibited. This would mean that no inquiries would be made regarding any of the TPDs during discovery in the First-Party Action until the Third-Party Action commences, and the TPDs would not attend the depositions. Under this proposal, discovery in the First-Party Action in this case would not bind or otherwise preclude the TPDs from seeking future discovery in the Third-Party Action that is consistent with the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern and Eastern Districts of New York, including but not limited to depositions of the same witnesses on as efficient a basis as possible to avoid duplication of efforts. Also under this proposal, the TPDs would not be bound, precluded, or otherwise estopped by any decisions, findings, rulings or other determinations in the First-Party Action, including, but not limited to, any decisions, findings, rulings or other determinations about to what extent, if any, the Quanta Resources Site is a source of contamination of the Phoenix Beverages ("Phoenix") property.

Second, we understand that there is an ongoing investigation of the Phoenix property that may call into question the allegation in the first-party complaint that the source of contamination at the Phoenix property is the Quanta Resources Site. Specifically, we understand that there is an investigation of the Phoenix property that is currently – or shortly will be -- under way, under the oversight of the New York State Department of Environmental Conservation ("NYSDEC"), the results of which are expected to include identification and definition of the source(s) of contamination at the Phoenix property. The results of this investigation are extremely relevant to the Third-Party Action, including but not limited to the nature and scope of costs and damages, if any, and the allocation of shares, if any, in the Third-Party Action, because it is TPDs' contention that first-party defendant ExxonMobil ("Exxon") as the historic owner/operator of the former Pratt Oil Works ("FPOW") facility that occupied multiple properties in the area (approximately 16 lots; 18.5 acres) including the Phoenix property, may have caused and/or contributed to the contamination at the Phoenix property. Exxon's alleged liability as the historic owner/operator of the FPOW site is separate and apart from the basis for liability that plaintiffs allege against Exxon, *i.e.*, as an alleged generator at the Quanta Resources Site.

---

[3] *See* Docket Entries listed on Appendix B to TPDs' November 27, 2013 letter (DE 310), and the December 2, 2013 Order on the November 27, 2013 letter.

#2024585 v2
111549-84667

GIBBONS P.C.

Honorable James Orenstein, U.S.M.J.
December 4, 2013
Page 3

By way of background, the Phoenix property was previously owned and operated by predecessors of Exxon, as part of the Pratt Oil Works operations, from approximately 1892 to 1949. Operations at the FPOW facility may have included the manufacture of candles, parowax, paraffin oils, and the treating, blending and distribution of lubricating oils.[4] The Phoenix property is one of numerous parcels that comprise the FPOW site, which is listed on the NYS Registry of Inactive Hazardous Waste Disposal Sites ("Registry"). It is our understanding that Exxon is investigating parts of the FPOW site under NYSDEC oversight.[5] However, it is our further understanding that, to date, Exxon's investigation of the FPOW site under NYSDEC oversight has not included investigation of the Phoenix property, or the extent to which the historical FPOW operations may be a source of contamination on the Phoenix property.

The Quanta Resources Site, which is adjacent to the Phoenix property, is a separate site that is listed on the NYS Registry and is undergoing a separate investigation and remediation from the FPOW site under the NYS's Brownfields Cleanup Program. We understand that to date, there has been limited investigation of the potential impact of the Quanta Resources Site on the Phoenix property as part of the Quanta Resources Site remediation. We further understand that additional investigation of the Phoenix property under NYSDEC oversight is planned. We believe that the results of this NYSDEC investigation are essential to the TPDs' defense of the Third-Party Action, including, but not limited to, information about the Pratt Oil Works' contribution, if any, to the contamination at the Phoenix property. These results of the NYSDEC investigation will in turn inform and help define the nature and scope of both fact and expert discovery in the Third-Party Action, and will generally facilitate efficiencies in the Third-Party Action. We do not know if the investigation of the Phoenix property will ultimately determine the extent to which the Quanta Resources Site, the historical Pratt Oil Works operations, or any other properties or operations, are source(s) of contamination of the Phoenix property. It is, therefore, possible that the TPDs will need to supplement the NYSDEC investigation to fill in data gaps and/or otherwise define the source(s) of contamination, but the nature of any such potential supplemental investigation cannot be determined until the NYSDEC investigation is complete. It would thus be premature to proceed with the Third-Party Action for the additional reason that the results of the NYSDEC investigation of the Phoenix property are a necessary prerequisite for the efficient and effective management of the Third-Party Action.

We respectfully suggest that the Court revisit the status of the TPDs' responses to the third-party complaint and the NYSDEC investigation at the CMC scheduled for June 6, 2014. If it is appropriate at that time, the parties can discuss a schedule for the proper staging of the

---

[4] *Site Characterization Work Plan for the Inland Parcels, Former Pratt Oil Works Site*, August 2008; *see also Supplemental Site Characterization Work Plan*, January 11, 2012.

[5] Consent Order Case No. D2-1002-12-07AM; NYS DEC Remedial Tracking No. S241115.

#2024585 v2
111549-84667

GIBBONS P.C.

Honorable James Orenstein, U.S.M.J.
December 4, 2013
Page 4

litigation to allow for the orderly disposition of issues, including, e.g., whether the Third-Party Action should continue to be deferred.

Respectfully submitted,

Camille V. Otero
Director

William S. Hatfield
Director

#2024585 v2
111549-84667

# EXHIBIT A

## THIRD-PARTY DEFENDANTS

1. AVCO CORPORATION (a/k/a AVCO LYCOMING)
2. CONOCOPHILLIPS COMPANY
3. CROSMAN CORP. (f/k/a COLEMAN AIRGUNS, INC.) (f/k/a CROSMAN ARMS COMPANY, INC.)
4. CROWN CORK & SEAL COMPANY, INC.
5. EMHART TEKNOLOGIES LLC
6. KRAFT FOODS GROUP, INC. (f/k/a WARE CHEMICAL )
7. NEAPCO, INC.
8. NEW YORK CITY TRANSIT AUTHORITY
9. NL INDUSTRIES, INC.
10. NOVELIS CORPORATION (f/k/a ALCAN ALUMINUM CORPORATION) (a/k/a ALCAN SHEET & PLATE)
11. PEABODY INTERNATIONAL CORPORATION
12. PROCTER & GAMBLE HAIRCARE LLC (f/k/a CLAIROL, INC.)
13. REVERE COPPER PRODUCTS, INC. (a/k/a REVERE COPPER BRASS INCORPORATED)
14. REXAM BEVERAGE CAN COMPANY (a/k/a NATIONAL CAN COMPANY) (a/k/a AMERICAN NATIONAL CAN COMPANY)
15. RIVER TERMINAL DEVELOPMENT (SCRAP YARD DIVISION) (a/k/a RTC PROPERTIES) (f/k/a UNION MINERAL & ALLOYS CORP.)
16. SUNOCO, INC. (a/k/a SUN OIL REFINERY) (f/k/a SUN OIL CO.)
17. TDY INDUSTRIES, LLC
18. UNITED SITE SERVICES, INC.
19. WYMAN-GORDON COMPANY

---

[*] As noted, the Federal TPDs concur in the positions set forth in the letter.

# EXHIBIT B

## THIRD-PARTY DEFENDANTS
## ATTENDING DECEMBER 6, 2013 CMC IN PERSON

| COUNSEL | REPRESENTING PARTIES |
|---|---|
| Mark Kindt | Novelis Corporation |
| Camille V. Otero<br>William S. Hatfield | Rexam Beverage Can Company |
| Larry Jenkins<br>Gordon Johnson | New York City Transit Authority |
| Dan Riesel | Kraft Foods Global, Inc.<br>River Terminal Development |
| Sandra Levy | United States Department of the Air Force<br>United States Department of the Army<br>United States Department of the Coast Guard<br>United States Department of Defense<br>United States Department of the Navy<br>United States of America |

## THIRD-PARTY DEFENDANTS
## ATTENDING DECEMBER 6, 2013 CMC BY TELEPHONE

### DIAL-IN NO.: 877-491-8676; PARTICIPANT CODE: 6441041

| COUNSEL | REPRESENTING PARTIES |
|---|---|
| Jennifer Coghlan | Kraft Foods Global, Inc.<br>River Terminal Development |
| Timothy Corriston | UCI Pennsylvania, Inc. (f/k/a Neapco, Inc.) |
| Rahil Darbar | Wyman-Gordon Company |
| Emily Kaller | Avco Corporation (a/k/a Avco Lycoming) |
| Jerome Muys, Jr. | Emhart Teknologies LLC |
| Reed Neuman | Procter & Gamble Haircare LLC (f/k/a Clairol, Inc.) |
| Thomas Walsh<br>Danielle Mettler | Crosman Corp. (f/k/a Coleman Airguns, Inc.) |
| Bina Reddy | Sunoco, Inc. |
| Stephen Scotch-Marmo | TDY Industries, LLC |
| Thomas Smith<br>Robert Tyson | Revere Copper Products, Inc. (a/k/a Revere Copper Brass Incorporated) |
| Charles M. Tomaselli | Crown Cork & Seal Company, Inc. |
| Allison Torrence | Peabody International Corporation |
| Dan Ritson | NL Industries |