# MARC
### ATTORNEYS AT LAW
#### A PROFESSIONAL CORPORATION

MCCUSKER • ANSELMI
ROSEN • CARVELLI

210 Park Avenue, Suite 301, PO Box 240
Florham Park, New Jersey 07932
Tel: 973.635.6300 • Fax: 973.635.6363
www.marc-law.com

ANDREW E. ANSELMI
*Director*
Direct: 973.457.0116
Fax: 973.457.0275
aanselmi@marc-law.com

December 4, 2013

**VIA ECF**
Honorable James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:    **Phoenix Beverages, Inc. et al., v. Exxon Mobil Corporation et al.**
                **Case No.: 1:12-cv-03771-RRM-JO**

Dear Judge Orenstein:

    I write on behalf of Defendants, Exxon Mobil Corporation ("ExxonMobil") and Quanta Resources Corporation ("Quanta") (collectively "Defendants") in the above-referenced matter. This letter is submitted pursuant to Your Honor's Individual Practice Rule III.A.2.b, and Your Honor's December 2, 2013 Order that Defendants respond to the Plaintiffs' November 27, 2013 letter motion seeking the depositions of defendants' corporate designees on January 21 and 14, respectively. As set forth below, Defendants object to Plaintiffs' motion on the ground that it is premature at best given the procedural posture of this matter. It bears noting that no depositions have taken place in this litigation, but more critically, Defendants assert that the depositions should be stayed until each of the following matters, central to the discovery process, are resolved: the environmental investigation of the Phoenix Property (as defined below); the motion to disqualify the Hunsucker firm; anticipated motions to dismiss some of Plaintiffs' claims; and clarification of third party practice and the third parties' role in discovery. Each of these is discussed below.

    A.    **The Investigation of the Phoenix Property**

    Plaintiffs claim to own and operate the real property located at 37-88 Review Avenue, Long Island City, New York (the "Phoenix Property"). The Phoenix Property is adjacent to real property that was formerly owned by Quanta and is being remediated by Cresswood Environmental Consultants pursuant to the New York Brownfields Program (The "Quanta Site"). On October 22, 2013, the New York State Department of Environmental Conservation ("NYSDEC") requested that the environmental conditions at the Phoenix Property be investigated. A Remedial Investigation Focused Feasibility Study

Honorable Judge Orenstein
December 4, 2013
Page 2

("RIFFS") will be submitted by Golder Associates to the NYSDEC on December 6, 2013. It is anticipated that once approved, the RIFFS will be implemented within the next several months. The RIFFS, which will include sampling and analysis of soil, groundwater, LNAPL and soil vapor, will provide information that is at the heart of questions of liability and damages in the present litigation, such as the nature and extent of contamination on the Phoenix Property and potential sources of that contamination, which may include Plaintiffs' operations on the Phoenix Property. Preparing designees based on an incomplete understanding of contamination at the Phoenix Property and the Quanta Site would be a waste of resources; once the investigation reveals new information, we would face a re-opening and duplication of the depositions. See Carpenter Tech. Corp. v. Armco, Inc., No. 90-0740, 1990 WL 61180, at *4 (E.D. Pa. May 8, 1990) (postponing depositions to allow parties to complete review of all relevant documents).

**B.     On-Going Motion and Third-Party Practice**

Pursuant to Your Honor's Minute Order filed December 6, 2012 (Docket No. 30), Defendants filed a motion to disqualify the Hunsucker Firm from this matter because the Hunsucker Firm also represents Cresswood in its remediation of the Quanta Property. In fact, as the volunteer in the BCP, Cresswood is obligated to implement the RIFFS on the Phoenix Property. The Hunsucker Firm should not have the benefit of participating in/deposing Defendants if it is indeed laboring under a conflict of interest. Moreover, confidential documents have been withheld from production because of the pending disqualification motion, and courts prefer that parties have an opportunity to review substantially all relevant documents and information to avoid the piecemeal and costly need for repeated depositions of the same witnesses.   Carpenter, supra, at *4. If the Hunsucker Firm is disqualified, and when the remaining documents are produced, depositions (and possibly other discovery) will likely have to be repeated.

Further, the depositions should be stayed because, as set forth in Defendants' letter to the Court dated October 24, 2013, Defendants anticipate filing a motion to dismiss, *inter alia*, Plaintiffs' RCRA and CERCLA claims following the Court's ruling on the disqualification motion pursuant to the Court's Minute Order filed December 6, 2012 (Docket No. 30). That order provides that a motion to dismiss should be held in abeyance pending the resolution of the disqualification motion. Resolution of the motion to dismiss will likely streamline the claims in this matter and ultimately limit discovery; allowing the depositions to go forward before the motion is decided would waste resources with the unnecessary preparation of witnesses and with the depositions themselves. See Brooks v. Macy's, Inc., No.10 Civ. 5304, 2010 WL 5297756, *1-2 (S.D.N.Y. Dec. 21, 2010) (staying depositions, which tend to be more burdensome and would need to be re-taken if motion for judgment on pleadings were granted).

Additionally, depositions should be stayed because although Third-Party Practice commenced on or about July 1, 2013, a number of third party defendants have not yet answered and, pursuant to this Court's December 2, 2013 order, are not required at this time to answer the third party complaint. If depositions proceed in January, as Plaintiffs request, the Defendants will be required to prepare witnesses and defend their depositions for Plaintiffs' examination, with the likelihood that those depositions would be repeated once the third parties answer and are part of the discovery process. Until

Honorable Judge Orenstein
December 4, 2013
Page 3

third party practice is clarified and the third parties' role in discovery is set, it would be impracticable and an inefficient use of resources for defendants to defend multiple depositions on the same issues.

The matters set forth in sections A and B, *supra*, are critical to the efficient administration of discovery in this matter; until these matters are resolved, Defendants ask that the Court stay all depositions.

C.     **Plaintiffs' Deposition Notices are Per Se Improper**

As more fully set forth in a separate submission by Quanta, the scope of Plaintiffs' Rule 30(b)(6) deposition notices is objectionable. Although Exxon joins in and relies on the law and arguments set forth in Quanta's submission, we felt it necessary to separately set forth examples of the overbroad and improper topics included in Plaintiffs' notice to Exxon and to object to the notice.

*Seeking Irrelevant Information*:
20. The financial condition of Exxon, including Exxon's net worth and identity of assets available to satisfy any judgment against Exxon.

*Topics Better Suited for Expert Testimony*
15. Any physical samples Exxon has collected from the Phoenix Property and any analysis of such samples, including chemical speciation analysis to differentiate contamination on the Phoenix Property from contamination on the Quanta Site.
19. Any data or analysis by Exxon that supports the assertion that the hazardous substances detected at the Phoenix Property and Quanta Site constitute a harm capable of apportionment.

*Level of Detail Demanded Renders it Impossible to Prepare a 30(b)(6) Deponent*
10. Any and all contracts between Exxon and the Mahler Companies between 1970 and 1980.
16. Communications between Quanta and Exxon concerning the contamination on the Quanta Site and/or the Phoenix Property.

For the foregoing reasons, ExxonMobil and Quanta request that the Court deny the plaintiffs' motion and instead stay the requested depositions.

Respectfully submitted,

Andrew E. Anselmi

cc:     All Counsel of Record (Via ECF)