

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 6, 2014

Honorable James K. Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Phoenix Beverages, Inc., et al. v. Exxon Mobil Corp., et al.
             CV-12-3771 (Chen, J.) (Orenstein, M.J.)

Dear Magistrate Judge Orenstein:

      The Federal Third-Party Defendants ("Federal TPDs"),[1] together with the private Third-Party Defendants ("TPDs") listed on the attached Appendix A (collectively "Moving TPDs"), write respectfully to request a stay of all depositions in the case for a minimum of 90 days, the first of which is scheduled to take place on January 14, 2014. The seven witnesses that have been noticed for deposition include Rule 30(b)(6) witnesses and an individual key party witness (former Chief Executive Officer of defendant Quanta Resources Corporation), all of whom are in a position to provide testimony critical to the TPDs' defense of the case. *See* Appendix B. As described below, the Moving TPDs have attempted in good faith to resolve the matter on consent with the first-party plaintiffs and defendants through multiple telephone conversations since the December 6, 2013 Case Management Conference ("CMC"), but the parties have not been able to agree on a path forward. We therefore make our request for a stay because, as new parties to the case who have not been involved in any discovery or any other aspect of the litigation, the Moving TPDs are not in a position at this time to participate effectively in, and to protect their respective interests at, the upcoming depositions.

      The first-party complaint in the instant case was filed on July 31, 2012 and the third-party

---

[1] The "Federal TPDs" are the U.S Dept. of the Air Force, the U.S Department of the Army, the U.S Department of the Coast Guard, the U.S. Department of Defense, the U.S. Department of the Navy, and the U.S.A.

complaint was filed nearly a year later on July 1, 2013. Although some of the Moving TPDs have answered the third-party complaint, pursuant to Orders of Judge Chen and Your Honor, most TPDs are not required to answer or otherwise respond to the third-party complaint until after Judge Irizarry decides the pending dispositive motion on a similar issue in *DMJ v. Capasso*, CV-97-7285 ("*DMJ*").[2] Other than pleadings and extension requests, the TPDs' first involvement in the case was in connection with the December 6 CMC.

The First-Party Action in this case proceeded for a year and a half without the TPDs, including exchange of voluminous discovery in the First-Party Action pursuant to the Case Management Order ("CMO"), which set a fact discovery deadline of June 6, 2014. As such, the Moving TPDs have not yet had an opportunity to familiarize themselves with the claims and defenses in the action or the evidence that purportedly supports those claims and defenses that has been exchanged in the First-Party Action – indeed, as noted, many TPDs have not yet even responded to the third-party complaint itself. In light of the foregoing, we reiterate our position that it would be premature for the TPDs to participate in any discovery or otherwise participate in the case until they have responded to the third-party complaint and made their Rule 12(b)(6) motions. Because the parties have not been able to agree on an appropriate staging of the case that will not compromise the rights and interests of the TPDs, however, the Moving TPDs have taken steps necessary to protect their interests in the ongoing discovery in the case.

Upon the request of the Moving TPDs, the first-party plaintiffs have recently provided the Moving TPDs with copies of non-confidential discovery exchanged to date in the case; because the Moving TPDs are not yet parties to the Confidentiality Order entered in this case, the first-party plaintiffs have not yet provided any of the discovery covered by the Confidentiality Order. The copies of non-confidential discovery that the first-party plaintiffs have provided to date is voluminous, including: almost 660,400 pages of documents produced in party and non-party discovery; the parties' Rule 26 disclosures; one set of interrogatories and responses for each party, totaling 90 interrogatories; one set of document requests and responses for each party, totaling 183 Document Requests; Requests for Admission for each defendant, totaling 17 Requests; and 25 subpoenas. *See* Appendix C.

We anticipate that it will take a minimum of 90 days to load and create a case management system for the First-Party Action discovery that would be accessible to the TPDs, and for the TPDs to digest and analyze the discovery to date in the First-Party Action. Only at that point would the Moving TPDs be in a position to ascertain what is necessary to participate effectively in depositions in the case, including, but not limited to, what paper discovery, if any, is necessary to supplement the discovery in the First-Party Action. We expect this to include, but not be limited to, discovery from first-party defendant/Third-Party Plaintiff ("TPP") ExxonMobil Corporation ("Exxon"), as the historic owner/operator of the former Pratt Oil Works ("FPOW") facility, which we understand has not been the subject of discovery to date in the First-Party Action. As set forth in the TPDs' December 4, 2013 letter to the Court, it is the TPDs'

---

[2] *See* Docket Entries listed on Appendix B to TPDs' November 27, 2013 letter (DE 310), and the December 2, 2013 Order on the DE 310.

contention that the FPOW may have caused and/or contributed to the contamination at the Phoenix property and that, as such, Exxon may be liable as the historic owner/operator of the FPOW site from 1892 to 1949;[3] this is separate and apart from the basis for liability that the first-party plaintiffs allege against Exxon, *i.e.*, as an alleged generator at the Quanta Resources Site.

As noted, the Moving TPDs explored options with the first-party plaintiffs and defendants that may have permitted the depositions of key party witnesses to go forward in the First-Party Action while also protecting the Moving TPDs' interests, but they were not amenable to the Moving TPDs' proposals. Specifically, the first-party plaintiffs refused to adjourn the depositions for 90 days. The first-party defendants/TPPs did not object to a stay of the depositions, but they did object to a staging of discovery pursuant to which the depositions would be limited to discovery about the parties in the First-Party Action and the TPDs would take depositions later; in fact, the first-party defendants/TPPs further stated that they would produce their witness(es) only once in this action, and that they would object to subsequent deposition(s) of their witness(es) by the TPDs.

In light of the foregoing, we respectfully request that all depositions be stayed for a minimum of 90 days to enable the Moving TPDs to participate effectively in, and protect their interests at, the depositions. We request this minimum time frame so that the Moving TPDs may properly analyze the discovery in the First-Party Action, and make an effort to supplement that discovery with their own discovery requests, prior to participating in any depositions in the case. In the meantime, during the course of the stay, the first-party plaintiffs and defendants may work to complete the paper discovery in the First-Party Action, and resolve any issues that may be outstanding with respect to such discovery, including the issues addressed at the December 6 CMC. The positions of the parties to the First-Party Action on this request are set forth above.

If the depositions are nevertheless permitted to proceed, the TPDs respectfully request that the depositions be limited to discovery about the parties in the First-Party Action only. All testimony as to the claims and defenses in the Third-Party Action, including the TPDs' alleged liability to the TPPs, the TPDs' defenses to their alleged liability (including discovery about other sources of contamination at the Phoenix Beverages property), and related cross-claims, counterclaims, and damages as to the TPDs, would be prohibited. This would mean that no inquiries would be made regarding any of the TPDs during the depositions and if a witness nevertheless testifies about any TPD, there would be no follow-up inquiries about such testimony by counsel, and any testimony about any TPD would be stricken from the record. Deposition testimony in the First-Party Action would not bind or otherwise preclude the TPDs from seeking future discovery in the Third-Party Action that is consistent with the Federal Rules of Civil Procedure and the Local Civil Rules for the Southern and Eastern Districts of New York, including but not limited to depositions of the same witnesses on as efficient a basis as possible to avoid duplication of efforts.

---

[3] As noted in the TPDs' December 4, 2013 letter to the Court, the FPOW site, which occupied multiple properties in the area, including the Phoenix property, was owned and operated by predecessors of Exxon, from approximately 1892 to 1949. The Phoenix property is one of numerous parcels that comprise the FPOW site, which is listed on the NYS Registry of Inactive Hazardous Waste Disposal Sites ("Registry").

By way of further update, the parties have also engaged in discussions about how most efficiently and effectively to proceed with the case overall, in light of, among other things, the introduction of over 50 TPDs to the case and the ongoing investigation of the Phoenix Beverage site under the oversight of the New York State Department of Environmental Conservation ("DEC"), the results of which are a necessary prerequisite to the efficient and effective management of the Third-Party Action. Given the TPDs' very recent entry into the case and the ongoing DEC investigation, the Moving TPDs expect, among other things, to request an extension of the discovery deadline in a revised CMO. We will, in any event, continue to explore these issues in an effort to submit a revised joint CMO to the Court for review and approval as expeditiously as possible.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:    /s *Sandra L. Levy*
        Sandra L. Levy
        Assistant U.S. Attorney
        (718) 254-6014

cc:    Counsel for Parties (by ECF)