# Arent Fox

Arent Fox LLP / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

January 7, 2014

**Allen G. Reiter**
Partner
212.484.3915 DIRECT
212.484.3990 FAX
allen.reiter@arentfox.com

**VIA ECF**

Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
U.S. Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   Phoenix Beverages, Inc., et al. v. Exxon Mobil Corporation, et al.
      Case No.: 1:12-cv-03771-PKC-JO

Dear Judge Orenstein:

Defendants Quanta Resources Corporation and Exxon Mobil Corporation (collectively "Defendants") respectfully request that the Court order certain portions of the public version of the transcript of the December 13, 2013 hearing on Defendants' motion to disqualify Plaintiffs' counsel (the "Hearing") be redacted to preserve confidential information. Plaintiffs do not oppose this request. Defendants' requested redactions are marked in the accompanying copy of the transcript submitted as an attachment herein. These proposed redactions correspond to discussions relating to the confidential settlement agreement in the litigation captioned *DMJ Associates LLC v. Capasso*, 97-cv-7285 (DLI) (RML) (the "DMJ Action").

On April 23, 2013, the Court entered a Stipulation and Protective Order governing the disclosure and use of confidential information in this litigation. Stipulation and Protective Order (April 22, 2013) (Docket Entry 56) (hereinafter "Protective Order"). The Protective Order permits parties to designate as "Confidential" any portion of a transcript that contains a discussion of documents or information designated as "Confidential" under the Protective Order. *Id.* ¶ 5. As Your Honor is aware, the Protective Order specifically addresses in Exhibit A those documents relating to or arising out of the settlement of the DMJ Action. As these underlying documents have already been designated as Confidential in this litigation, allowing their content to be disclosed through a public filing of the full transcript would undo both the Protective Order and the sealing instructions issued by this Court. Ordering the contents of these documents redacted from the transcript of the December hearing, by contrast, would be consistent with the fine balance that the Federal Rules and this Court's Protective Order strike between the need for openness in court

# Arent Fox

January 7, 2014
Page 2

proceedings on one hand and the protection of confidential information on the other. *See, e.g., S.E.C. v. TheStreet.com*, 273 F.3d 222, 229 (2d Cir. 2001) ("protective orders issued under Rule 26(c) serve the vital function of securing the just, speedy, and inexpensive determination of civil disputes by encouraging full disclosure of all evidence that might conceivably be relevant") (citation and internal quotation marks omitted).

Here, as evidenced by the mutually agreed upon and Court ordered Protective Order, Defendants' interest in keeping its confidential settlement agreement private outweighs any potential need for public access. First, Defendants request the sealing only of selected portions of the Hearing transcript. Thus, public access to the remainder of the Hearing, the parties' legal arguments, and the Court's reasoning and ultimate decision would remain intact. Second, Defendants' interests in confidentiality are significant because the information at issue concerns confidential settlement terms, which Defendants are contractually barred from disclosing.

Accordingly, Defendants respectfully request that the Court order the Hearing transcript sealed in part, such that only the redacted transcript (reflecting Defendants' requested redactions) be made available on the Court's public docket and that the transcript in full be maintained under seal.

Respectfully submitted,

 /s/ Allen G. Reiter

Allen G. Reiter

cc: All Counsel of Record (via ECF)

Enclosure