

**MARC**
ATTORNEYS AT LAW
A PROFESSIONAL CORPORATION

McCusker · Anselmi
Rosen · Carvelli

210 Park Avenue, Suite 301, PO Box 240
Florham Park, New Jersey 07932
Tel: 973.635.6300  ·  Fax: 973.635.6363
www.marc-law.com

ANDREW E. ANSELMI
*Director*
Direct: 973.457.0116
Fax: 973.805.0275
aanselmi@marc-law.com

January 9, 2014

**VIA ELECTRONIC FILING**
Honorable James K. Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: Phoenix Beverages, Inc., et al. v. Exxon Mobil Corp., et al.
       CV-12-3771 (PKC)(JO)

Dear Magistrate Judge Orenstein:

  In accordance with Your Honor's January 6, 2014 Order, defendants/third-party plaintiffs Exxon Mobil Corporation and Quanta Resources Corporation (collectively, "TPPs") respond as follows to Federal TPDs' and TPDs' (collectively, "Moving TPDs") motion to stay all depositions in the above-referenced matter.

  As a threshold matter, TPPs do not object to the Moving TPDs' request to stay the dates for all depositions pending their efforts to review the discovery exchanged to date so that they can participate meaningfully in discovery.

  TPPs do, however, oppose the Moving TPDs' request for alternative relief – that if depositions are not stayed, those depositions will: (1) be limited to the discovery between the plaintiffs and TPPs; (2) not otherwise bind the TPDs; and (3) that TPDs reserve the right to recall any and all previously deposed witnesses for a subsequent deposition. As this Court is aware, discovery in this action has been and will continue to be an extensive and time-consuming process. Trying to constrain the scope of questioning and witness testimony and allowing two depositions of the same deponent would be impractical, would thwart full and fair witness testimony and would be extremely prejudicial to the TPPs. In addition, some of the witnesses whose depositions will be taken are elderly, and they should

---

Honorable James K. Orenstein
January 9, 2014
Page 2

not be subject to multiple deposition sessions. For all these reasons, we respectfully request that the Court reject the suggestion that our witnesses be subject to multiple depositions. The prejudice to the TPPs of proceeding in this unique fashion would far outweigh any prejudice to the Plaintiffs resulting from the 90-day stay in depositions requested by the TPDs, or any prejudice to the TPDs if their stay request is denied and they are left to choose whether to participate in depositions, either individually or through coordinated counsel.

To that end, TPPs do not object to the Moving TPDs' request to stay discovery for a short period of time but oppose their request for alternative relief for the reasons stated above.

Respectfully submitted,

*Andrew E. Anselmi*

Andrew E. Anselmi

AEA/abc
cc:   All Counsel of Record