

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

January 10, 2014

Honorable James Orenstein
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    Phoenix Beverages, Inc., et al. v. Exxon Mobil Corp., et al.
             CV-12-3771 (Chen, J.) (Orenstein, M.J.)

Dear Magistrate Judge Orenstein:

      The Federal Third-Party Defendants ("Federal TPDs"),[1] respectfully write to request a conference or, in the alternative, seek leave to reply to the opposition to the Moving TPDs' motion for a stay of depositions for a minimum of 90 days. The Federal TPDs make this request because we believe that it is necessary to clarify certain misleading points in the opposition letters, which are summarized below:

      1. The Plaintiffs assert that the TPDs are familiar with the allegations of the instant case due to discovery exchanged in the *DMJ v. Capasso* case ("*DMJ*"). However, only about 14 of the TPDs in this case are common to *DMJ* and, thus, 35+ TPDs in this case have not been involved in discovery in DMJ.

      2. The Plaintiffs suggest that a pending motion by five of the private TPDS in *DMJ* concerning Quanta Resources appropriately equips all 50+ of the TPDs in this action to participate effectively in, and protect their interests at, the depositions of Quanta at this time. This motion comprises an even smaller group of TPDs than the TPDs in *DMJ* itself, and, in any

---

[1] The "Federal TPDs" are the U.S Dept. of the Air Force, the U.S Department of the Army, the U.S Department of the Coast Guard, the U.S. Department of Defense, the U.S. Department of the Navy, and the U.S.A.

event, there is no legitimate basis for asserting that such a motion encompasses all of the evidence concerning Quanta that has been exchanged in the instant action.

3. The Plaintiffs mistakenly suggest that the TPDs have had since December 6 to prepare for the depositions in this case. However, we first received copies of the 660,000+ pages of discovery documents late last week. As noted in the Moving TPDs' motion, these voluminous documents, along with the 300 discovery requests and responses,[2] must first be loaded into case management software in order to be reviewed and made available to the other 50 TPDs, and this process is still under way.

4. The Plaintiffs themselves state that fewer than one third (194,000) of the 660,000+ pages of documents that were exchanged in discovery in *DMJ* were common to the First-Party Action discovery in this case. This would still leave over 466,000 pages of documents for the TPDs to review, in addition to the 300 discovery requests and responses, before the TPDs can participate effectively in, and protect their respective interests at, the upcoming depositions.

5. Both the Plaintiffs and the Defendants suggest that if questioning at the seven upcoming depositions did not involve the TPDs, that would be enough to protect the TPDs' interests at the depositions. This ignores the fundamental point that the first-party Defendants are also third-party plaintiffs and that, therefore, the TPDs would need to question them as their adversaries in the action; this is why the Moving TPDs sought certain protections in their motion in the event that the depositions are permitted to proceed, including the opportunity to subsequently depose the same witnesses to protect their own interests in the ongoing discovery in this case.

        Respectfully submitted,

        LORETTA E. LYNCH
        United States Attorney

By:   /s *Sandra L. Levy*
        Sandra L. Levy
        Assistant U.S. Attorney
        (718) 254-6014

cc:     Counsel for Parties (by ECF)

---

[2] Copies of the narrative discovery were provided electronically on December 18, 2013.