

**Stacey H. Myers**
Attorney
Phone: 202-895-5382
SMyers@hgnlaw.com

June 3, 2014

<u>*VIA Electronic Filing*</u>

United States Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    <u>Phoenix Beverages, Inc. et al. v. Exxon Mobil Corporation, et al.</u>
              Case No. 1:12-CV-03771-PKC-JO

Dear Judge Orenstein,

      On behalf of Plaintiffs, Phoenix Beverages, Inc. and its affiliated companies, this letter responds in opposition to the requested modifications of the case management order filed by James P. Ray, Esq. on behalf of certain Third-Party Defendants and Quanta Resources Corporation, Docket Number ("Dkt.") 390. Plaintiffs request that the Court maintain the discovery deadlines in the December 2012 Case Management and Scheduling Order, Dkt. 31, as there is no good cause to modify the Order. Indeed, the Case Management and Scheduling Order specifically states that "<u>[t]he deadlines in this order will be enforced, and will be modified only upon a timely showing of good cause</u>." *Id.* ¶ V.a. (original emphasis).

      The Plaintiffs recognize that on March 13, 2014, the Court granted the United States' Protective Order postponing the depositions noticed for March until April so that the United States' could properly prepare in light of Ms. Levy's absence. Accordingly, the Plaintiffs are amenable to an extension until July 30, 2014 in which to complete all of the noticed depositions.

      However, the Plaintiffs respectfully request that the third-party claims, which were filed approximately one year after the Plaintiffs' complaint, be severed from the Case Management Order and Schedule entered for the Plaintiffs' claims. Furthermore, since almost an additional year has passed without any disclosures or discovery regarding the third-party claims, these claims cannot possibly be on the same case management schedule as Plaintiffs' case against Defendants.

      Plaintiffs respectfully urge the Court to enforce its deadlines as set forth in the December 2012 Case Management and Scheduling Order for the orderly and timely progression of the case. On November 9, 2012, Plaintiffs and Defendants submitted their proposed Case Management Orders to the Court in advance of the Court's November 13, 2012 status conference. At that time, Plaintiffs initially proposed bifurcating discovery into liability and damages phases, and

Environmental • Litigation • Insurance Coverage • Securities Arbitration

5335 Wisconsin Avenue, NW, Suite 360, Washington, DC 20015 Tel: 202-895-5380 Fax: 202-895-5390
San Francisco Bay Area • Washington, DC • Los Angeles • Denver

HUNSUCKER GOODSTEIN | HGNLAW.COM

proposed that any third party contribution claims be addressed after the liability and damages phases of Plaintiffs' case against Defendants. Dkt. 27. Plaintiffs requested that additional parties be joined by February 20, 2013, and that fact discovery for the liability phase conclude by April 1, 2013, and expert discovery for the liability phase conclude by June 28, 2013. Dkt. 27. In contrast, Defendants sought a schedule that combined discovery concerning liability and damages, and proposed the following discovery deadlines: joinder of additional parties by October 1, 2013, completion of fact discovery by June 6, 2014, and completion of expert discovery by November 19, 2014. Dkt. 28.

On December 6, 2012 the Court entered a Case Management and Scheduling Order that for the most part mirrored Defendants' proposed schedule, including completion of fact discovery by June 6, 2014 and completion of expert discovery by November 19, 2014. Dkt. 31. Although the Court's December 6, 2012 Case Management and Scheduling Order required joinder of additional parties by February 20, 2013 (the date Plaintiffs had proposed), Defendants later requested extensions of that deadline until May 1, 2013 and then again until July 1, 2013, Dkt. 55.

The December 6, 2012 Case Management and Scheduling Order, Dkt. 31, is still fully applicable and appropriate to Plaintiffs' claims against the Defendants. Plaintiffs and Defendants have completed their responses interrogatories and requests for admissions, exchanged documents and privilege logs, completed the Rule 30(b)(6) depositions of Quanta and Exxon, and have noticed depositions of Plaintiffs and other fact witnesses. The remaining depositions can be completed by the end of July.

As the Third-Party claims are nearly two years behind the Plaintiffs' claims against Defendants currently, these claims cannot possibly be litigated on a schedule that would catch them up to the pre-trial development of the claims that Plaintiffs brought against Defendants. The Court initially set a date for Third Party claims of February 20, 2013. Notwithstanding that Defendants had all the information in hand necessary to file the Third Party claims by that date, Defendants requested repeated delays of the deadline to add Third Parties, Dkt. 55, and ultimately filed such claims on July 1, 2013, Dkt. 74 & Dkt. 75. This put the filing of the Third-Party claims approximately one year behind the Plaintiffs' claims against Defendants. To date, no initial disclosures or discovery of any kind has taken place as to the Third-Party claims. Moreover, the deadline for the filing of answers by the Third-Party Defendants to the third-party complaint has been extended indefinitely until 14 days after the Honorable District Court Judge Irizarry rules on a CERCLA 107(a) motion brought by the Third Party Defendants against Quanta and Exxon in another matter, *DMJ Associates, LLC v. Carl A. Capasso,* Civil Action No.: 97-CV-7285 (DLI) (RML) (the "DMJ Litigation"). Dkt. 310. That ruling has not yet been issued by Judge Irizarry in the DMJ Litigation. As a result, no answers have been filed to the Third-Party claims and no initial disclosures have taken place in the Third-Party Case. In fact, no activity whatsoever has proceeded on those claims, putting them behind Plaintiffs' claims against Defendants by nearly 2 years at this juncture.

HUNSUCKER GOODSTEIN | HGNLAW.COM

It would be very prejudicial to Plaintiffs to delay their claims against Defendants by 2 years or more. It would unfairly delay Plaintiffs' joint and several liability claims against Defendants which have proceeded as required by the Court's Case Management and Scheduling Order. To delay Plaintiffs' case would negate the requirements of the Court's Case Management and Scheduling Order. Moreover, while Plaintiffs' claims are proceeding as scheduled and focused on three defendants, Defendants have chosen to assert claims over more than forty Third-Party Defendants. The delay and sheer volume of these claims make it impossible to catch these claims up to Plaintiffs' claims against Defendants. Additionally, Plaintiffs' claims against the Defendants are joint and several liability claims without the equitable considerations inherent in the Third-Party contribution claims. Plaintiffs' claims against Defendants are less complex and more amenable to summary judgment on liability.

Defendants chose to delay deposition notices until February 2014, and did not commence taking depositions until May 7, 2014, an unnecessary delay of approximately one year. Defendants' delay in moving forward with depositions is not good cause for a change in the Case Management and Scheduling Order. Nonetheless, consistent with the Court's ruling on the request for postponement of depositions of the United States, Plaintiffs have agreed to allow certain depositions that have already been requested by the Parties to go forward after the fact discovery cut-off of June 6, 2014, so there is no possible argument of any undue prejudice to Defendants. Plaintiffs are willing to complete the fact depositions that have been requested in June- July, 2014, so long as the remaining due dates in the Case Management and Scheduling Order remain in place and are enforced. These depositions are: completion of 30(b)(6) and individual depositions of Plaintiffs (Greg Brayman, Rod Brayman, Laura Brito, and Pat Simeone), as well as the remaining depositions of Defendant Quanta Resources former employees Eugene Prashker, Ramsey DiLibero, and Kenneth Mansfield, and Quanta's current president Sherry Schlangel. As Plaintiffs have already completed the Rule 30(b)(6) depositions of Defendant Quanta and Exxon, the remaining depositions can be completed by the end of July.

Plaintiffs respectfully request that the Court's December 2012 Case Management and Scheduling Order remain in place and govern Plaintiffs' case against Defendants. A proposed Case Management Order No. 2 governing cross claims, and third-party claims is attached for the Court's convenience.

                                                                               Very truly yours,
                                                                               **Hunsucker Goodstein PC**

                                                                               /s/ Stacey H. Myers
                                                                               Stacey H. Myers

Cc:     All Counsel of Record (via ECF)

**ATTACHMENT 1**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
PHOENIX BEVERAGES, INC., et al.,
                            Plaintiffs,      CASE MANAGEMENT AND
            -against-                   SCHEDULING ORDER No. 2

EXXON MOBIL CORPORATION, et al.,      CV-12-3771 (PKC) (JO)
                              Defendants.
---------------------------------------------------------X
EXXON MOBIL CORPORATION, et al.,
                Third-Party Plaintiffs,

           -against-

ACE WASTE OIL, INC., et al,
               Third-Party Defendants.
---------------------------------------------------------X

James Orenstein, Magistrate Judge:

**I.    DEADLINES AND COURT APPEARANCES AS TO CROSSCLAIMS BETWEEN DEFENDANTS AND THIRD-PARTY CLAIMS:**

       Pursuant to Court Order, Third Party Defendants ("TPDs") have been permitted to postpone their response to the Third Party Complaint until after a decision is rendered in a motion pending in *DMJ Associates, L.L.C. v. Capasso, et al.,* 1:97-cv-07825-DLI-RML (the "DMJ Action"). That motion having not yet been decided, all contribution counterclaims by the TPDs against the Third-Party Plaintiffs ("TPPs"), all cross claims among the TPDs, and all answers to such counterclaims and cross claims are deemed asserted and denied.

       Based on this framework, the Case Management deadlines For Cross Claims (Including Cross-Claims Between The Defendants) and Third-Party claims shall be as follows:

Deadline for Third-Party Rule 26(a)(1) disclosures:          July 1, 2014

First Request for Production of Documents
and First Request for interrogatories in Third-Party Action
due by:                                                             August 1, 2014

| | |
|---|---|
| Cross-Claim and Third-Party Fact Discovery to be Completed: | March 1, 2015 |
| Third-Party Plaintiffs' expert disclosures due by: | April 1, 2015 |
| Third-Party Defendants' expert disclosures due by: | June 1, 2015 |
| All Third Party Discovery, including all expert disclosures under Rule 26(a)(2), if any, to be completed by: | August 1, 2015 |

**CASE MANAGEMENT CONFERENCE**

The next Case Management Conference shall be held on: December 5, 2014

## II. LIAISON COUNSEL FOR THIRD-PARTY DEFENDANTS

1. It appearing to the Court that the appointment of liaison counsel will streamline proceedings, the Court understands that a liaison counsel group has formed among the private third party defendants listed in Appendix A, and a liaison counsel group has formed among the private third party defendants who are listed in Appendix B. As set forth below, all other private third party defendants are to select liaison counsel and/or join a liaison counsel group unless good cause is shown to the Court why a party should not or cannot be a member of a liaison group.

2. No liaison counsel is appointed for the federal third party defendants/United States.

3. Unless they have already done so, within thirty (30) days of the entry of this CMO, the private third party defendants, not listed in Appendix A or Appendix B, with the exception of the federal third party defendants/United States, shall meet and confer as to whether they will form a separate liaison group or if they select and join one of the existing liaison groups of third party defendants.

4. The third party defendants shall promptly provide the Court, liaison counsel, and the federal third party defendants/United State counsel with written notice that the meeting authorized above was held and with the name(s) of the liaison counsel selected and which of the parties' liaison counsel represents. For future status conferences, parties may appear individually or through their liaison counsel; parties which do not attend status conferences will nonetheless be bound by determinations reached during future conferences.

5. The appointment of liaison counsel does not thereby create any attorney-client relationship and the role of liaison counsel shall be limited to (i) monitoring the proceedings

between Plaintiffs and Defendants to insure that the interests of the Third-Parties are protected, and to the greatest extent practicable, participation in proceedings between the Plaintiffs and Defendants as necessary, shall be thru appearances by Liaison Counsel and thru joint submissions prepared by Liaison Counsel. (ii) the receipt of notices, orders, and other papers from the Court, which shall be promptly transmitted to all liaison group members, (ii) the receipt of pleadings, discovery, and discovery responses from the parties, which shall be promptly transmitted to all liaison group members, (iii) the transmittal of intra-group communications, (iv) creation and maintenance of a Master Service List as described below and (v) the coordination with Plaintiffs and Defendants on scheduling and other case management issues if necessary.

6. Each private third party defendant shall pay its *per capita* share of its liaison counsel's disbursements and costs, unless the liaison counsel group decides otherwise. In order to efficiently facilitate reimbursement of such disbursements and costs to liaison counsel, each liaison counsel for the private third party defendants shall develop a mechanism for the prompt submittal, review, challenge and/or approval and payment of liaison counsel invoices, such mechanism to include a strict accounting of all disbursements and costs. If any private third party defendant is delinquent in paying its share of liaison counsel disbursements and costs, liaison counsel shall notify the court and the private third party defendant that has not paid must appear and show cause as to the reason it has not paid.

SO ORDERED:

Dated: _____, 2014
      Brooklyn, New York

_____
JAMES ORENSTEIN
U.S. Magistrate Judge