**Exhibit 1**

to

**Kelley Drye & Warren LLP's Opposition to
Quanta Resources Corporation's Motion to Compel**

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Eastern District of New York

| | |
|---|---|
| Phoenix Beverages, Inc., et al | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 12-CV-3771(PKC)(JO) |
| Exxon Mobil Corporation, et al | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Kelley Drye & Warren, LLP
c/o Stephen Humphreys, 200 Kimball Drive, Parsippany, NJ 07054

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

Please See The Attached Schedule A.

| Place: Arent Fox LLP<br>1675 Broadway, 34th Floor, New York, NY 10019 | Date and Time:<br>10/15/2014 10:00 am |
|---|---|

The deposition will be recorded by this method: By Stenographic & F.R.Civ.P.30(b)(3), Cerified Videographer

☐ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 06/30/2014

CLERK OF COURT                                    OR  *[signature]*

_Signature of Clerk or Deputy Clerk_                          _Attorney's signature_

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*
Quanta Resources Corporation , who issues or requests this subpoena, are:
Arent Fox LLP, Adrienne M. Hollander, Esq., 1675 Broadway, 34th Floor, New York, New York 10019
E-mail: adrienne.hollander@arentfox.com - (212) 492-3301

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 12/13) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 12-CV-3771(PKC)(JO)

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____                           _____
                                                *Server's signature*

                                                _____
                                                *Printed name and title*

                                                _____
                                                *Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| PHOENIX BEVERAGES, INC., RODB LLC, WINDMILL DISTRIBUTING COMPANY, L.P., UP FROM THE ASHES, INC., and other affiliated companies of PHOENIX BEVERAGES, INC.,<br><br>Plaintiffs,<br><br>-against-<br><br>EXXON MOBIL CORPORATION, EXXONMOBIL RESEARCH AND ENGINEERING COMPANY and QUANTA RESOURCES CORPORATION,<br><br>Defendants.<br><br>QUANTA RESOURCES CORPORATION,<br><br>Third-Party Plaintiff,<br><br>-against-<br><br>ACE WASTE OIL, INC.; et al.,<br><br>Third-Party Defendants. | Case No. 1:12-CV-03771 (PKC) (JO) |

**DEFENDANT QUANTA RESOURCES CORPORATION'S RULE
30(b)(6) NOTICE OF DEPOSITION OF KELLEY DRYE & WARREN LLP**

Please take notice that, pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Quanta Resources Corporation ("Quanta") will take the deposition of Kelley Drye & Warren, LLP ("Kelley Drye") on October 15, 2014 at 10:00 a.m. at the offices of Arent Fox LLP, 1675 Broadway, New York, New York, before a notary public or other officer authorized to administer oaths. The deposition will be recorded by stenographic and video means by an officer authorized to administer oaths in the above captioned case.

The examination will pertain to the matters listed in Schedule A attached hereto. Kelley Drye is hereby notified of its obligation under Fed. R. Civ. P. Rule 30(b)(6) to designate one or

more officers, directors, managing agents or other persons to appear and testify at the deposition on Kelley Drye's behalf as to information known or reasonably available to Kelley Drye with respect to all of the matters set forth in Schedule A.  Kelley Drye is requested to identify by September 24, 2014 the person or persons whom it will so designate to appear and testify on Kelley Drye's behalf and the matter or matters as to which each such person is designated to testify.

Dated:   New York, New York
         June 30, 2014

                                      ARENT FOX LLP

                                      By:  /s/ Allen G. Reiter
                                          Allen G. Reiter
                                          Adrienne M. Hollander
                                    1675 Broadway
                                    New York, New York  10019
                                    Phone:  212-484-3900
                                    Fax:  212-484-3990
                                    Email: allen.reiter@arentfox.com
                                                  adrienne.hollander@arentfox.com

                                    *Attorneys for Defendant/Third-Party Plaintiff*
                                    *Quanta Resources Corporation*

## **SCHEDULE A**

### DEFINITIONS

1. "You" or "your" means Kelley Drye.

2. "Defendants" refers to defendants Exxon Mobil Corporation, Exxonmobil Research and Engineering Company ("Exxon") and Quanta.

3. "Plaintiffs" refers to each of plaintiffs Phoenix Beverages, Inc., RODB LLC, Windmill Distributing Company, L.P. and Up From the Ashes, Inc. both individually and collectively, including each merged, consolidated and acquired predecessor, successor, parent, subsidiary, division and affiliate and all past and present officers, directors, employees, agents, servants, representatives of each such entity or individual.

4. The "Quanta Site" refers to the property located at 37-80 Review Avenue, Long Island City, Queens, New York.

5. The "Phoenix Site" refers to the property located at 37-88 Review Avenue, Long Island City, Queens, New York. The Phoenix Site and the Quanta Site are referred to collectively as the "Sites."

6. "DMJ" means DMJ Associates, LLC and any entity its principals own(ed), control(led), or operate(d) that has or has had any connection to the Sites or to the property located at 37-30 Review Avenue, Long Island City, Queens, New York.

7. "Document" shall mean any document and is used in its customarily broad sense to include, without limitation, the following items, whether printed, recorded, microfilmed, or reproduced by any process, or written or produced by hand, and whether or not claimed to be privileged or confidential or personal: letters; memoranda; reports; records; agreements; computer software; working papers; communications (including intradepartmental and interdepartmental communications); correspondence; summaries or records of personal conversations; diaries, reports and notebooks; minutes or records of meetings, conversations or conferences; lists of persons attending meetings or conferences; reports of or summaries of interviews; reports of or summaries of investigations; advertisements; position descriptions; job postings or announcements; applications and related or accompanying documents; resumes; lists of references; background or credit checks; Forms I-9; federal, state and local tax withholding forms; payroll records; drafts of any documents; memoranda; accounts; invoices; tapes; electronic communications, including but not limited to e-mails; telegraphic communications and all other material of any tangible medium of expression; and original, preliminary, or personal notes. Any comment or notation appearing on any document, and not a part of the original text, is to be considered a separate "document."

8. The "Lawsuit" shall mean the lawsuit commenced on July 31, 2012 in the United States District Court for the Eastern District of New York, bearing Case Number CV-12-3771.

9. The "DMJ Litigation" shall mean the lawsuit commenced on December 10, 1997 in the United States District Court for the Eastern District of New York, bearing Case Number CV-97-7285.

3

10. All terms not defined herein shall have their ordinary meaning, unless such terms are defined in CERCLA or RCRA, in which case the statutory definitions shall apply.

11. "Including" means "including, but not limited to."

12. The Uniform Definitions in Discovery Requests contained in Rule 26.3 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York are incorporated herein by reference.

## TOPICS

1. Your retention by Plaintiffs, including the date that Plaintiffs first retained you to represent them in any legal capacity, the circumstances surrounding that retention, and the individuals who participated in communications with respect to the initial retention and those who have provided legal services to the Plaintiffs.

2. Plaintiffs' purchase of the Phoenix Site, including who negotiated the purchase and the content of any such negotiations, any due diligence performed prior to the purchase, the terms of the purchase, the purchase price of the Phoenix Site, the market value of the Phoenix Site from the time it was purchased to the present, any "stigma" that is affecting the market value of the Phoenix Site, the identity of the lawyers/law firm who represented Plaintiffs during the transaction, title searches conducted in connection with the purchase, any investigation of the prior uses of the Phoenix Site and conditions at the Phoenix Site made for Plaintiffs or by Plaintiffs prior to their purchase of the Phoenix Site, and any environmental information Plaintiffs obtained as a result of any and all such investigations or otherwise.

3. The July 10, 2002 meeting at the Phoenix Site (the "July Meeting"), including your knowledge of attendees ( including Patrick Simeone, David Kushner, William Dunnell of Haley & Aldrich, Inc. ("Haley & Aldrich") and Barbara Guibord of Fognani, Guibord, Homsy & Roberts, counsel to DMJ), the duration of the meeting, whether the results of any prior environmental testing performed by Haley & Aldrich on the Phoenix Site, including the investigation conducted on October 19, 2000, and details of the DMJ Litigation complaint were

4

discussed and shared with Plaintiffs at the meeting, and any subsequent communications concerning the subjects discussed at the meeting between and among any of Plaintiffs' officers, directors, employees and counsel and between any of them and anyone else.

4. The DMJ Litigation, including when Plaintiffs first learned about it, the allegations made by DMJ in the litigation, the identity of the parties named as defendants in that litigation, the environmental investigations conducted during the course of the litigation, whether any such investigations concerned the Phoenix Site and when Plaintiffs first obtained a copy of any of the litigation papers from that litigation or heard about the claims made by DMJ in that litigation.

5. The May 2002 Administrative Order on Consent referred to in ¶ 67 of Plaintiffs' complaint in this Lawsuit, annexed hereto as Exhibit 1.

6. The nature, form, and subject matter of all communications between you and/or Plaintiffs and DMJ and/or counsel for DMJ, from December 10, 1997 to the present, including communications relating to the "Right of Entry" Agreements onto the Phoenix Site to conduct environmental sampling and testing on the Site, examples annexed hereto as Exhibit 2, all transmittals of the results of any sampling conducted on the Phoenix Site, and Plaintiffs' interest in acquiring the Quanta Site.

7. The September 7, 2000 fax transmittal from David Kushner to John Crowley concerning the planned drilling of MW-8, annexed hereto as Exhibit 3, and any subsequent communications between and among Plaintiffs.

8. The July 11, 2002 letter of transmittal from William Dunnell of Haley & Aldrich to Plaintiffs of the laboratory analysis conducted on the product sample collected from MW-8 located on the Phoenix Site, annexed hereto as Exhibit 4, and any subsequent communications between you and Plaintiffs or among Plaintiffs relating thereto.

9. The August 2, 2002 letter from Barbara Guibord to Daniel Steinway of Kelley Drye, annexed hereto as Exhibit 5, attaching, among other things, Guibord's May 17, 2001 letter to Judge Levy, annexed hereto as Exhibit 6.

10. The July 1, 2005 letter from Steven Humphreys of Kelley Drye to Allen Reiter requesting a tolling agreement, annexed hereto as Exhibit 7, including all facts in Kelley Drye's possession with respect to any contamination of the Phoenix Site and the possible sources of that contamination as of the date of the letter.

11. The information which led Plaintiffs to conclude that contamination on the Phoenix Site was or may have been sourced from the Quanta Site, including: (a) when Plaintiffs first become aware that the Quanta Site was or may be a source of contamination for the Phoenix Site and the information Plaintiffs possessed at that time; (b) the information Plaintiffs obtained during the period from July 2002 through August 2002; (c) the information obtained by Plaintiffs that prompted your July 1, 2005 letter to Quanta (Exhibit 7 hereto) requesting a tolling agreement of Plaintiffs claims; (d) the information Plaintiffs obtained between July 2005 and August 2011, when they requested a meeting with Defendants to discuss settlement of their potential claims prior to bringing the Lawsuit; and (e) the information Plaintiffs obtained between their August 2011 request for a meeting and July 31, 2012 when the Lawsuit was filed.

12. Notification and instructions about preservation of documents sent to Plaintiffs by You, or any other law firm representing Plaintiffs' interests at any time concerning the Lawsuit, including what was instructed to be preserved, when the preservation notification was distributed, who provided the notification, who received the notification, how it was communicated, and how often.

13. The steps that were actually taken by Plaintiffs to preserve documents in connection with the preceding paragraph, the volume of emails and documents forwarded to You

6

in connection with Plaintiffs' preservation and retention obligations, and the extent to which these documents, if any, were produced or logged by You in connection with this Litigation.

  14. Your preparation for this deposition, including the identities of the persons whom you interviewed for responsive information, the communications with those persons, the information that you requested from each person and the information that was provided to you by each person.