**Exhibit 2**

**to**

**Kelley Drye & Warren LLP's Opposition to
Quanta Resources Corporation's Motion to Compel**

```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
PHOENIX BEVERAGES, INC.,      :
et al.,                       :     12-CV-3771 (PKC)(JO)
           Plaintiff,         :
                              :     June 6, 2014
                              :
           V.                 :     Brooklyn, New York
                              :
EXXON MOBIL CORPORATION,      :
et al.,                       :
           Defendant.         :
------------------------------X


      TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
          BEFORE THE HONORABLE JAMES ORENSTEIN
            UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:         MICHAEL GOODSTEIN, ESQ.
                           STACEY MYERS, ESQ.

For the Defendant:         CAMILLE OTERO, ESQ.
                           WILLIAM HATFIELD, ESQ.
                           ALLEN REITER, ESQ.
                           ANDREW ANSELMI, ESQ.
                           JAMES RAY, ESQ.
                           LARRY CLEARY, ESQ.



Court Transcriber:         ARIA SERVICES, INC.
                           c/o Elizabeth Barron
                           102 Sparrow Ridge Road
                           Carmel, NY 10512
                           (845) 260-1377




Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

1  parties may change after we identify what the source
2  is.  And we can't identify what the source is until the
3  delineation that's now undergoing DEP oversight and
4  Golder's work at the site is completed.
5              MR. REITER:  Your Honor, I second -- you'll
6  find this to be a rare circumstance.  I second what Mr.
7  Hatfield has just said, which is that this site has
8  barely been characterized.  We're all waiting for test
9  results.  Those test results will come back to us.
10 They will be submitted -- I'm sorry, it's Allen Reiter.
11             Those test results will be submitted to the
12 DEC.  In all likelihood, the DEC will come back and
13 say, there are some data gaps here and we need them to
14 be filled.
15             THE COURT:  What's the schedule for that?
16             MR. REITER:  I think there is not presently
17 a firm schedule for that.  Material has been gathered,
18 it's been sent to laboratories.  We should probably
19 have the first results within the next month, I would
20 think, but then they have to be given to experts.
21 We'll get more results.  Then they're given to experts
22 who know a lot more about this than we do.
23             THE COURT:  Can I ask something?  We've
24 probably had this conversation before and I apologize,
25 but to what extent are we going to be saying that the

```
 1  rights of the parties are determined by some other
 2  proceeding?  What if they never come back?  What if
 3  they're waiting years?  We're not going to put this
 4  case on hold and you're going to do the work that you
 5  need to do to figure out what your respective rights
 6  are, no?
 7            MR. REITER:  I'm not suggesting that we put
 8  the case on hold.
 9            THE COURT:  I didn't say you were.  To what
10  extent does that schedule control what happens here?
11            MR. REITER:  Without a complete
12  characterization of the site, all the information
13  necessary to know the source and extent of
14  contamination will not be available to us.  And if we
15  don't abide by those results, those test results, we
16  theoretically could go through discovery, have a
17  dispositive ruling, then have those results come in and
18  those results could alter what the Court found, because
19  they're fundamentally different and they would need to
20  be considered in determining liability here.
21            They're also relevant with respect to the
22  RCRA and CERCLA claims, as Mr. Anselmi said, which is
23  that there is case law that says if a state agency such
24  as the DEC is directing a cleanup, that a court ought
25  not to direct a cleanup because there's a deference
```