**Exhibit 4**

**to**

**Kelley Drye & Warren LLP's Opposition to
Quanta Resources Corporation's Motion to Compel**

Case 1:12-cv-03771-PKC-JO   Document 472-4   Filed 12/22/14   Page 2 of 6 PageID #: 10112

3/6/2014        Phoenix Beverage, Inc., et al. v. Exxon Mobil Corp., et al.        Eugene Prashker

Page 292

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

_____

PHOENIX BEVERAGES, INC., RODB LLC,    )
WINDMILL DISTRIBUTING COMPANY, L.P., )
UP FROM THE ASHES, INC., and other    )
affiliated companies of PHOENIX       )
BEVERAGES, INC.,                      ) Case No.
                                      )
                    Plaintiffs,       ) 1:12-CV-03771
         v.                           ) (JKC)(JO)
                                      )
EXXON MOBIL CORPORATION, EXXONMOBIL   )
RESEARCH AND ENGINEERING COMPANY and  )
QUANTA RESOURCES CORPORATION,         )
                                      )
                    Defendants.       )
_____)


Continued Fed.R.Civ.P. (30)(b)(6)

video deposition of

Eugene I. Prashker, Volume II

March 6, 2014  -  9:43 a.m.

--------------------------------------------------------

DIGITAL EVIDENCE GROUP

1726 M Street NW, Suite 1010

Washington, DC  20036

(202) 232-0646

Case 1:12-cv-03771-PKC-JO   Document 472-4   Filed 12/22/14   Page 3 of 6 PageID #: 10113

3/6/2014        Phoenix Beverage, Inc., et al. v. Exxon Mobil Corp., et al.        Eugene Prashker

Page 399

1   North Capasso.

2           Is that correct?

3       A.  That's correct.

4       Q.  And do you agree with me that the

5   amount of LNAPL indicated for Quanta is the

6   largest of the three numbers indicated?

7       A.  That's what it indicates.

8       Q.  And that the number for Phoenix is the

9   smallest number indicated of the three

10  properties?

11      A.  That's what it says.

12      Q.  And that North Capasso is the middle

13  of those three numbers for the three properties.

14          Is that right?

15      A.  That's correct.

16      Q.  I'm wondering if the publication of

17  this report by Golder in 2005 is the first time

18  that Quanta Resources understood that LNAPL from

19  the tank farm on the Review Avenue site had

20  migrated to other properties.

21          MR. REITER:  Objection.

22          Objection to form.

Case 1:12-cv-03771-PKC-JO   Document 472-4   Filed 12/22/14   Page 4 of 6 PageID #: 10114

3/6/2014    Phoenix Beverage, Inc., et al. v. Exxon Mobil Corp., et al.    Eugene Prashker

Page 400

1         And this calls for expert testimony.
2         And it misstates what the Golder
3    report says.
4    A.   Could you repeat the question?
5    Q.   I'm just trying to figure out when in
6    time Quanta Resources realized that
7    contamination from its property had migrated to
8    other properties.
9         Was this the moment?
10        MR. REITER:  Same objection as before.
11   A.   I don't believe that Quanta realizes
12   to this date that that's the case.
13   Q.   Why do you say that?
14        MR. REITER:  Objection, calls for
15   expert testimony.
16        You can answer.
17   A.   It just is talking about what -- the
18   data that they have assembled is summarized
19   herein.
20        (Pause)
21   A.   And it says that -- if that's the
22   case, it says that the LNAPL on the Quanta

Case 1:12-cv-03771-PKC-JO   Document 472-4   Filed 12/22/14   Page 5 of 6 PageID #: 10115

3/6/2014        Phoenix Beverage, Inc., et al. v. Exxon Mobil Corp., et al.        Eugene Prashker

Page 401

1    Resources property was removed 23 years ago.
2         Q.    Where are you reading, Mr. Prashker?
3         A.    It is page 89 at the top.
4               (Pause)
5         Q.    That says the sources were removed,
6    not that the LNAPL itself was removed.
7         A.    No, that's what I said.
8               The sources -- and since the facility
9    was decommissioned in '82 -- well, so that's 23
10   years after '82 --
11              (Pause)
12        Q.    Do you see the next sentence that
13   says:  The following discusses --
14        A.    -- the general distribution -- that's
15   correct.
16        Q.    -- of the LNAPL at and in the vicinity
17   of the Quanta Resources property?
18        A.    That's correct.
19        Q.    So let me ask you the question this
20   way.
21              You have been designated for this
22   30(b)(6) --

Case 1:12-cv-03771-PKC-JO   Document 472-4   Filed 12/22/14   Page 6 of 6 PageID #: 10116

3/6/2014        Phoenix Beverage, Inc., et al. v. Exxon Mobil Corp., et al.        Eugene Prashker

Page 402

1    A.    Yes.

2    Q.    -- to answer questions on behalf of
3    Quanta Resources with respect to topic No. 13 --
4    which is when and how Quanta became aware of the
5    migration of contaminants of concern and/or
6    hazardous substances from the Quanta site to any
7    other property.

8          My question to you is:  When did
9    Quanta become aware of the migration of
10   contaminants of concern and/or hazardous
11   substances from the Quanta site to any other
12   property?

13   A.    And I'm saying that:  Quanta, to this
14   day, does not know that there was migration from
15   its site to other property.

16   Q.    So in Quanta's view, this report is
17   not enough to have made Quanta aware that there
18   is migration from its property to other
19   properties.

20         Is that what you are telling me?

21         MR. REITER:  Objection.

22         You can answer.