**Exhibit 5**

to

**Kelley Drye & Warren LLP's Opposition to
Quanta Resources Corporation's Motion to Compel**

# TOLLING AGREEMENT

This Tolling Agreement is made and entered into by and among Phoenix Beverages, Inc., for itself and on behalf of its predecessors, parents, affiliates and assigns ("Phoenix") and all other signatories to this Agreement, for themselves and on behalf of their predecessors, parents, affiliates and assigns (collectively, the "Potential Defendants" or "PDs"). The PDs and Phoenix are hereinafter collectively referred to as the "Parties."

**WHEREAS,** Phoenix is the owner of property located at 37-88 Review Avenue in Maspeth, Queens, New York (the "Property");

**WHEREAS,** some or all of the PDs entered into an Order on Consent with the New York State Department of Environmental Conservation ("NYDEC") relative to the Quanta Resources Site, located at 37-80 Review Avenue, Maspeth, Queens, New York (Site 2-41-005), Order Index No. W2-0915-03-06 (hereafter the "Order"), which is adjacent to the Property;

**WHEREAS,** Phoenix may have certain claims against the PDs and the PDs may have certain claims against Phoenix (including, without limitation, for response costs, direct and/or indirect damages and/or injunctive relief) in connection with contamination present at, in or under the Property or the Quanta Resources Site (collectively, the "Properties"), under various federal and New York state statutes and/or common law, including, without limitation, the federal Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601 *et seq.*, the Federal Resource Conservation and Recovery Act, 42 U.S.C. §§ 6901 *et seq.*, the New York Navigation Law (commonly known as the New York Oil Spill Act), New York Nav. Law, §§ 170 *et seq.* (collectively, the "Claims); and

**WHEREAS,** the Parties wish to (1) avoid prejudice with respect to the Claims by the expiration of any applicable statute of limitations or the assertion of any defense or argument

relating to any deferral in the filing of any future proceeding or litigation involving the Claims and otherwise preserve the status quo with respect to the Claims and all counterclaims, defenses or arguments relating thereto, except as otherwise provided herein, and (2) explore using non-litigation alternatives to resolve any disputes between the Parties arising out of contamination at, in or under the Properties;

**NOW THEREFORE**, in consideration of the mutual promises and covenants made herein, the Parties agree as follows:

1. In reliance upon this Agreement, the PDs agree not to initiate any litigation against Phoenix during the term of this Agreement concerning the Claims, and Phoenix agrees that it will not initiate any litigation during the term of this Agreement concerning the Claims.

2. All statutes of limitations and/or repose, and any other time limitations for the assertion of the Claims, counterclaims or any applicable defenses, shall be and are tolled as of July 8, 2005 (the "Tolling Date"), and shall be tolled until the date on which this Tolling Agreement terminates. The Parties agree that, with respect to the Claims and applicable defenses, the time between the Tolling Date and the date of termination of this Tolling Agreement shall be excluded from the computation of time for purposes of any defense based on statutes of limitations, and any other defense or right. Upon the termination of this Agreement, the rights of Phoenix and the PDs with respect to the Claims, counterclaims and any applicable defenses (including, but not limited to statutes of limitations, laches, estoppel, waiver, and any other time-based defense or right) shall be the same as they were immediately prior to the Tolling Date, and any time periods tolled by this Agreement shall resume running.

tolling agreement - version 2 (2).doc

PBQE00219758

3. This Agreement shall terminate only upon the earlier of (i) October 7, 2005 or (ii) 30 days' prior written notice given by one of the Parties to each of the other Parties. In the event that such written notice is given, the limitations period applicable to the Claims and applicable defenses shall be governed by the terms contained in Paragraph 2, above.

4. The PDs hereby represent and warrant that none have initiated any litigation proceeding of any type whatsoever against Phoenix relating to the Claims and Phoenix hereby represents and warrants that it has not initiated any litigation proceeding of any type whatsoever against the PDs relating to the Claims.

5. This Tolling Agreement does not constitute (1) any admission or acknowledgement of liability on the part of any party to this Agreement, or (2) any admission or acknowledgement on the part of any party that any statute of limitations, or similar defense concerning the timeliness of commencing a civil action, is applicable to the Claims, and the Parties preserve all rights to argue that any applicable statute of limitations had expired as of the Tolling Date.

6. This Tolling Agreement contains the entire Agreement between the Parties. No statement, promise or inducement made by any party to this Agreement that is not set forth in this Agreement will be valid or binding. This Tolling Agreement may not be modified except in writing signed by all Parties.

7. The signatories to this Tolling Agreement are authorized to execute this Agreement, and each party recognizes and acknowledges the authority of the other to execute this Tolling Agreement.

8. This Agreement may be executed in counterparts, and each counterpart so executed shall be deemed to be an original.

9. This Tolling Agreement shall be governed by, and construed in accordance with, the laws of the State of New York, without giving effect to choice of law principles.

PHOENIX BEVERAGES, INC.

By: _____
Name: Gregory M. Brown, Esq.
Title: Attorney for Phoenix Beverages, Inc.

Dated: July 8, 2005

EXXON MOBIL CORPORATION

By: *Mark A. Zuschek* /s/
Mark A. Zuschek, Esq.
Title: Attorney-at-Law, Exxon Mobil Corporation

Dated: July 7, 2005

tolling agreement - version 2 (2)1

PBQE00219761

United Technologies Corporation

By: _____
Name: James P. Ray
Title: Its Attorney

Dated: 7/7/05

tolling agreement - version 2 (2).doc

PBQE00219762

The Stanley Works

By: *[signature]*

Name: IRVIN M FREILICH

Title: Attorney for The Stanley Works

Dated: July 7, 2005

tolling agreement - version 2 (2) (3)

PBQE00219763

Quality Carriers, Inc. (as Successor to Chemical Leaman Tank Lines, Inc.)

By: _____
Name: Bonni F. Kaufman
Title: Counsel

Holland & Knight LLP
2099 Pennsylvania Avenue NW
Suite 100
Washington, DC 20006
202 419 2547
202 955 5564
Bonni.kaufman@hklaw.com

Dated: July 7, 2005

tolling agreement - version 2 (2) (2).doc

PBQE00219764

BASF Corporation

By: *[signature: Steven J. Goldberg]*
Name: Steven J. Goldberg
Title: Vice President and Assoc. General Counsel
Regulatory Law and Government Affairs

Dated: July 7, 2005

tolling agreement - version 2 (2)

PBQE00219765

PROCTER & GAMBLE HAIRCARE LLC (CLAIROL, INC.)

By: _Reed W. Neuman_
Name: REED W. NEUMAN
Title: COUNSEL

Dated: 7-7-05

tolling agreement - version 2 (2).doc

PBQE00219766

General Dynamics Corporation

By: _____
Name: *Hoesten W. Bernstein*
Title: Counsel

Dated: 7/7/05

PBQE00219767

QUANTA RESOURCES, INC.

By: _____
Name: Allen G. Reiter
Title: Attorney

Dated: July 7, 2005

#1748386S v1 - phoenix tolling agreement

PBQE00219768

For
**Ingersoll-Rand Company**

By: *Dennis M Reznick*
Name: DENNIS M. REZNICK
Title: PARTNER, Edwards + Angell, LLP
Attorneys for Ingersoll-Rand Company, authorized to execute this Tolling Agreement upon its behalf.
Dated: July 7, 2005

tolling agreement - version 2 (2)

PBQE00219769

By: _Kevin A. Gaynor, Attorney for Rockwell Automation, Inc._
  Name:
  Title:

Dated: 7/7/05

PBQE00219770