# Arent Fox

**Arent Fox LLP** / Attorneys at Law
Los Angeles, CA / New York, NY / San Francisco, CA / Washington, DC
www.arentfox.com

January 12, 2015

<u>**VIA ELECTRONIC FILING**</u>

Magistrate Judge James Orenstein
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Allen G. Reiter**

Partner
212.484.3915 DIRECT
212.484.3990 FAX
allen.reiter@arentfox.com

Re: *Phoenix Beverages, Inc., et al. v. Exxon Mobil Corp., et al.*, CV-12-3771 (PKC)(JO)

Dear Magistrate Judge Orenstein:

      I write on behalf of Defendants and Third Party Defendants in the above action to request an extension of the fact discovery deadline. Pursuant to Your Honor's November 7, 2014 Second Amended Case Management and Scheduling Order, the deadline for fact discovery is presently February 13, 2015. We believe that extraordinary circumstances warrant the requested extension. All of the parties recognize the need for additional time to complete fact discovery, disagreeing only about the length of the required extension and whether that extension should lead to adjustments to the post-fact discovery deadlines.

      The attorneys for Quanta, Exxon, the Government and liaison counsel for the third-party defendants believe that fact discovery should continue until April 17, 2015, and that the dates for subsequent events should be similarly extended. Plaintiffs are willing to agree to an extension of the time in which to take fact witness depositions until March 27, 2015, so long as the other deadlines in the Court's November 7, 2014 Second Amended Case Management and Scheduling Order remain unchanged. The schedule proposed by Quanta, Exxon, the Government and liaison counsel for the Third-Party Defendants (the "Proposed Third Amended CMO") is contained in Attachment A. All parties, with the exception of Plaintiffs, have significant concerns about the allocation of resources if fact and expert discovery continue on parallel tracks. In addition, as Your Honor ordered in the June 6, 2014 Status Conference, the Proposed Third Amended CMO reflects that fact discovery will not include deposition discovery relevant to environmental characterization, a topic that will instead be subject to the expert discovery deadline. *See* June 6, 2014 Status Conference at 75:7-76:21 (Attachment B). Further, to provide time for the parties to take rebuttal expert depositions, Defendants have explicitly proposed a deadline for the close of expert depositions.

      <u>**Circumstances Necessitating The Requested Extension**</u>

      First, as a result of Plaintiffs' Motion for a Preliminary Injunction, filed on October 27, 2014 (the "PI Motion") (Dkt. Entries 421-438), Quanta and Exxon were required to divert

555 West Fifth Street, 48th Floor
Los Angeles, CA 90013-1065
T 213.629.7400  F 213.629.7401

1675 Broadway
New York, NY 10019-5820
T 212.484.3900  F 212.484.3990

55 Second Street, 21st Floor
San Francisco, CA 94105-3470
T 415.757.5500  F 415.757.5501

1717 K Street, NW
Washington, DC 20036-5342
T 202.857.6000  F 202.857.6395

**Arent Fox**

significant resources toward the preparation of their opposition papers, which they submitted to the Court on an expedited basis on November 10, 2014 (Dkt. Entries 444-459).  The parties were further required to appear for oral argument before Judge Chen on November 19, 2014, the same day that Exxon's 30(b)(6) deposition had been scheduled.  Although one deposition was conducted during the pendency of the PI Motion, further fact discovery was held in abeyance.

Second, subsequent to the argument on the PI Motion, it has been extremely difficult to reschedule depositions because of prior personal and professional commitments of the many attorneys in this case, as well as the prior commitments of witnesses.  Although the parties continue to be flexible, it has become impossible to schedule the remaining depositions in the remaining time.

Third, during the course of ongoing discovery, additional witnesses have been uncovered whose depositions must now be scheduled.  Further, due to the age and health of certain of the witnesses (one of whom is 86 years old), some depositions cannot be conducted on consecutive days.  This has further aggravated the parities' ability to adhere to the preexisting fact discovery deadline of February 13, 2015.

Fourth, as discovery continues into the winter months, inclement weather issues can impede travel and thus requires some built in flexibility in case further rescheduling of depositions must occur.

**Status of Depositions**

Depositions taken since the last case status conference consisted of the following:

- The individual deposition of non-party William Dunnell was conducted on October 8, 2014;

- The Rule 30(b)(6) Deposition of non-party One Stop was conducted on October 14, 2014;

- The individual deposition of Eugene Prashker was conducted and concluded on October 20 and December 5, 2014;

- The Rule 30(b)(6) Deposition of non-party Pinnacle Realty was conducted on October 30, 2014;

- The first day of Quanta's Rule 30(b)(6) Deposition of Exxon Mobil Corp. was conducted on December 10, 2014;

- The completion of the individual deposition of Patrick Simeone was conducted on December 18, 2014.

The Parties have agreed to the taking of the following fact witness depositions on the following dates, subject, of course, to the Court's approval for those now proposed to be taken after February 13:

- Continuation of Quanta's Rule 30(b)(6) Deposition of Exxon Mobil Corp. on January 26-27, and February 6, 2015;

- Individual deposition of John Crowley on February 3-4, 2015;

**Arent Fox**

January 12, 2015
Page 3

- Individual deposition of Sherry Schlangel on February 11-12, 2015;

- The Rule 30(b)(6) deposition of Kelley Drye & Warren on February 26-27, 2015;

- Individual deposition of non-party Daniel Steinway on March 6, 2015;

- Individual deposition of non-party Eugene D'Ablemont[1] on March 19, 2015.

In addition, the parties have discussed the depositions of the following fact witnesses, and are working on determining dates for these depositions to continue and/or proceed:

- Continuation of Rule 30(b)(6) deposition of Quanta on financial condition (proposed to be taken on March 2, 3 or 4, 2015);

- Individual deposition of Ramsey DiLibero;

- Individual deposition of Jerry Rubenstein;

- Individual deposition of Alan Lentz;

- Individual deposition of non-party Chris Drewes (proposed to be taken during the week of March 16, 2015);

Despite the parties' best efforts, we are unable to meet the February 13, 2015 fact discovery deadline.  We therefore respectfully request that Your Honor enter a Third Amended CMO with the dates reflected in Attachment A.

Respectfully submitted,

/s/ Allen G. Reiter

Allen G. Reiter

cc:  All Counsel of Record (via ECF)

---

[1] The parties have agreed to set placeholder dates for the depositions of Eugene D'Ablemont and W. Christian Drewes, who are attorneys employed by Kelley Drye & Warren LLP, which serves as legal counsel for Phoenix and its affiliated companies.  Mr. D'Ablemont and Mr. Drewes have provided Quanta's counsel with written objections to the subpoenas for their testimony and may seek a protective order to prevent these depositions from going forward..

Attachment A

## Proposed Modifications To Case Management and Scheduling Order

I. <u>DEADLINES AND COURT APPEARANCES:</u> The following schedule applies with respect to discovery pertinent to the claims and defenses of all parties, including third parties, concerning the contamination of the Phoenix Site and the extent of the plaintiffs' resulting damages; discovery and other pretrial deadlines pertaining exclusively to claims or defenses concerning contamination of the Quanta Site (to the extent such matters remain in controversy), will be addressed in a further scheduling order to be discussed at the pretrial conference scheduled below.

| | |
|---|---|
| Fact discovery to be complete by (deposition discovery relevant to environmental characterization of the Phoenix Site and adjacent sites will be subject to the September 10, 2015 expert discovery deadline): | April 17, 2015 |
| <u>Status Conference</u> (with joint status report due two business days in advance): | April 21, 2015 at 11:00 a.m. |
| All parties' affirmative expert disclosures under Rule 26(a)(2), if any, to be produced by: | June 1, 2015 |
| All parties' rebuttal expert disclosures due: | July 15, 2015 |
| All expert depositions to be completed by: | September 10, 2015 |
| <u>Status Conference:</u> | September 11, 2015 at 11:00 a.m. |
| <u>Pretrial Conference</u> (*ex parte* statements of settlement position due via email two business days in advance): | September 30, 2015 at 11:00 a.m. |
| Dispositive motion process started on or before: | October 9, 2015 |
| Joint pretrial order due by: | December 18, 2015 |

Attachment B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
PHOENIX BEVERAGES, INC.,      :
et al.,                       :        12-CV-3771 (PKC)(JO)
            Plaintiff,        :
                              :        June 6, 2014
                              :
            V.                :        Brooklyn, New York
                              :
EXXON MOBIL CORPORATION,      :
et al.,                       :
            Defendant.   :
------------------------------X


TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
BEFORE THE HONORABLE JAMES ORENSTEIN
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          MICHAEL GOODSTEIN, ESQ.
                            STACEY MYERS, ESQ.


For the Defendant:          CAMILLE OTERO, ESQ.
                            WILLIAM HATFIELD, ESQ.
                            ALLEN REITER, ESQ.
                            ANDREW ANSELMI, ESQ.
                            JAMES RAY, ESQ.
                            LARRY CLEARY, ESQ.



Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            102 Sparrow Ridge Road
                            Carmel, NY 10512
                            (845) 260-1377



Proceedings recorded by electronic sound recording,
transcript produced by transcription service

```
 1   it goes to cross-claims (ui).

 2             THE COURT:  Overall fact discovery for the

 3   trial of what happened at Phoenix.

 4             MR. ANSELMI:  Exxon Mobil submitted in their

 5   proposed order, which would be March 1, 2015.

 6             THE COURT:  That's not going to happen, sir.

 7             MR. BERNSTEIN:  Your Honor, Mr. Bernstein.

 8   May I just clarify one issue, which I think the parties

 9   agree on.  And that is that fact discovery does not

10   include fact discovery with respect to technical issues

11   that are ongoing and that be part of the expert

12   deadline, whatever the expert deadline is.

13             THE COURT:  I wanted to do this in a way

14   that makes sense and I don't suspect there's going to

15   be a lot of disagreement about this, but put some flesh

16   on the bone there.

17             MR. BERNSTEIN:  That the deadline for fact

18   discovery --

19             THE COURT:  I understand the concept but

20   what falls on one side of the line -- on the expert

21   side of the line?

22             MR. BERNSTEIN:  All of the data that is

23   being generated as a result of -- or will be generated

24   as a result of the New York DEC overseeing

25   investigation will come in over a period of months --
```

```
 1              THE COURT:  So basically --

 2              MR. BERNSTEIN:  -- and then be subject to

 3   expert testimony.  So what we're saying -- what I'm

 4   saying is that I think that the fact discovery would

 5   cover all facts other than the facts that are relevant

 6   to the expert testimony, and those facts would come in

 7   as part of the expert testimony.

 8              THE COURT:  Analysis of the chemical

 9   composition of certain fluids.

10              MR. BERNSTEIN:  Yes, your Honor.

11              THE COURT:  Okay.  Anybody disagree with

12   that?  It makes sense to me.  Okay, good.  Yes, I agree

13   with that.

14              Let's shoot for mid-November for fact

15   discovery.  I'll give you a date.  I don't have my

16   calendar handy.  Give me a date mid-November,

17   definitely before Thanksgiving.

18              THE CLERK:  November 21st.

19              THE COURT:  Okay, November 21st to complete

20   all fact discovery with the caveat that Mr. Bernstein

21   mentioned.  I hope we won't need to come back but don't

22   be shy about saying, we've done what we can.  I'm

23   confident that you folks are all working very hard to

24   try and get this done.  Give me as much head's up as

25   you can if you feel this turns into an unrealistic
```