FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ AUG 1 5 2017 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ X

PHOENIX BEVERAGES, INC. et al., : **NOT FOR PUBLICATION**

       Plaintiffs, :

v. : **MEMORANDUM DECISION AND ORDER**

EXXON MOBIL CORPORATION, EXXONMOBIL
RESEARCH AND ENGINEERING COMPANY, and :
QUANTA RESOURCES CORPROATION,   12 Civ. 3771(AMD) (JO)

       Defendants. :

───────────────────────────────── :

EXXON MOBIL CORPORATIONS and QUANTA :
RESOURCES CORPORATION,

       Third-Party Plaintiffs, :

ACE WASTE OIL, INC., et al. :

       Third-Party Defendants. :

------------------------------------------------------------ X

**ANN M. DONNELLY**, District Judge.

  The plaintiffs, Phoenix Beverages, Inc. and its affiliated companies, initiated this action on July 31, 2012 against Exxon Mobil Corporation, ExxonMobil Research and Engineering Company, and Quanta Resources Corporation ("Quanta"), alleging that hazardous substances on the defendants' property migrated to the plaintiffs' property and contaminated it. The defendants filed a third-party complaint against several other companies seeking contribution.[1] Before the

---

[1] The third-party defendants are: AVCO Corporation, Conoco Phillips Company, Crosman Corp. (f/k/a Coleman Airguns, Inc.) (f/k/a Crosman Arms Company, Inc.), Crown Cork & Seal Company, Inc., Kraft Foods Global, Inc. (f/k/a Ware Chemical), Novelis Corporation (f/k/a ALCAN Aluminum Corporation) (a/k/a ALCAN Sheet & Plate), Peabody International Corporation, Proctor & Gamble Haircare LLC (f/k/a Clairol, Inc.), Revere Copper Products,

1

Court is Quanta's motion objecting to the United States Magistrate Judge James Orenstein's order granting the third-party defendants' motion to compel Quanta to produce certain documents. For the reasons that follow, I affirm Judge Orenstein's order.

## BACKGROUND

On March 30, 2015, the third-party defendants filed a motion to compel the production of documents that Quanta's President, Sherry Schlangel, referenced at her deposition. (ECF 490.) The third-party defendants asked for four categories of documents:

> [1] All writings containing factual information related to the conditions at the Quanta Site during periodic inspections about which the witness testified;
>
> [2] documents on tax opinions Waste Recovery received from Paribas;
>
> [3] Any and all financial and transactional documents between Paribas and Waste Recovery Inc., and between Waste Recovery Inc., and Quanta Resources Corp., regarding requests for loans, and all back-up documentation, as well as all promissory notes related to same; and
>
> [4] Any correspondence between Paribas and Waste Recovery, Inc. or Quanta Resources Corp. related to requests for funding, assessments, legal fees and/or expenses, financial issues and tax-related issues, concerning the 37-80 Review Avenue, Long Island City Property.

According to the third-party defendants, these documents were relevant to Quanta's liability, its ability to maintain a contribution action, and the identity of any other "operators" of the contamination site. Quanta opposed the motion, arguing that the documents were not relevant to any of the claims or defenses at issue in the case, and would be unduly burdensome to produce. The parties briefed the issues and Judge Orenstein held oral argument on December 17, 2015, at which time he granted the motion to compel Quanta to produce the four categories of documents.

---

Inc. (a/k/a Revere Copper Brass Incorporated), Rexam Beverage Can Company (f/k/a National Can Company) (f/k/a American National Can Company), River Terminal Development (Scrap Yard Division) (a/k/a RTC Properties) (f/k/a Union Mineral & Alloys Corp.), Sunoco, Inc. (alleged to be a/k/a Sun Oil Refinery) (f/k/a Sun Oil Co), United Site Services, Inc., and Waste Management of Maryland, Inc.

(ECF 521; 528-1.) In an order dated February 1, 2016, Judge Orenstein clarified that the previous discovery order required Quanta to produce attorneys' time records and correspondence pertaining to Quanta's legal fees and the nature of the legal work that was performed on its behalf.

On January 8, 2017, Quanta objected to portions of the discovery order. (ECF 527.) Quanta claimed that it substantially complied with the order, but objected to disclosing documents responsive to categories three and four because, according to Quanta, the categories are not relevant to the question of "operator liability" under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA") and the Resource Conservation and Recovery Act ("RCRA"). Quanta also argued that producing attorney time records and correspondence was unduly burdensome and disproportionate to the needs of the case.[2]

Up until this point, I declined to review Quanta's objections to Judge Orenstein's order because in several submissions to the Court, the parties indicated that they were close to settling the case and had "collected all of the signatures required to fully execute the comprehensive settlement agreement." (*See e.g.*, ECF 562, 564, 565, 566, 575.) However, almost two years have passed and the parties have not filed a stipulation of dismissal. Therefore, I find it necessary to address the outstanding objections.

## DISCUSSION

Under the Federal Magistrates Act, 28 U.S.C. § 636, and Rule 72 of the Federal Rules of Civil Procedure, "[a] magistrate judge is authorized 'to make findings as to non-dispositive pretrial matters, such as discovery matters, which may not be disturbed by a district judge absent a

---

[2] Quanta also argues that the materials are protected by the attorney client privilege. However, Quanta did not raise this argument before Judge Orenstein, and therefore, it is waived. *See Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851, 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) ("In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.").

3

determination that such findings were clearly erroneous or contrary to law.'" *Alcantara-Flores v. Vlad Restoration Ltd.*, No. 16-cv-3847, 2017, WL 1655187, at * 2 (E.D.N.Y. May 2, 2017). An order is clearly erroneous only if, based on all the evidence, a reviewing court "is left with the definite and firm conviction that a mistake has been committed." *In re Gordon*, 780 F.3d 156, 158 (2d Cir. 2015) (internal quotation marks omitted). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Ingenito v. Riri U.S.A.*, No. 11-CV-2569, 2015 WL 9412541, at *5 (E.D.N.Y. Dec. 22, 2015) (citation and internal quotation marks omitted).

Under this "highly deferential" standard, magistrate judges are "afforded broad discretion in resolving discovery disputes, and reversal is appropriate only if that discretion is abused." *Shipkevich v. Staten Island Univ. Hosp.*, No. 08-cv-1008, 2012 WL 4442621, at *1 (E.D.N.Y. Sept. 25, 2012); *McNamee v. Clemens*, No. 09-CV-1647, 2014 WL 1338720, at *2 (E.D.N.Y. Apr. 2, 2014). Thus, "a party seeking to overturn a discovery order bears a heavy burden." *Gorman v. Polar Electro, Inc.*, 124 F. Supp. 2d 148, 150 (E.D.N.Y. 2000).

In the discovery order at issue in this case, Judge Orenstein made the sensible decision that the third and fourth categories of document requests were relevant to the question of operator liability under the CERCLA and RCRA because they concern whether Quanta—or its corporate parents—were the "decision makers" in cleaning up the contamination cite. (See ECF 528-1, at 22.) According to Judge Orenstein, "notwithstanding Ms. Schlangel's testimony that she's making these decisions, [] there's clearly a basis for seeking discovery beyond those answers because of the nature of the answers." (*Id.* at 33.) Presumably, if Quanta's corporate parents were the ultimate decision makers, they may be liable under the CERCLA and RCRA, as well.

4

In its objections, Quanta argues that the documents are not relevant to "operator liability" because only an entity that was directly involved in the management and operation of the facility during the time of the contamination can be held liable. According to Quanta, because its corporate parents were involved only in remediation efforts, they cannot be considered "operators," and therefore, the discovery is not relevant.

Quanta is correct that an entity is liable under the CERCLA if "*at the time of disposal* of any hazardous substance [it] owned or operated any facility at which such hazardous substances were disposed of." 42 U.S.C.A. § 9607(a)(2) (emphasis added). "The Second Circuit has held that the Supreme Court's 'sharpened construction' of the term 'operator' . . . implies a level of control over the hazardous substances at issue," but does not require a finding that the party directly participated in the day-to-day activities at the hazardous cite. *See Town of Islip v. Datre*, 16–CV–2156, 2017 WL 1157188, at *20 (E.D.N.Y. March 28, 2017).

The third-party defendants have requested the discovery to determine who made "the decision not to abate the contamination at the Quanta site for over 30 years," and who operated the cite "during the time period when Plaintiffs allege discharges and contaminants migrat[ed] from the Quanta Site." (Pls.' Opp. at 19; Third-Party Opp. at 11.) Thus, as Judge Orenstein held, the discovery will show whether Quanta's corporate parents contributed to the continued contamination. Judge Orenstein's decision is neither clearly erroneous or contrary to law. In fact, I agree with Judge Orenstein that the discovery sought is both relevant and proportionate.

## CONCLUSION

For the above reasons, I affirm Judge Orenstein's discovery order in full.

**SO ORDERED.**

s/Ann M. Donnelly
_____
Ann M. Donnelly
United States District Judge

Dated: Brooklyn, New York
August 14, 2017