ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - X
PHOENIX BEVERAGES, INC., RODB LLC, WINDMILL
DISTRIBUTING COMPANY, L.P., UP FROM THE ASHES,
INC.,  and other affiliated companies of
PHOENIX BEVERAGES, INC.,

               Plaintiffs,

    - against -

EXXON MOBIL CORPORATION, EXXONMOBIL RESEARCH
AND ENGINEERING COMPANY and QUANTA RESOURCES
CORPORATION,
               Defendants.
- - - - - - - - - - - - - - - - - - X
QUANTA RESOURCES CORPORATION,

               Third-Party Plaintiff,

    -against-

ACE WASTE OIL, INC, *Et Al.,*

               Third-Party Defendants.
- - - - - - - - - - - - - - - - - - - - - X

Civil Action No.
CV-12-3771
(Donnelly, J.;
Orenstein, M.J.)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★  OCT 3 0 2017  ★

BROOKLYN OFFICE

## CONSENT JUDGMENT

This Consent Judgment (the "Consent Judgment") is entered into between Plaintiffs
Phoenix Beverages Inc., RODB LLC, Windmill Distributing Company, L.P., Up From the Ashes
Inc., and the other affiliated companies of Phoenix Beverages, Inc. that are signatories to this
Agreement (collectively, "Phoenix"), and Third-Party Defendants the United States of America,
United States Army, Navy, Air Force, Coast Guard and Department of Defense ("Federal Third-
Party Defendants").

**Whereas,** on July 31, 2012, Phoenix sued Exxon Mobil Corporation and ExxonMobil
Research and Engineering Company (collectively, ("ExxonMobil") and Quanta Resources
Corporation ("Quanta") by filing a Complaint (Index Number 12-CV-3771) in the United States
District Court for the Eastern District of New York (the "Phoenix Litigation"); and

**Whereas,** in the Phoenix Litigation, Phoenix asserts claims under the Comprehensive
Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. §9601 et seq.,
the Resource Conservation and Recovery Act, ("RCRA"), 42 U.S.C. §6901 et seq., the New York

*Consent Judgment in Civil Action No. CV-12-3771*

Navigation Law §181(5) and New York State common law claims arising out of nuisance, trespass, negligence, and strict liability, and seeks declaratory relief, cost recovery, injunctive relief, damages and attorneys' fees incurred in response to the alleged presence of hazardous substances at and under the real property located at 37-88 Review Avenue, Long Island City New York (the "Phoenix Property"); and

**Whereas,** Phoenix alleges that hazardous substances migrated and continue to migrate to the Phoenix Property from the real property located adjacent to the Phoenix Property at 37-80 Review Avenue, Long Island City, New York (the "Quanta Property"); and

**Whereas,** Phoenix alleges that Quanta, as a former owner and operator of the Quanta Property, is liable for the migration of hazardous substances from the Quanta Property to the Phoenix Property; and

**Whereas,** Phoenix alleges that ExxonMobil, as a generator of hazardous substances sent to the Quanta Property, is liable for the migration of hazardous substances from the Quanta Property to the Phoenix Property; and

**Whereas,** Quanta and ExxonMobil have asserted cross claims against each other and counterclaims against Phoenix arising out of the alleged presence of hazardous substances on the Phoenix Property; and

**Whereas,** on or about July 1, 2013, ExxonMobil filed a Third-Party Complaint against the Federal Third-Party Defendants and other Third-Party Defendants ("Private Third Party Defendants")(collectively "the Third-Party Defendants"), alleging that those parties generated or transported hazardous wastes or other hazardous substances that were delivered for disposal or treatment to the Quanta Property, and that to the extent that Phoenix recovered on its claims that these materials migrated to the Phoenix Property, the Third-Party Defendants were responsible for their fair share of those claims; and;

**Whereas,** on or about July 1, 2013, Quanta filed a Third-Party Complaint against the parties identified on Attachment C (the "non-QSAG Third-Party Defendants"), which includes certain Private Third-Party Defendants and the Federal Third-Party Defendants, alleging that those parties generated or transported hazardous wastes or other hazardous substances that were delivered for disposal or treatment to the Quanta Property, and that to the extent that Phoenix recovered on its claims that these materials migrated to the Phoenix Property, the non-QSAG Third-Party Defendants were responsible for their fair share of those claims; and

**Whereas,** on May 12, 2016, the Federal Third-Party Defendants filed answers to the Quanta Third Party Complaint and the ExxonMobil Third Party Complaint (Dkts. 558, 559 respectively) denying all allegations; and

**Whereas,** to the extent that Phoenix has claims against the Federal Third-Party Defendants related to contamination at or under the Phoenix Property, these claims are hereby deemed asserted and resolved by this Consent Judgment in accordance with the terms herein; and

**Whereas,** the "Quanta Site Administrative Group" or "QSAG", which includes ExxonMobil, Quanta and certain Private Third-Party Defendants, allege that they have paid and

*Consent Judgment in Civil Action No. CV-12-3771*

will pay certain amounts to remediate the contaminated conditions at the Quanta Property and an adjacent property located at 37-30 through 37-32 Review Avenue, Long Island City, New York (the "North Capasso Property") and that they are continuing to fund said remediation, which is being conducted pursuant to Brownfield Site Cleanup Agreements W2-1076-05-09 and W2-1078-05-09, and that they have paid and will incur costs related to the Phoenix Property as part of the approved Site Management Plan for the Quanta Property and the North Capasso Property; and

**Whereas**, Quanta and certain Third-Party Defendants allege that ExxonMobil is liable for contamination arising out of its former operations on the Phoenix Property and the real property located adjacent to the Phoenix Property at 38-20 Review Avenue, Long Island City, New York (the "LeNoble Property"); and

**Whereas**, the Federal Third-Party Defendants contend that the Phoenix Property and the LeNoble Property were formerly owned and operated by ExxonMobil's predecessor as part of a facility referred to as the Former Pratt Oil Works (the "FPOW") more fully described as Block 312, Lots 79; 89, 300, 309, 315, 330, 343, 349, 350, 362, 500, 1362, and 1367 in Long Island City, Queens, New York, which has been subdivided and no longer has one address constituting the entire FPOW; and

**Whereas**, on or about April 12, 2016, ExxonMobil Oil Corporation signed a consent order with the New York State Department of Environmental Conservation (the "NYSDEC") (Case Number D2-1002-12-07AM-2) regarding the implementation of remedial measures for certain portions of the FPOW (the "FPOW Consent Order"), which includes the LeNoble Property (ExxonMobil and ExxonMobil Oil Corporation, are collectively referred to as the "ExxonMobil Parties"); and

**Whereas**, Phoenix, ExxonMobil, Quanta and the Private Third-Party Defendants have agreed to a Confidential Settlement Agreement without any admission of liability or fault that resolved the claims between and among themselves in the Phoenix Litigation, but did not address the claims concerning the Federal Third-Party Defendants in the Phoenix Litigation, in which (a) Phoenix agreed, inter alia, to apply for admission, as a Volunteer, as defined in the New York Environmental Conservation Law ("NY-ECL") §27-1405(1)(B), into the New York State Brownfield Cleanup Program for the Phoenix Property and, if approved, to implement a remedial action work plan for the Phoenix Property (the "Phoenix Brownfield Remediation"), (b) QSAG agreed, inter alia, to continue to fund the NYSDEC-approved remedy for the Quanta Property and the North Capasso Property consistent with the Site Management Plans for those properties dated December 2015, and (c) ExxonMobil agreed, inter alia, to investigate and remediate, at its sole cost and expense, the contamination of the LeNoble Property pursuant to the FPOW Consent Order ("ExxonMobil Lenoble Property Work");

**Whereas**, Phoenix and the Federal Third-Party Defendants (collectively "the Parties") desire to resolve the claims that could have been brought between Phoenix and the Federal Third-Party Defendants related to Covered Matters in the Phoenix Litigation without further litigation and without a litigated resolution or admission by any party; and

3

*Consent Judgment in Civil Action No. CV-12-3771*

**Whereas**, the Parties agree, and this Court finds, that this Consent Judgment is fair, reasonable, lawful and in the public interest.

**Now therefore, it is ordered, adjudged and decreed:**

## I. PARTIES BOUND

1.     The Parties.  The Parties to this Consent Judgment are Phoenix, and the Federal Third-Party Defendants.

2.     Application of this Consent Judgment.  This Consent Judgment shall apply to, be binding upon, and inure to the benefit of the Parties.  This Consent Judgment shall not extend to or inure to the benefit of any party, person or entity other than the Parties, and nothing in this Consent Judgment shall be construed to make any person or entity not executing this Consent Judgment a third-party beneficiary to this Consent Judgment.

## II. EFFECTIVE DATE

3.     Effective Date.  The Effective Date of this Consent Judgment shall be the date on which this Consent Judgment is entered by the Clerk of the United States District Court.

## III. DEFINITIONS

4.     Definitions.  In addition to the terms defined within the body of this Consent Judgment, whenever the term "Covered Matters" is used in this Consent Judgment, it shall mean contamination at or under the Phoenix Property.

## IV. PAYMENT

5.     Payment by the Federal Third-Party Defendants.

(a) As soon as reasonably practicable after the Effective Date, the Federal Third-Party Defendants will pay a total of two hundred thousand dollars ($200,000) to Hunsucker Goodstein, as legal counsel for Phoenix.

(b) The Federal Third-Party Defendants' payments under this Paragraph shall not constitute or be construed as the assumption of any role in, the undertaking of any legal, contractual, or other responsibility for, or the approval of or concurrence in, any response actions that Phoenix or the QSAG have taken, are now taking or may take in the future with respect to the Phoenix Property, or that ExxonMobil has taken, is now taking or may take in the future with respect to the LeNoble Property.

(c) All payment obligations of the Federal Third-Party Defendants under this Consent Judgment are subject to the availability of appropriated funds applicable for that purpose.  No provision of this Consent Judgment shall be interpreted as or constitute a commitment or requirement that the Federal Third-Party Defendants are obligated to or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. §§ 1341-44 and 1511-19, or any other applicable provision of law.

4

*Consent Judgment in Civil Action No. CV-12-3771*

## V. <u>RELEASES AND COVENANTS NOT TO SUE</u>

6.      <u>Releases and Covenants not to Sue.</u>

(a)      Effective upon receipt by Hunsucker Goodstein PC, as legal counsel for Phoenix, of payment in full from the Federal Third-Party Defendants pursuant to Section IV above, Phoenix and its predecessors, successors, assigns, affiliates, parent companies, subsidiaries and all related entities, including, but not limited to, their officers, directors, shareholders, agents, employees, and servants, covenants not to sue the United States, or any agency thereof, including the Federal Third-Party Defendants, and releases, surrenders, and forever discharges any and all claims and causes of action, in law or in equity, whether known or unknown, against the United States, or any agency thereof, including the Federal Third-Party Defendants, based on CERCLA, RCRA, the New York Navigation Law §181(5) and New York State common law claims arising out of nuisance, trespass, negligence, and strict liability, or any other federal or state statute or common law for Covered Matters. Phoenix further agrees that except for the payment required by this Consent Judgment, it shall not seek or accept payment or reimbursement from, and hereby assert that it has not been paid or reimbursed by, the United States for investigation or remediation of the Phoenix Property, in connection with past, existing, or future contracts or other agreements with, or grants or subsidies funded by or received from, the United States. If Phoenix becomes aware of or is offered any such payment, reimbursement or benefit, it shall promptly give notice of the terms of this Consent Judgment to the individual, agency or other entity that is offering or has provided such payment, reimbursement or other benefit, and shall simultaneously notify the Federal Third-Party Defendants at the address specified below.

(b)      Except as provided in Paragraph 7, the United States, including the Federal Third-Party Defendants, hereby covenants not to sue Phoenix and releases, surrenders, and forever discharges any and all claims and causes of action, in law or in equity, whether known or unknown, against Phoenix based on CERCLA, RCRA, the New York Navigation Law §181(5) and New York State common law claims arising out of nuisance, trespass, negligence, and strict liability, or any other federal or state statute or common law for Covered Matters,

7.      <u>Reservation of Rights by United States.</u> The United States specifically reserves its right to assert any claims or causes of action brought on behalf of EPA or a federal natural resources trustee and nothing in this Consent Judgment shall constitute or be construed as a waiver, limitation or release of any claims or causes of action by the United States to enforce any federal laws or regulations at or in connection with the Phoenix Property. Phoenix specifically reserves any and all claims or defenses with respect to the United States' reservation of rights set forth in this Paragraph, except that Phoenix shall not seek contribution by the United States for the Phoenix Litigation other than the payment required by this Consent Judgment. In addition, the Parties specifically reserve the right to seek judicial enforcement of the terms of this Consent Judgment.

8.      <u>Survivability of Release and Covenant to Sue.</u> The releases and covenants not to sue set forth in the Paragraph 6 shall survive, and are in no way affected by, any termination of the Confidential Settlement Agreement among and between Phoenix, ExxonMobil, Quanta and the Private Third-Party Defendants.

*Consent Judgment in Civil Action No. CV-12-3771*

9.    Third Parties and Reservations of Rights.

(a)    Nothing in this Consent Judgment shall be construed to release or provide contribution protection to any person or entity not executing this Consent Judgment from any liability whatsoever.

(b)    Nothing in this Consent Judgment shall be construed to create any rights in, or grant any cause of action to, any person not a Party to this Consent Judgment. The preceding sentence shall not be construed to waive or nullify any rights that any person not a signatory to this Consent Judgment may have under applicable law.

(c)    Each of the Parties expressly reserves any and all rights (including, but not limited to, any right of contribution), defenses, claims, demands, and causes of action relating in any way to Covered Matters or this Consent Judgment which each Party has and/or may have against any person not a Party hereto. Nothing in this Consent Judgment diminishes the right of the United States pursuant to Section 113(f) of CERCLA, 42 U.S.C. § 9613(f), to pursue any such persons to obtain response costs and to enter into settlements that give rise to contribution protection under Section 113(f)(2).

## VI. **BROWNFIELD REMEDIATION WORK**

10.    The United States shall not be held out as a party to any contract with respect to carrying out the Phoenix Brownfield Remediation Work. Neither Phoenix, nor any contractor or subcontractor thereof, shall be considered an agent or representative of the United States, including the Federal Third-Party Defendants.

## VII. **CLAIM PROTECTION**

11.    Protection Against Claims.

With regard to any claim for costs, damages or other claims against the United States arising out of or in connection with Covered Matters, the Parties acknowledge and agree, and by entering this Consent Judgment, this Court finds, that this settlement constitutes a judicially-approved settlement for purposes of Section 113(f)(2) of CERCLA, 42 U.S.C. § 9613(f)(2), and that the United States is entitled, as of the Effective Date of this Consent Judgment, to contribution protection pursuant to CERCLA section 113(f), 42 U.S.C. § 9613(f), the Uniform Comparative Fault Act, or as may be otherwise provided by law, for Covered Matters, whether by statute or common law, extinguishing the United States' liabilities to persons not a Party to this Consent Judgment. Any rights the United States may have to obtain contribution or otherwise recover costs or damages from persons not a Party to this Consent Judgment are preserved.

## VII. **DISMISSAL OF CLAIMS**

12.    Consistent with the Stipulation of Voluntary Dismissal with Prejudice as to the Federal Third-Party Defendants Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) to be filed with the Court immediately after this Consent Judgment is filed, Phoenix agrees that the any claims that could have been brought related to Covered Matters as to the United States and all of its agencies, including the Federal Third-Party Defendants, are voluntarily dismissed with prejudice, without

6

*Consent Judgment in Civil Action No. CV-12-3771*

costs assessed by the Court against any Party, pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), except that the Court will retain jurisdiction as set forth in Paragraph 21 below.

## VIII. <u>GENERAL PROVISIONS</u>

13.    <u>Complete Agreement</u>.  This Consent Judgment contains the complete agreement between the Parties regarding the subject matter addressed herein and fully supersedes all prior contracts, agreements, understandings, negotiations or discussions, oral or written, relating to the subject matter hereof.  There are no warranties, representations, agreements or understandings, oral or written, relating to the subject matter hereof that are not fully expressed or provided for herein.

14.    <u>Modification</u>.  This Consent Judgment shall not be modified or amended except by mutual written consent of the Parties.

15.    <u>Headings</u>.  Any section and paragraph headings in this Consent Judgment are provided solely as a matter of convenience to the reader and shall not be construed to alter the meaning of any paragraph or provisions of this Consent Judgment.

16.    <u>Governing Law</u>.  This Consent Judgment shall be governed and interpreted in accordance with United States federal law.

17.    <u>Successors and Assigns</u>.  This Consent Judgment shall be binding on any successors and assigns of the Parties.  Any change of ownership, corporate or other legal status of any Party to this Consent Judgment, including, but not limited to, a transfer of assets or real or personal property, shall in no way alter the obligations of any of the Parties under this Consent Judgment.

18.    <u>Effect of Execution and Entry of Consent Judgment</u>.    This Consent Judgment shall not constitute or be construed as an admission of liability by any Party or as an admission of violation of any law, rule, regulation or policy by any Party.  Furthermore, this Consent Judgment shall not constitute or be construed as an admission or denial by any Party with respect to any factual allegation set forth in the complaint or third-party complaints or elsewhere, or with respect to any factual or legal issue that was, or could have been, raised during the litigation.

19.    <u>No Use As Evidence</u>.  This Consent Judgment shall not be admissible as evidence in any proceeding other than: (i) an action, cross-claim, or counterclaim brought by the United States, including the Federal Third-Party Defendants, or the Phoenix Settling Parties, either individually or jointly,  to enforce this Consent Judgment; (ii) an action, cross-claim, or counterclaim brought by the United States, including the Federal Third-Party Defendants, against third parties to recover costs pursuant to sections 107 and 113 of CERCLA, 42 U.S.C. §§ 9607, 9613; or (iii) any proceeding where the United States, including the Federal Third-Party Defendants, seeks to establish that it is entitled to contribution protection.

20.    <u>Non-Parties to This Consent Judgment</u>. Nothing in this Consent Judgment is intended to be, nor shall be construed as a waiver, release or covenant not to sue for any claim or cause of action, administrative or judicial, in law or in equity, which the Parties may have against any

*Consent Judgment in Civil Action No. CV-12-3771*

person, firm, partnership, trust, corporation, or any other entity that is not a Party to this Consent Judgment.

21.    Retention of Jurisdiction. This Court retains jurisdiction over both the subject matter of this Consent Judgment and the Parties for the purpose of enabling any Party to apply to the Court at any time for such further order, direction, and relief as may be necessary or appropriate for the construction or modification of this Consent Judgment or to effectuate or enforce compliance with its terms, or to resolve disputes in accordance with the provisions of this Consent Judgment..

22.    Notices. Whenever, under the terms of this Consent Judgment, written notice is required to be given or a report or other document is required to be sent by one Party to another, it shall be directed to the parties or individuals at the addresses specified on the attachments hereto, unless those individuals or their successors give notice of a change to the other Parties in writing. All notices and submissions shall be considered effective upon receipt, unless otherwise provided herein. Notices addressed to the Federal Third-Party Defendants shall be sent by reliable means of transmission with a certified confirmation of receipt to the sender.

23.    Original Counterparts. This Consent Judgment may be executed in any number of original counterparts, each of which shall be deemed to constitute one agreement. The execution of one counterpart by any Party shall have the same force and effect as if that Party had signed all other counterparts.

24.    Representative Authority. Each signatory to this Consent Judgment hereby certifies that s/he has been duly authorized to enter into this Consent Judgment by the Party on whose behalf the signatory indicates s/he is signing.

25.    Final Judgment. Upon approval and entry of this Consent Judgment by the Court, this Consent Judgment shall be in effect and shall constitute a final judgment between the Parties with respect to the claims resolved by the Consent Judgment, and this action, shall be dismissed with prejudice as to the Federal Third-Party Defendants. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.


**SO ORDERED THIS**  30
**DAY OF** October , **2017.**


    s/Ann M. Donnelly
_____
**HONORABLE ANN M. DONNELLY**
**UNITED STATES DISTRICT JUDGE**

8

*Consent Judgment in Civil Action No. CV-12-3771*

The undersigned parties enter into this Consent Judgment in Civil Action No. CV-12-3771:

For Plaintiffs Phoenix Beverages, Inc., RODB LLC, Windmill Distributing Company, L.P., Up From The Ashes, Inc., and other affiliated companies of Phoenix Beverages, Inc.:

HUNSUCKER GOODSTEIN, PC
*Attorneys for Plaintiffs*
5335 Wisconsin Avenue, N.W.
Suite 410
Washington, DC 20015

By:

MICHAEL D. GOODSTEIN, ESQ.

For Third-Party Defendants United States Department of the Air Force; United States Department of the Army; United States Department of the Coast Guard; United States Department of Defense; United States Department of the Navy; United States of America:

BRIDGET M. ROHDE
Acting United States Attorney
Eastern District of New York
*Attorneys for Federal Third-Party Defendants*

By:

KEVAN CLEARY
Assistant United States Attorney
United States Attorney's Office
Eastern District of New York
271 Cadman Plaza East, 7th Floor
Brooklyn, NY 112011

9